# EXHIBIT B

Troutman Pepper Locke LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613

troutman.com

**Andrea L. Martin**
D 617.239.0113
andrea.martin@troutman.com

June 18, 2026

**VIA EMAIL AND INTERNATIONAL DELIVERY**

Mario Del Gaudio
Via Osasco 75
Torino, Piemonte 10141, Italy
mario@athdesk.me

**Re:    CEASE AND DESIST – Misappropriation of Trade Secrets and Breach of Proprietary Rights Agreement – Magnet Forensics Inc.**

Dear Mr. Del Gaudio:

This firm represents Magnet Forensics Inc. ("Magnet Forensics" or the "Company"). We write to put you on formal notice that your actions constitute serious and willful violations of your binding legal obligations to Magnet Forensics - obligations that survive the expiration of your placement and that this firm intends to enforce to the fullest extent of the law, without hesitation and without limitation.

We demand that you immediately cease and desist from all further disclosure, distribution, or use of Magnet Forensics' confidential information, proprietary technology, and trade secrets, and that you take immediate remedial action as set forth below, including the immediate removal of the blog post published on June 18, 2026 (today) on Paradigm Shift. Failure to comply will result in Magnet Forensics pursuing all available legal remedies against you - including emergency injunctive relief, compensatory and exemplary damages, attorneys' fees, and referral to federal law enforcement - without further notice.

## I.    BACKGROUND

Magnet Forensics is a leading provider of specialized digital investigation tools used by law enforcement, intelligence agencies, and government entities worldwide. The Company develops highly sensitive and proprietary capabilities - including exploit-based tools - that represent the product of substantial investment in research, development, and engineering expertise. The confidentiality and proprietary nature of Magnet Forensics' capabilities is essential to the Company's customers, its competitive position, and the integrity of sensitive investigative operations that depend on those capabilities remaining non-public.

You were placed with Magnet Forensics as an Exploit Engineer through a professional employer organization arrangement commencing November 13, 2023. In that role, you reported directly to Ankit Patel and were assigned to work on some of the Company's most sensitive technical

troutman
pepper locke

---

capabilities. Specifically, internal records confirm that you participated in discussions concerning the discovery, development, implementation strategy, and operational deployment of a proprietary capability internally designated "MSG" - Magnet Forensics' internal name for the capability at issue. You were also assigned to and worked on "Develop A12+ tooling using MSG," directly implicating the technical subject matter addressed in the Publication described below. Your documented participation in the capability's development gave you access to substantial non-public technical information regarding its methodology, architecture, and operational use.

Your placement with Magnet Forensics expired by its terms on November 12, 2024. That expiration did not extinguish - and could not extinguish - the obligations you voluntarily assumed and contractually agreed would survive beyond your placement.

## II.    THE INFRINGING PUBLICATION AND YOUR INVOLVEMENT

On June 18, 2026 (today) a company called Paradigm Shift published a detailed technical blog post titled "Introducing usbliter8: An A12/A13 SecureROM Exploit" at ██████████████ ███████ (the "Publication"). The Publication discloses extensive technical details regarding an A12/A13 SecureROM exploit - the same class of capability you worked on at Magnet Forensics under the MSG designation. The correlation between the technical details in the Publication and Magnet Forensics' proprietary capability is not coincidental.

Magnet Forensics has a reasonable and well-founded basis to conclude that you are directly responsible for, or materially contributed to, this disclosure:

- You had direct access to and documented involvement in the development of the precise capability that is the subject of the Publication during your placement with Magnet Forensics.
- Following the expiration of your placement, you became affiliated with Paradigm Shift - the entity that published the exploit today.
- Most directly: a preserved screenshot obtained by Magnet Forensics links your name and photograph to the @NotHdesk account, which has been identified as an author, contributor, or individual directly associated with the Publication. The @NotHdesk account identifier is also directly connected to your known personal email address, [mario@athdesk.me](mailto:mario@athdesk.me), confirming the link between your identity and that account.

Magnet Forensics' investigation is ongoing. This letter is issued based on the current record and does not represent the outer boundary of the evidence available to the Company.

## III.    YOUR BINDING LEGAL OBLIGATIONS

On October 5, 2023, as a condition of and prior to your placement with Magnet Forensics, you executed a Proprietary Rights, Intellectual Property, and Restrictive Covenants Agreement with Magnet Forensics (the "IP Agreement," attached hereto as **Exhibit A**), countersigned by Angelo Loberto, COO of Magnet Forensics, and subject to the laws of the State of Georgia. The IP Agreement is fully executed, legally binding, and critically, does not expire with your placement. Section 11 of the IP Agreement contains an express, blanket survivability clause providing that "the provisions of this Agreement shall survive any termination of Employee's placement with the

troutman
pepper locke

Company." Accordingly, each of the provisions below was violated by your conduct in connection with the Publication.

- **PROPRIETARY RIGHTS (Sections 3.1–3.3).** All "Materials" – defined broadly to include technical information, know-how, software, secrets, formulas, methods, procedures, processes, discoveries, and inventions relating to the business of the Company – are the "sole and exclusive property of the Company," both during and after your placement. You agreed to hold all Materials "in trust and strict confidence for the Company and its clients, without disclosing such information to any third parties, whether contained in Employee's memory or embodied in writing or other physical form." To the extent you acquired any right, title, or interest in any Materials, you irrevocably assigned all such rights worldwide to Magnet Forensics the moment they arose. The MSG capability and all technical information relating to it fall squarely within the definition of Materials. Your publication – or contribution to the publication – of the usbliter8 exploit is a direct and willful breach of each of these provisions.

- **INTELLECTUAL PROPERTY ASSIGNMENT (Sections 4.1–4.4).** All Company Inventions – defined to include inventions relating to the Company's "current or anticipated research and development" – were irrevocably assigned to Magnet Forensics "from the moment of their creation and fixation in tangible media." You further irrevocably transferred all worldwide patent, copyright, trade secret, and other intellectual property rights in any Company Invention, and you "forever waived and agreed never to assert" any Moral Rights – expressly including any right "to control the publication or distribution of any Company Invention" – even after the termination of your placement. The A12/A13 SecureROM exploit capability you developed and worked on at Magnet Forensics is a Company Invention within the plain meaning of the IP Agreement. Your unilateral decision to publish — or cause the publication of — that capability through Paradigm Shift is a direct violation of your irrevocable assignment and your express, permanent waiver of any right to control its publication or distribution

- **NON-DISCLOSURE (Section 5.1).** You covenanted not to "misappropriate, disclose, transfer, assign, disseminate or otherwise communicate or make available (orally, in writing or otherwise) to any person or entity any Confidential Information." These obligations "survive the termination of Employee's placement with the Company for any reason whatsoever and shall remain in full force and effect so long as the Confidential Information remains confidential." The Confidential Information at issue had not entered the public domain prior to the Publication you authored or contributed to. By disclosing it publicly through Paradigm Shift, you breached Section 5.1 in the most direct manner possible and thereby destroyed that confidentiality.

- **INJUNCTIVE RELIEF AND FEE-SHIFTING (Sections 10.3 and 13).** You expressly acknowledged that breach of these covenants would cause "immediate and irreparable damage" to the Company for which monetary damages would not be a sufficient remedy, and you pre-consented to injunctive relief without any requirement that the Company independently prove the inadequacy of damages. The prevailing party is entitled to recover all costs, expenses, and reasonable attorneys' fees. You signed these provisions voluntarily, with the opportunity to seek legal counsel, and represented that you knew of

no reason why any covenant was not reasonable and enforceable. You are bound by them now.

### IV.    FEDERAL AND STATE TRADE SECRET CLAIMS

Your conduct also constitutes misappropriation of trade secrets under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. ("DTSA"), and the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 et seq. ("GTSA"). Available remedies include: (i) injunctive relief, including ex parte seizure under the DTSA; (ii) exemplary damages of up to two times actual damages for willful and malicious misappropriation; and (iii) attorneys' fees. The deliberate public disclosure of a capability directly corresponding to Magnet Forensics' proprietary technology constitutes willful and malicious misappropriation, and Magnet Forensics intends to seek the full range of available remedies. Your conduct may additionally constitute criminal misappropriation under 18 U.S.C. § 1832, and Magnet Forensics reserves the right to refer this matter to appropriate federal law enforcement authorities.

### V.    DEMANDS

Magnet Forensics demands that you immediately and without delay:

1.  **CEASE ALL FURTHER DISCLOSURE.** Immediately cease and desist from any further disclosure, distribution, use, or publication of any Magnet Forensics confidential information, trade secrets, or proprietary technology - including any information relating to the MSG capability - in any form or through any medium.

2.  **REMOVE THE PUBLICATION AND PROOF OF CONCEPT.** Immediately take all steps within your power and control to remove the Publication and all associated proof-of-concept code, repositories, technical details, and derivative materials from all platforms, websites, repositories, and other locations where they have been posted or distributed.

3.  **PRESERVE ALL EVIDENCE.** Immediately preserve - and refrain from destroying, deleting, altering, or concealing - all documents, communications, electronic files, and other materials relating to the MSG capability, the Publication, your affiliation with Paradigm Shift, and any related communications, across all personal and professional devices, accounts, and storage.

4.  **PROVIDE WRITTEN DISCLOSURE.** Within forty-eight (48) hours, provide written disclosure identifying: (a) all persons or entities to whom you have disclosed Magnet Forensics confidential information or trade secrets; (b) all platforms and locations where the Publication or proof-of-concept code has been posted; and (c) the full nature and scope of your affiliation and compensation arrangement with Paradigm Shift.

5.  **RETURN OR CERTIFY DESTRUCTION.** Immediately return to Magnet Forensics, or certify in writing the permanent destruction of, all Magnet Forensics property, confidential information, and proprietary materials in your possession - whether physical or electronic.

**Mario Del Gaudio**
June 18, 2026
Page 5

troutman
pepper locke

---

## VI.   RESERVATION OF RIGHTS

Magnet Forensics expressly reserves all rights and remedies available at law and in equity, including emergency injunctive relief in the state and federal courts of Fulton County, Georgia pursuant to Section 12 of the IP Agreement; compensatory, consequential, and exemplary damages under the DTSA and GTSA; all attorneys' fees and costs under Section 13 of the IP Agreement; and referral to federal law enforcement under 18 U.S.C. § 1832. Emergency injunctive proceedings may be filed without further notice.

The absence of any further enumeration of claims or remedies is not a waiver or limitation - all rights and remedies are expressly preserved.

You must respond in writing to the undersigned by no later than **5:00 p.m. Eastern Time on June 20, 2026**.

Very truly yours,

Andrea L. Martin