# EXHIBIT C

Troutman Pepper Locke LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613

troutman.com

**Andrea L. Martin**
D 617.239.0113
andrea.martin@troutman.com

June 19, 2026

**VIA EMAIL**

Paradigm Shift Technology
info@ps.tc

**Re:    CEASE AND DESIST – Misappropriation of Trade Secrets and Tortious Interference – Magnet Forensics Inc.**

Dear Sir or Madam:

This firm represents Magnet Forensics Inc. ("Magnet Forensics" or the "Company"). You are exposed to liability for misappropriation of trade secrets under federal law and for tortious interference with a binding contract. Magnet Forensics is prepared to pursue all available remedies simultaneously – including emergency injunctive relief, exemplary damages, attorneys' fees, and referral to federal law enforcement – and will do so without further notice if you fail to comply with the demands set forth herein.

We demand that you immediately cease all further distribution of the publication described below, remove it from all platforms and repositories within your control, and respond in writing within forty-eight (48) hours.

**I.    BACKGROUND**

Magnet Forensics is a leading provider of specialized digital investigation tools used by law enforcement, intelligence agencies, and government entities worldwide. The Company develops highly sensitive and proprietary capabilities – including exploit-based tools – that represent the product of substantial investment in research, development, and engineering expertise. The confidentiality of those capabilities is not merely a business preference; it is essential to the Company's competitive position and to the integrity of sensitive investigative operations that depend on those capabilities remaining non-public.

On June 18, 2026, Paradigm Shift Technology published a detailed technical blog post titled "Introducing usbliter8: An A12/A13 SecureROM Exploit" at ███████████████ ██████████ (the "Publication"). The Publication discloses extensive technical detail regarding an A12/A13 SecureROM exploit – the precise class of proprietary capability developed and owned by Magnet Forensics. The correlation between the technical details in the Publication and Magnet Forensics' proprietary capability is not coincidental, and Magnet Forensics' investigation into the source and scope of this disclosure is ongoing.

## II.    MARIO DEL GAUDIO'S OBLIGATIONS AND BREACH

Prior to the commencement of his placement with Magnet Forensics, Mario Del Gaudio, whom Magnet Forensics has identified as directly connected to Paradigm Shift and to the Publication, executed a fully binding Proprietary Rights, Intellectual Property, and Restrictive Covenants Agreement (the "IP Agreement") as a condition of his placement. Under that Agreement, all technical information, know-how, methods, processes, discoveries, and inventions relating to Magnet Forensics' business were the sole and exclusive property of the Company, irrevocably assigned to Magnet Forensics from the moment of creation. Del Gaudio was expressly prohibited from disclosing, transferring, disseminating, or otherwise communicating any Confidential Information to any person or entity – obligations that survive the expiration of his placement in perpetuity, for so long as the information remains confidential. He further irrevocably waived any right to control the publication or distribution of any Company Invention, even after the termination of his work on the Company's behalf.

Del Gaudio worked as an Exploit Engineer at Magnet Forensics from November 2023 through November 2024, during which time he had direct access to and documented involvement in the development of the precise capability that is the subject of the Publication. His placement expired on November 12, 2024 – but his obligations did not. Magnet Forensics has a reasonable and well-founded basis to conclude that Del Gaudio disclosed or contributed to the disclosure of Magnet Forensics' confidential and proprietary technical information to Paradigm Shift, in direct and willful breach of his surviving obligations under the IP Agreement. That breach is a predicate for Paradigm Shift's own liability, as set forth below.

## III.    PARADIGM SHIFT'S LIABILITY

### A.  Misappropriation of Trade Secrets – Defend Trade Secrets Act (18 U.S.C. § 1836)

The Publication constitutes misappropriation of trade secrets under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. (the "DTSA"). The proprietary exploit methodology, technical architecture, and implementation details underlying the A12/A13 SecureROM capability are trade secrets belonging to Magnet Forensics – namely, technical and engineering information of substantial independent economic value that the Company has invested significant resources to develop and has taken active, reasonable measures to protect. That information was non-public prior to the Publication. Paradigm Shift's decision to publish it in granular technical detail and for the world to access is misappropriation.

The DTSA defines misappropriation to include the disclosure of a trade secret by a party that "knew or had reason to know" the information was not freely publishable. Paradigm Shift cannot claim ignorance. The Publication itself – its technical depth, its specificity, and its direct correspondence to a proprietary capability class – is evidence enough that Paradigm Shift understood what it was handling. A sophisticated offensive security firm does not stumble into a detailed BootROM exploit of this nature without knowing its provenance. Paradigm Shift's own acknowledgment that it coordinated disclosure with Apple Product Security prior to publication confirms that it understood the sensitivity of this information and made a deliberate, fully informed decision to release it anyway.

troutman
pepper locke

That liability exists independently of how Paradigm Shift came to possess this information. But Magnet Forensics has a well-founded basis to conclude that the source was Mario Del Gaudio, a former Exploit Engineer at Magnet Forensics who had direct, documented access to and involvement in the development of this precise capability, and who Magnet Forensics has identified as directly connected to Paradigm Shift and to the Publication. Del Gaudio disclosed or contributed to the disclosure of this information to Paradigm Shift in direct and willful breach of his surviving contractual obligations to Magnet Forensics, as detailed in Section II above. To the extent Paradigm Shift received this information from Del Gaudio or any other individual operating under a duty of confidentiality to Magnet Forensics, that receipt and publication constitutes an independent and cumulative basis for DTSA liability.

The DTSA provides for the full range of remedies: injunctive relief, compensatory damages for actual loss and unjust enrichment, exemplary damages of up to two times actual damages for willful and malicious misappropriation, and attorneys' fees. The DTSA further authorizes ex parte seizure to prevent further dissemination. Paradigm Shift's conduct is willful and malicious, and Magnet Forensics intends to pursue every remedy available. Paradigm Shift's conduct may additionally constitute criminal misappropriation under 18 U.S.C. § 1832, and Magnet Forensics reserves the right to refer this matter to federal law enforcement.

### B. Tortious Interference with Contract

Paradigm Shift's conduct independently constitutes tortious interference with the IP Agreement between Del Gaudio and Magnet Forensics. The IP Agreement is a valid and enforceable contract imposing clear, surviving confidentiality and non-disclosure obligations on Del Gaudio. Paradigm Shift was aware (or should have been aware), given Del Gaudio's background and the nature of the technical information he brought to the organization that he was subject to binding post-placement obligations to Magnet Forensics. By accepting, publishing, and distributing technical information that Del Gaudio was contractually prohibited from disclosing, Paradigm Shift intentionally induced and procured a breach of those obligations, causing direct and measurable harm to Magnet Forensics in the form of the destruction of the confidentiality of a proprietary capability, damage to its competitive position, and harm to its customer relationships. Paradigm Shift had no justification or privilege to interfere with Del Gaudio's contractual obligations to Magnet Forensics, and the Publication is the direct and proximate result of that interference.

### IV.    DEMANDS

Magnet Forensics demands that Paradigm Shift immediately and without delay:

1. **CEASE ALL FURTHER DISCLOSURE.** Immediately cease and desist from any further publication, distribution, disclosure, or use of Magnet Forensics' confidential information, trade secrets, or proprietary technology – including any information relating to the usbliter8 exploit or the underlying A12/A13 SecureROM capability – in any form or through any medium.

2. **REMOVE THE PUBLICATION AND PROOF OF CONCEPT.** Immediately remove the Publication and all associated proof-of-concept code, repositories, technical details, and derivative materials from https://ps.tc and all other platforms, websites, repositories, and

troutman
pepper locke

---

locations where they have been posted or distributed, including any third-party code hosting or content distribution platforms, and provide written confirmation of such removal.

3. **PRESERVE ALL EVIDENCE.** Immediately preserve - and refrain from destroying, deleting, altering, or concealing - all documents, communications, electronic files, and other materials relating to the usbliter8 exploit, the Publication, Paradigm Shift's relationship with Mario Del Gaudio, and the source of any technical information used in connection with the Publication, across all devices, accounts, and storage systems.

4. **PROVIDE WRITTEN DISCLOSURE.** Within forty-eight (48) hours, provide written disclosure identifying: (a) all persons who contributed to or had access to the technical information underlying the Publication; (b) the full nature and scope of Mario Del Gaudio's affiliation, role, and compensation arrangement with Paradigm Shift; (c) all platforms and locations where the Publication or proof-of-concept code has been posted or distributed; and (d) all persons or entities to whom the technical information underlying the Publication has been disclosed.

5. **WRITTEN CONFIRMATION OF COMPLIANCE.** Within forty-eight (48) hours, provide written confirmation of Paradigm Shift's compliance with all of the foregoing demands.

## V.    RESERVATION OF RIGHTS

Magnet Forensics expressly reserves all rights and remedies available at law and in equity, including emergency injunctive relief and ex parte seizure under the DTSA, 18 U.S.C. § 1836(b)(2)-(3); compensatory and exemplary damages under 18 U.S.C. § 1836(b)(3)(B)-(C); attorneys' fees under 18 U.S.C. § 1836(b)(3)(D); all remedies for tortious interference with contract; and referral to federal law enforcement under 18 U.S.C. § 1832. Proceedings may be initiated without further notice.

The absence of any further enumeration of claims or remedies is not a waiver or limitation - all rights and remedies are expressly preserved.

You must respond in writing to the undersigned by no later than **5:00 p.m. Eastern Time on June 21, 2026**.

Very truly yours,

Andrea L. Martin