# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

MAGNET FORENSICS, LLC,

    *Plaintiff,*

    v.

MARIO DEL GAUDIO and PARADIGM
SHIFT TECHNOLOGY, S.L.,

    *Defendants.*

Civil Action No.

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Magnet Forensics, LLC ("Magnet Forensics"), pursuant to Federal Rule of Civil Procedure 65 and Local Rules 7.2(B) and 65.1 and 65.2, respectfully moves this Court for entry of a temporary restraining order and preliminary injunction against Defendants Mario Del Gaudio ("Del Gaudio") and Paradigm Shift Technology, S.L., ("Paradigm Shift") (collectively, "Defendants"). In support of this Motion, Magnet Forensics relies upon its contemporaneously filed Verified Complaint, the exhibits attached thereto, and the Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Memorandum"). Magnet Forensics states as follows:

## I.    INTRODUCTION

1.    Magnet Forensics is a leading developer of digital investigation solutions that enable law enforcement agencies, intelligence agencies, and government entities worldwide to lawfully access, recover, and analyze digital evidence critical to solving crimes and protecting public safety.

2.    Defendant Del Gaudio served as an Exploit Engineer placed with Magnet Forensics from November 2023 through November 2024. During his placement, Del Gaudio had direct, sustained access to one of Magnet Forensics' most sensitive proprietary capabilities: a zero-day A12/A13 SecureROM access capability internally designated as "MSG." As a condition of his placement, Del Gaudio executed a Proprietary Rights, Intellectual Property, and Restrictive Covenants Agreement dated October 6, 2023 (the "Agreement") imposing binding obligations of confidentiality, non-disclosure, and intellectual property assignment that expressly survive the termination of his placement.

3.    On June 18, 2026, Defendant Paradigm Shift published a detailed technical blog post titled "Introducing usbliter8: An A12/A13 SecureROM Exploit" (the "Publication"), which disclosed extensive technical details regarding a proprietary access capability that is, in substance, the same capability Del Gaudio worked on at Magnet Forensics. Direct evidence links Del Gaudio to the Publication, including a preserved screenshot connecting his identity to the @NotHdesk account

associated with the Publication and a confirmed link between that account and Del Gaudio's personal email address.

4.    Despite receiving cease-and-desist demands from Magnet Forensics' counsel on June 18, June 19, and June 26, 2026, Defendants have refused to remove the Publication, refused to cease their misappropriation, and refused to provide any of the written assurances demanded.

5.    As set forth in the accompanying Memorandum, emergency relief is warranted because each of the four prerequisites for injunctive relief is satisfied.

## II.    NECESSITY FOR EXPEDITED RELIEF

6.    This Motion is brought on an emergency basis pursuant to Local Rules 7.2(B) and 65.2 because expedited relief is necessary to prevent ongoing and accelerating irreparable harm. The Publication has been publicly accessible since June 18, 2026—more than two weeks since Magnet Forensics first demanded that Defendants cease their unlawful conduct—and Defendants have refused to remove it despite receiving multiple separate cease-and-desist demands. Apple may patch the underlying vulnerability at any time in response to the Publication, which would permanently destroy the value of the A12/A13 SecureROM access capability and the Magnet Forensics products that depend on it. The Publication also has already been reported on by more than a dozen prominent media outlets, and each passing day expands the audience of competitors, researchers, and device manufacturers

with access to Magnet Forensics' proprietary trade secret information. Defendants have been given multiple opportunities to comply and have refused. The necessity for expedited relief could not be more clear.

## III.     RELIEF REQUESTED

7.     Magnet Forensics respectfully requests that this Court enter a temporary restraining order and preliminary injunction providing the following relief:

(a) Ordering Defendants, within twenty-four (24) hours of entry of the Order, to remove the Publication titled "Introducing usbliter8: An A12/A13 SecureROM Exploit" and all associated proof-of-concept code, technical details, and derivative materials from all websites, platforms, repositories, and media on which it has been published or distributed, to the extent within Defendants' possession, custody, or control, and to identify and remove any and all other non-public discussions, analyses, presentations, demonstrations, marketing materials, or derivative works incorporating or based upon Magnet Forensics' proprietary information, in any medium or format;

(b) Ordering Defendants to issue written takedown requests to all third-party platforms, media outlets, repositories, and services hosting or distributing the Publication or any cached, archived, or mirrored copies thereof, to the extent within Defendants' knowledge and ability, and to provide copies of all such

takedown requests to Magnet Forensics' counsel within forty-eight (48) hours of issuance;

(c) Enjoining Defendants from, directly or indirectly, disclosing, publishing, distributing, disseminating, using, reproducing, reverse-engineering, or exploiting any of Magnet Forensics' confidential information, trade secrets, or proprietary technology, including any information relating to the A12/A13 SecureROM access capability;

(d) Enjoining Defendants from directly or indirectly soliciting, inducing, or encouraging any person or entity to disclose, use, or exploit Magnet Forensics' confidential information, trade secrets, or proprietary information;

(e) Ordering Defendants to immediately cease all promotion, marketing, advertising, commercial exploitation, and monetization of any product, service, tool, or capability derived from or incorporating Magnet Forensics' proprietary information, including but not limited to the capability branded by Paradigm Shift as "usbliter8";

(f) Ordering Defendants to preserve all documents, communications, and electronically stored information relating to the A12/A13 SecureROM access capability, the Publication, and any communications between Del Gaudio and Paradigm Shift concerning the same, and enjoining Defendants from

destroying, altering, concealing, or disposing of any such documents, data, communications or other materials;

(g) Ordering Defendants to identify, within seven (7) days of entry of the Order, to provide to counsel for Magnet Forensics a sworn written disclosure, executed under penalty of perjury, identifying all persons and entities to whom they disclosed Magnet Forensics' confidential information or trade secret information relating to the A12/A13 SecureROM access capability, the date and nature of each communication or disclosure, a description of the specific information communicated in each instance, and any consideration, compensation, or benefit received or expected in connection with each such disclosure;

(h) Ordering Defendants, within seven (7) days of entry of the Order, to create a complete forensic image of all devices, systems, storage media, and accounts containing any of Magnet Forensics' proprietary information, to be deposited with Defendants' outside counsel in escrow for purposes of this litigation;

(i) Ordering Del Gaudio and Paradigm Shift, subject to the forensic imaging requirement, to return to Magnet Forensics or permanently destroy all Magnet Forensics property, including any confidential information, trade secret information, Materials, Company Inventions, and any derivatives, analyses, notes, compilations, or products incorporating or derived from such

information, in any form, that remain in their possession, custody, or control, and to certify such return or destruction under oath;

(j) Ordering each Defendant, within fourteen (14) days of entry of the Order, to provide Magnet Forensics' counsel with a sworn affidavit, executed under penalty of perjury, certifying full compliance with each obligation imposed by the Order;

(k) Ordering Paradigm Shift to retain, at its own expense, within twenty-one (21) days of entry of the Order, an independent third-party forensic auditor to conduct a forensic examination of Paradigm Shift's systems, devices, accounts, and repositories for the purpose of verifying compliance with the Order;

(l) Enforcing the non-disclosure, proprietary rights, and intellectual property assignment provisions of the Agreement as to Del Gaudio, including but not limited to Sections 3.1, 3.2, 4.2, 4.4, 5.1, and 5.2 thereof; and

(m)    Waiving the security requirement under Federal Rule of Civil Procedure 65(c) or, in the alternative, setting a nominal bond in the amount of $1,000.

8.    Furthermore, Magnet Forensics respectfully requests that the Court set this Motion for hearing on shortened notice at the earliest available date and time pursuant to Local Rule 65.2. Given the ongoing and accelerating harm, Magnet

Forensics requests that the Court consider entry of a temporary restraining order on an expedited basis. A Proposed Order Granting Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction is submitted herewith.

Date: July 6, 2026

Respectfully Submitted,

TROUTMAN PEPPER LOCKE LLP

By: *Moses M. Tincher*
Moses M. Tincher
GA Bar No. 578906
600 Peachtree Street NE
Suite 3000
Atlanta, Georgia 30308
(404) 885-2593
moses.tincher@troutman.com

Attorneys for Plaintiff
Magnet Forensics, LLC

(Application for admission *Pro Hac Vice* for Andrea Martin forthcoming)

## LOCAL RULE 7.2(B) CERTIFICATION

Pursuant to Local Rule 7.2(B), the undersigned counsel certifies as follows:

On June 30, 2026, counsel for Magnet Forensics participated in a telephone conference with counsel for Defendant Paradigm Shift Technology. During that call, no resolution was reached. Paradigm Shift did not agree to remove the Publication,

did not agree to cease using Magnet Forensics' proprietary information, and did not provide any of the assurances demanded.

On July 1, 2026, counsel for Defendant Mario Del Gaudio contacted counsel for Magnet Forensics, stating that he had been retained by Del Gaudio. Del Gaudio's counsel did not indicate any willingness to comply with any of Magnet Forensics' demands, and the Publication remains publicly accessible as of the date of this filing. Despite Magnet Forensics' good-faith efforts to resolve this matter without judicial intervention, Defendants have refused to take any remedial action, necessitating the filing of this emergency motion.

## **LOCAL RULE 5.1 CERTIFICATION**

I hereby certify that the foregoing has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

This 6th day of July, 2026.

/s/ Moses M. Tincher
Moses M. Tincher
Georgia Bar No. 578906

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.  I also hereby certify that on this day I sent the foregoing via overnight

mail and electronic mail to the following counsel of record at the address listed below:

Counsel for Defendant Mario Del Gaudio:

Christopher J. Maier
Maier & Maier PLLC
345 South Patrick Street
Alexandria, VA 22314
cjm@maierandmaier.com


Counsel for Defendant Paradigm Shift Technology:

Silvia Saenz de Ormijana
Baker & McKenzie Barcelona, S.L.P.
Av. Diagonal, 652 Edif. D, 8th Floor
Barcelona, Spain 08034
silvia.saenzdeormijana@bakermckenzie.com


This 6th day of July, 2026.

/s/ Moses M. Tincher
Moses M. Tincher
Georgia Bar No. 578906

-10-