IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAGNET FORENSICS, LLC,

    *Plaintiff,*

    v.

MARIO DEL GAUDIO and PARADIGM
SHIFT TECHNOLOGY, S.L.,

    *Defendants.*

Civil Action No.

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY
MOTION FOR <u>TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION</u>**

This matter comes before the Court on Plaintiff Magnet Forensics, LLC's

("Magnet Forensics") Emergency Motion for Temporary Restraining Order and

Preliminary Injunction (the "Motion") against Defendants Mario Del Gaudio ("Del

Gaudio") and Paradigm Shift Technology, S.L., ("Paradigm Shift") (collectively,

"Defendants"). Having considered the Motion, the Memorandum of Law in Support,

the Verified Complaint, and the exhibits submitted therewith. Having considered the

record, and having considered the applicable law, the Court finds as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.    Magnet Forensics is a leading developer of digital investigation

solutions used by more than 6,000 public and private sector entities in over 100

countries, including law enforcement agencies, intelligence agencies, and government entities that rely on Magnet Forensics' tools and capabilities to conduct sensitive investigative operations.

2.    Among Magnet Forensics' most valuable proprietary capabilities is a zero-day A12/A13 SecureROM access capability (internally designated "MSG"), which is a specialized tool and methodology designed to access digital devices through an unpatched security flaw for which no publicly available or manufacturer-issued fix exists.

3.    The A12/A13 SecureROM access capability, including its underlying methodology, architecture, implementation details, and operational deployment information, constitutes a trade secret within the meaning of the Defend Trade Secrets Act, 18 U.S.C. Section 1839(3), and the Georgia Trade Secrets Act, O.C.G.A. Section 10-1 761(4), because it derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, other persons who can obtain economic value from its disclosure or use, and because Magnet Forensics has taken reasonable measures to maintain its secrecy.

4.    Magnet Forensics took extensive and reasonable steps to protect the secrecy of the A12/A13 SecureROM access capability, including by limiting access on a need-to know basis, maintaining information in password-protected and

encrypted electronic databases, restricting access to access capability-development projects to a sma l number of authorized personnel, employing physical security measures and access controls, and requiring individuals with access to execute restrictive covenant agreements containing non-disclosure, intellectual property assignment, and return-of property provisions.

5.    Del Gaudio served as an Exploit Engineer placed with Magnet Forensics from November 2023 through November 2024, during which time he had direct, sustained access to the A12/A13 SecureROM access capability and participated in its development, testing, and integration into Magnet Forensics' commercial products.

6.    As a condition of his placement, Del Gaudio executed a Proprietary Rights, Intellectual Property, and Restrictive Covenants Agreement dated October 6, 2023 (the "Agreement"), which imposed binding obligations of confidentiality, non-disclosure, and intellectual property assignment, all of which expressly survive the termination of his placement.

7.    On June 18, 2026, Defendant Paradigm Shift published a detailed technical blog post titled "Introducing usbliter8: An A12/A13 SecureROM Exploit" (the "Publication"), which disclosed extensive technical details regarding a

proprietary access capability that is, in substance, the same capability Del Gaudio worked on at Magnet Forensics under the MSG designation.

8. Magnet Forensics has presented direct and compelling evidence linking Del Gaudio to the Publication, including a preserved screenshot connecting his name and photograph to the @NotHdesk account associated with the Publication, and a confirmed link between that account and Del Gaudio's personal email address.

9. Despite receiving cease-and-desist demands from Magnet Forensics' counsel on June 18, June 19, and June 26, 2026, and despite a conferral call on June 30, 2026, Defendants have refused to remove the Publication, refused to cease their misappropriation, and refused to provide any remedial action. The Publication remains publicly accessible as of the date of this Order.

10. The Publication has been reported on or republished by more than a dozen prominent media outlets, including TechCrunch, Mashable, SecurityWeek, The Hacker News, Infosecurity Magazine, Security Affairs, TechRadar, TechRepublic, and Cyber Insider, and has been disseminated on social media platforms, compounding the harm to Magnet Forensics with each passing day.

## CONCLUSIONS

### A. Likelihood of Success on the Merits

11. Magnet Forensics has demonstrated a substantial likelihood of success on the merits of its claims under the Defend Trade Secrets Act, 18 U.S.C. §

1836(b)(1), the Georgia Trade Secrets Act, O.C.G.A. §§ 10-1-760 et seq., and for breach of contract. The MSG capability constitutes a protectable trade secret, Defendants misappropriated it by disclosing it publicly without authorization, and Del Gaudio breached multiple provisions of the Agreement, including the non-disclosure, proprietary rights, and intellectual property assignment provisions of the Agreement.

### B. Irreparable Harm

12.    Magnet Forensics has demonstrated that it will suffer irreparable harm absent injunctive relief. The ongoing public accessibility of the Publication is destroying the confidentiality of the trade secret in real time; the disclosure creates a direct and imminent risk that Apple will patch the zero-day vulnerability, rendering the capability permanently valueless; competitors can replicate the capability without incurring the substantial investment Magnet Forensics made to develop it; and the disclosure is eroding customer trust and confidence among law enforcement and intelligence agencies that depend on the absolute confidentiality of these capabilities.

### C. Balance of Equities

13.    The balance of equities favors Magnet Forensics. Defendants have no lawful right to possess, use, or publish Magnet Forensics' trade secrets, and the requested injunction requires Defendants only to cease doing what they had no right

to do. The burden on Defendants is minimal compared to the severe, ongoing, and potentially permanent harm to Magnet Forensics.

### D. Public Interest

14.    The public interest supports the issuance of injunctive relief. There is a strong public policy in favor of protecting trade secrets from misappropriation and promoting fair competition. Holding parties to their contractual obligations serves the public interest.

### ORDER

Accordingly,  having found that the requirements for emergency injunctive relief are satisfied, and for good cause shown, it is hereby ORDERED as follows:

### I.    Injunction

15.    Defendants Mario Del Gaudio and Paradigm Shift Technology, and their officers, agents, servants, employees, attorneys, affiliates, successors, assigns, and all persons in active concert or participation with them who receive actual notice of this Order, are hereby ENJOINED and RESTRAINED from:

(a) Directly or indirectly disclosing, publishing, disseminating, distributing, or otherwise communicating or making available to any person or entity any of Magnet Forensics' confidential information, trade secrets, or proprietary

information, including but not limited to any information relating to the A12/A13 SecureROM access capability;

(b) Directly or indirectly using, reproducing, reverse-engineering, or exploiting Magnet Forensics' confidential information, trade secrets, or proprietary information, including but not limited to the A12/A13 SecureROM access capability, for any purpose;

(c) Directly or indirectly soliciting, inducing, or encouraging any person or entity to disclose, use, or exploit Magnet Forensics' confidential information, trade secrets, or proprietary information; and

(d) Destroying, altering, concealing, or disposing of any documents, data, communications, or other materials relating to the A12/A13 SecureROM access capability, the Publication, or any communications between Del Gaudio and Paradigm Shift concerning the same.

## II.    Takedown of the Publication

16.    Within TWENTY-FOUR (24) HOURS of entry of this Order, Defendants shall:

(a) Remove the blog post titled "Introducing usbliter8: An A12/A13 SecureROM Exploit" and all associated proof-of-concept code, technical details, and derivative materials from all websites, platforms,  repositories, and media on

which it has been published or distributed, to the extent within Defendants'

possession, custody, or control;

(b) Identify and remove any and all other non-public discussions, analyses,

presentations, demonstrations, marketing materials, or derivative works

incorporating or based upon Magnet Forensics' proprietary information, in

any medium or format, to the extent within Defendants' possession, custody,

or control;

(c) Immediately cease all promotion, marketing, advertising, commercial

exploitation, and monetization of any product, service, tool, or capability

derived from or incorporating Magnet Forensics' proprietary information,

including but not limited to the capability branded by Paradigm Shift as

"usbliter8"; and

(d) Issue written takedown requests to all third-party platforms, media outlets,

repositories, and services hosting or distributing the Publication or any

cached, archived, or mirrored copies thereof, to the extent within Defendants'

knowledge and ability, and provide copies of all such takedown requests to

Magnet Forensics' counsel within forty-eight (48) hours of issuance.

## III.    Identification of Recipients and Disclosure of Communications

17.    Within SEVEN (7) DAYS of entry of this Order, Defendants shall
provide to counsel for Magnet Forensics a sworn written disclosure, executed under

penalty of perjury, identifying:

(a) All persons and entities to whom Defendants disclosed, communicated, transmitted ,or made available any of Magnet Forensics' confidential information, trade secrets, or proprietary information relating to the A12/A13 SecureROM access capability, whether orally, in writing, electronically, or by any other means;

(b) The date and nature of each communication or disclosure;

(c) A description of the specific information communicated in each instance; and

(d) Any consideration, compensation, or benefit received or expected by Defendants in connection with each such disclosure.

## IV.    Return and Destruction of Materials

18.    Within SEVEN (7) DAYS of entry of this Order:

(a) **Forensic Imaging**. Defendants shall create a complete forensic image of all devices, systems, storage media, and accounts containing any of Magnet Forensics' proprietary information, confidential information, trade secret information, Materials, or Company Inventions (as those terms are defined in the Agreement). The forensic images shall be deposited with Defendants' outside counsel in escrow, for purposes of this litigation, and shall not be accessed by any person except by order of this Court or written agreement of the parties.

(b) **Return or Destruction by Del Gaudio**. Subject to the forensic imaging requirement set forth in subparagraph (a), Del Gaudio shall return to Magnet Forensics or permanently delete and destroy all Magnet Forensics property, including any confidential information, trade secret information, Materials, Company Inventions, and any derivatives, analyses, notes, compilations, or products incorporating or derived from such information, in any form, that remain in his possession, custody, or control, and shall certify such return or destruction under oath.

(c) **Return or Destruction by Paradigm Shift**.  Subject to the forensic imaging requirement set forth in subparagraph (a), Paradigm Shift shall return to Magnet Forensics or permanently delete and destroy all Magnet Forensics proprietary information, confidential information, trade secret information, Materials, and Company Inventions in any form, including any derivative works, analyses, notes, compilations, tools, products, or services incorporating or derived from such information, that remain in its possession, custody, or control, and shall certify such return or destruction under oath.

## V.    Preservation of Evidence

19.    Defendants shall immediately preserve and maintain and shall not destroy, alter, conceal, or tamper with, all documents, communications, data, and materials of any kind that relate to:

(a) The A12/A13 SecureROM access capability;

(b) The Publication and all drafts, revisions, or prior versions thereof;

(c) Any communications between Del Gaudio and Paradigm Shift or between either Defendant and any third party, concerning the A12/A13 SecureROM access capability or the Publication; and

(d) Any revenue, profits, compensation, or other benefits received or expected by either Defendant in connection with the disclosure or exploitation of the A12/A13 SecureROM access capability.

For the avoidance of doubt, the preservation obligation under this paragraph applies to all communications, correspondence, file transfer records, metadata, access logs, drafts, and other documents and electronically stored information evidencing the circumstances of the acquisition, development, disclosure, or distribution of Magnet Forensics' trade secret information. Compliance with the return and destruction obligations set forth in this Order shall not be deemed a violation of this paragraph, provided that Defendants have first complied with the forensic imaging requirement set forth herein.

## VI.    Sworn Affidavit of Compliance and Independent Forensic Audit

20.    **Sworn Affidavit of Compliance**. Within fourteen (14) days of entry of this Order, each Defendant shall provide Magnet Forensics' counsel with a sworn affidavit, executed under penalty of perjury, certifying that the Defendant has fully

complied with each obligation imposed by this Order, including but not limited to:

(a) The removal of the Publication and all derivative materials, and the cessation of all promotion and commercial exploitation, as required by Section II;

(b) The disclosure of all recipients and communications as required by Section III;

(c) The return or destruction of all Magnet Forensics property as required by Section IV; and

(d) The preservation of all evidence as required by Section V.

21.    **Independent Forensic Audit**. Within twenty-one (21) days of entry of this Order, Paradigm Shift shall retain, at its own expense, an independent third-party forensic auditor, mutually agreed upon by the parties or, in the absence of agreement within fourteen (14) days, appointed by the Court, to conduct a forensic examination of Paradigm Shift's systems, devices, accounts, and repositories for the purpose of verifying Paradigm Shift's compliance with the obligations set forth in this Order.

(a) The forensic auditor shall prepare and submit a written report to the Court and to counsel for all parties within forty-five (45) days of retention, detailing the auditor's findings regarding compliance.

(b) The scope and protocol of the forensic audit shall be subject to a protective order to be agreed upon by the parties or, in the absence of agreement,

established by the Court, to protect any legitimately confidential business information of Paradigm Shift unrelated to the subject matter of this litigation.

(c) The costs of the forensic audit, including the auditor's fees and expenses, shall be borne by Paradigm Shift.

## VII.  Security

22.     Pursuant to Federal Rule of Civil Procedure 65(c), Magnet Forensics shall post security in the amount of $1,000.

## VIII.  Duration and Hearing

23.     This Temporary Restraining Order shall remain in effect for fourteen (14) days from the date of entry, unless extended by the Court for good cause shown pursuant to Federal Rule of Civil Procedure 65(b)(2).

24.     A hearing on Magnet Forensics' Motion for Preliminary Injunction is hereby set for _____, 2026, at _____ [am/pm]. Defendants shall file any opposition to the Motion for Preliminary Injunction no later than _____, 2026.

25.     If a preliminary injunction is granted following the hearing, the injunctive relief set forth in this Order shall continue in full force and effect pending final resolution of this action, unless modified or dissolved by the Court.

## IX.  Service

26.     This Order may be served on Defendants and their counsel by electronic

mail, overnight delivery, or any other means authorized by the Federal Rules of Civil Procedure. Service by electronic mail to Defendants' known counsel shall constitute effective notice for purposes of this Order and under Federal Rule of Civil Procedure 65(d)(2).

## X.    Enforcement

27.    Any violation of this Order may be punished as contempt of Court pursuant to 18 U.S.C. § 401 and the inherent authority of this Court.

28.    This Court retains jurisdiction to enforce, modify, or dissolve this Order.

SO ORDERED this _____ day of _____, 2026

_____
United States District Judge

Respectfully Submitted,

TROUTMAN PEPPER LOCKE LLP


By: *Moses M. Tincher*
Moses M. Tincher
GA Bar No. 578906
600 Peachtree Street NE
Suite 3000
Atlanta, Georgia 30308
(404) 885-2593
moses.tincher@troutman.com

Attorneys for Plaintiff
Magnet Forensics, LLC

(Application for admission *Pro Hac
Vice* for Andrea Martin forthcoming)


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record. I also hereby certify that on this day I sent the foregoing via overnight mail and electronic mail to the following counsel of record at the address listed below:

Counsel for Defendant Mario Del Gaudio:

Christopher J. Maier
Maier & Maier PLLC
345 South Patrick Street

-15-

Alexandria, VA 22314
cjm@maierandmaier.com


Counsel for Defendant Paradigm Shift Technology:

Silvia Saenz de Ormijana
Baker & McKenzie Barcelona, S.L.P.
Av. Diagonal, 652 Edif. D, 8th Floor
Barcelona, Spain 08034
silvia.saenzdeormijana@bakermckenzie.com


This 6th day of July, 2026.

/s/ Moses M. Tincher
Moses M. Tincher
Georgia Bar No. 578906