## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MAGNET FORENSICS, LLC,

    *Plaintiff,*

    v.

MARIO DEL GAUDIO and PARADIGM
SHIFT TECHNOLOGY, S.L.,

    *Defendants.*

Civil Action No.

## PLAINTIFF'S MOTION FOR AUTHORIZATION TO
## SERVE PROCESS ON DEFENDANTS BY ALTERNATIVE MEANS
## PURSUANT TO FED. R. CIV. P. 4(f) (3) AND 4(h)(2)

Plaintiff Magnet Forensics, LLC ("Magnet Forensics"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), respectfully moves this Court for an Order authorizing alternative service of process on Defendants Mario Del Gaudio ("Del Gaudio") and Paradigm Shift Technology, S.L., ("Paradigm Shift") (collectively, "Defendants") by electronic mail and international overnight courier. In support of this Motion, Magnet Forensics states as follows:

### I.    INTRODUCTION

This is an emergency trade secret misappropriation case in which both Defendants are located abroad—Del Gaudio in Turin, Italy, and Paradigm Shift in

Barcelona, Spain. Magnet Forensics has contemporaneously filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction seeking to halt the ongoing and accelerating disclosure of one of its most valuable proprietary capabilities. Every day that the Publication remains accessible, the harm to Magnet Forensics compounds irreversibly.

Service through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") would take approximately three to six months (and possibly longer) to complete—a timeline that is wholly incompatible with the emergency relief Magnet Forensics seeks. Fortunately, Rule 4(f)(3) provides this Court with broad authority to authorize alternative methods of service on foreign defendants, and courts in this District have exercised that authority in circumstances directly analogous to those presented here. *See, e.g.*, *Jagex Limited v. 31 Store*, No. 1:26-CV-1895-MHC, 2026 WL 1830758, at *3 (N.D. Ga. Apr. 10, 2026) (authorizing plaintiff to provide notice of a TRO to defendants and to serve the summonses, complaint, TRO, and all subsequent pleadings and other documents on defendants or their counsel by electronic mail using email addresses); *Boardriders IP Holdings, LLC v. Abouthouse*, No. 1:25-cv-06374-SEG, 2025 WL 4479292, at *3 (N.D. Ga. Nov. 17, 2025) (same).

Importantly, both Defendants have already retained counsel who have been actively corresponding with Magnet Forensics' counsel about this very dispute. Del

Gaudio's counsel at Maier & Maier PLLC contacted Magnet Forensics' counsel on July 1, 2026, confirming his representation. Paradigm Shift's counsel at Baker & McKenzie in Barcelona, Spain, has exchanged multiple letters and emails and participated in a telephone conference with Magnet Forensics' counsel concerning the subject matter of this action. Under these circumstances, service by electronic mail to Defendants' counsel, supplemented by email to Defendants directly and international overnight courier, will provide Defendants with actual notice and a full opportunity to respond, fully satisfying the requirements of Rule 4(f)(3) and constitutional due process. Accordingly, Magnet Forensics respectfully requests that the Court grant this Motion and permit alternative service of process on Defendants.

## II.    FACTUAL BACKGROUND

### A. The Parties and the Underlying Action

This action arises from Defendants' misappropriation and public disclosure of one of Magnet Forensics' most valuable trade secrets: a proprietary A12/A13 SecureROM access capability developed through years of research, deep technical expertise, and significant investment. As detailed in the contemporaneously filed Verified Complaint, Del Gaudio served as an Exploit Engineer placed with Magnet Forensics from November 2023 through November 2024 and had direct, sustained access to the proprietary capability at issue. After his placement ended, Del Gaudio became affiliated with Paradigm Shift, which published the capability in a detailed

technical blog post on June 18, 2026. The blog post remains publicly accessible and has been widely disseminated across the technology and cybersecurity community. Magnet Forensics has contemporaneously filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction seeking to halt the ongoing and irreparable harm caused by Defendants' unauthorized disclosure.

**B. Defendants' Foreign Locations and the Hague Convention**

Defendant Del Gaudio is an individual who, upon information and belief, resides in Turin, Italy. (Compl. ¶ 8.) Defendant Paradigm Shift is a Spanish limited liability company (Sociedad Limitada) based in Barcelona, Spain. (Compl. ¶ 9.) Both Italy and Spain are signatories to the Hague Convention.

Service through the Hague Convention's Central Authority mechanism is notoriously slow. Service through foreign Central Authorities typically takes between three and six months and, in many cases, significantly longer. In Italy, service through the Central Authority routinely takes three to six months or more. In Spain, the timeline is comparable. These delays are wholly incompatible with the emergency nature of the relief Magnet Forensics seeks. Every day that passes without a ruling on Magnet Forensics' TRO motion is a day in which the Publication remains publicly accessible, Defendants' misappropriation continues, and the trade secret's value erodes further and irreversibly.

**C. Defendants Have Actual Notice Through Retained Counsel**

Both Defendants have retained counsel who have been actively communicating with Magnet Forensics' counsel about the precise dispute that underlies this action. These communications confirm that Defendants have actual knowledge of Magnet Forensics' claims, the factual basis for those claims, and the threat of litigation.

With respect to Del Gaudio, on June 18, 2026, Magnet Forensics' counsel sent Del Gaudio a cease-and-desist letter at his personal email address, mario@athdesk.me. (Compl. ¶ 76; Ex. B.) On June 24, 2026, Del Gaudio personally responded via email, acknowledging receipt of the cease-and-desist letter and stating that he was in the process of securing legal counsel. (Compl. ¶ 79; Ex. E.) On June 26, 2026, Magnet Forensics' counsel sent a follow-up demand to Del Gaudio, reiterating all demands and providing a forty-eight-hour deadline to comply. (Compl. ¶ 80; Ex. E.)

On July 1, 2026, Christopher J. Maier of Maier & Maier PLLC in Alexandria, Virginia, contacted Magnet Forensics' counsel by email, stating that his firm had been retained to represent Del Gaudio and requesting that all future communications be directed to his attention. (Compl. ¶ 84; Ex. H.) Mr. Maier's email was sent from cjm@maierandmaier.com and copied Sid V. Pandit at svp@maierandmaier.com.

(*Id.*) No further communication or assurances were provided by Del Gaudio or his counsel.

With respect to Paradigm Shift, on June 19, 2026, Magnet Forensics' counsel sent Paradigm Shift a cease-and-desist letter. (Compl. ¶ 77; Ex. C.) On June 22, 2026, Silvia Saenz de Ormijana of Baker & McKenzie Barcelona, S.L.P. responded on Paradigm Shift's behalf, acknowledged receipt and stating that Paradigm Shift "currently undertaking a careful review of the allegations" while "reserv[ing] all rights." (Compl. ¶ 78; Ex. D.) On June 26, 2026, Magnet Forensics' counsel sent a follow-up email to Paradigm Shift's counsel, reiterating all demands and providing a forty-eight-hour deadline. (Compl. ¶ 81; Ex. F.)

On June 28, 2026, Baker & McKenzie sent a second substantive letter on Paradigm Shift's behalf, engaging with the merits of Magnet Forensics' claims and requesting further clarification. (Ex. G.) On June 30, 2026, counsel for Magnet Forensics and counsel for Paradigm Shift participated in a telephone conference to discuss the matter, during which no resolution was reached. (Compl. ¶ 83.) Ms. Saenz de Ormijana's emails were sent from silvia.saenzdeormijana@bakermckenzie.com. (Ex. D, F, G.).

### D. The Emergency Posture of This Case

As set forth in Magnet Forensics' Emergency Motion for Temporary Restraining Order and Preliminary Injunction, the harm from Defendants'

unauthorized disclosure is ongoing and accelerating. The Publication has been reshared by more than a dozen prominent media outlets. (Compl. ¶ 85.) Each day the Publication remains accessible, the trade secret's value erodes further and irreversibly. Apple may patch the underlying vulnerability at any time in response to the Publication, which would permanently destroy the value of the A12/A13 SecureROM access capability and the Magnet Forensics products that depend on it. (Compl. ¶ 60.) The need for prompt judicial action could not be more urgent. Waiting three to six months, and possible longer, for formal Hague Convention service would render any injunctive relief meaningless.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) governs service of process on individuals in a foreign country and provides three alternative methods: (1) service "by any internationally agreed means of service," such as the Hague Convention; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means of service, "by a method reasonably calculated to give notice," such as delivering a copy of the summons and complaint to the individual personally, unless prohibited by "the foreign country's law"; or (3) service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3).

Federal Rule of Civil Procedure 4(h)(2) governs service on foreign

corporations, partnerships, and associations and incorporates the methods available under Rule 4(f). Specifically, Rule 4(h)(2) provides that:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: ... (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery.

Rule 4(f)(3) "permits alternative methods of service so long as those methods are consistent with due process, are not prohibited by international agreement, and are approved by the Court." *Jagex*, 2026 WL 1830758, at *1. Further, service under Rule 4(f)(3) "is not a means of last resort or extraordinary relief but is, instead, merely one of three valid methods for serving process on a foreign defendant under the Federal Rules." *Id.* Ultimately, the "touchstone is whether the means chosen give 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Boardriders*, 2025 WL 4479292, at *1.

## IV.   ARGUMENT

### A. **Rule 4(f)(3) Provides the Court Broad Discretion to Authorize Alternative Service**

Rule 4(f)(3) and its predecessors "were adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods for service of process in foreign countries." *In re International Telemedia*

*Associates, Inc.*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000). The rule was promulgated "for the express purpose of 'add[ing] flexibility by permitting the court by order to tailor the manner of service to fit the necessities of a particular case.'" *Id.* This flexibility "necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts." *Id.* at 720.

Courts in this District have exercised this discretion to authorize a wide variety of alternative service methods, including service by electronic mail, website publication, and social media platforms. *See Jagex*, 2026 WL 1830758, at *2; *Boardriders*, 2025 WL 4479292, at *2; *In re Int'l Telemedia*, 245 B.R. at 720; *see also United States v. The Pub. Warehousing Co.*, No. 1:05-CV-2968-TWT, 2017 WL 661580, at *2 (N.D. Ga. 2017) (denying motion to dismiss for insufficient service where alternative service was authorized). As Judge Geraghty held in *Boardriders*, and Judge Cohen reaffirmed in *Jagex*, Rule 4(f) "'does not create a hierarchy of preferred means of service.' Service under 4(f)(3) is just as favored as service under 4(f)(1), and 'is merely one means among several which enables service of process on an international defendant.'" *Boardriders*, 2025 WL 4479292, at *1; *accord Jagex*, 2026 WL 1830758, at *1.

## B. Exhaustion of Hague Convention Procedures Is Not Required

Magnet Forensics is not required to first attempt service through the Hague Convention before seeking authorization for alternative service under Rule 4(f)(3).

Both *Jagex* and *Boardriders* expressly so held: "Plaintiff is not obligated to attempt service through the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the 'Hague Convention') under Rule 4(f)(1) or other methods before seeking a Court order to serve Defendants electronically under Rule 4(f)(3)." *Jagex*, 2026 WL 1830758, at \*2; *accord Boardriders*, 2025 WL 4479292, at \*2. *See also De Gazelle Grp.*, 817 F.3d at 750 (11th Cir. 2016) (holding that a party may accomplish service under Rule 4(f)(3) if it "cannot, or chooses not to" use methods under Rule 4(f)(1) and (2)).

## C. The Hague Convention Does Not Prohibit the Proposed Methods of Service

The only limitation Rule 4(f)(3) imposes is that the proposed method must not be "prohibited by international agreement." The Hague Convention does not prohibit service by electronic mail. *See Jagex*, 2026 WL 1830758, at \*2; *Boardriders*, 2025 WL 4479292, at \*2; *In re Int'l Telemedia*, 245 B.R. at 720 (authorizing electronic mail service because it is not contrary to international agreement). The Convention was drafted in 1965, long before the advent of electronic mail, and simply does not address it. Nor does it prohibit service by international courier. The proposed methods of service are therefore not prohibited by the Hague Convention or any other international agreement.

## D. The Proposed Methods of Service Satisfy Due Process

### 1. *Defendants Have Actual Notice Through Retained Counsel*

Both Defendants have retained counsel who have been actively communicating with Magnet Forensics' counsel about the precise dispute that underlies this action. Del Gaudio is represented by Maier & Maier PLLC, whose partner Christopher J. Maier contacted Magnet Forensics' counsel on July 1, 2026, to confirm his retention and request that all communications be directed to his firm. (Compl. ¶ 84; Ex. H.) Paradigm Shift is represented by Baker & McKenzie Barcelona, whose attorney Silvia Saenz de Ormijana has exchanged multiple letters and emails and participated in a telephone conference with Magnet Forensics' counsel regarding the same claims at issue in this action. (Exs. D, F, G; Compl. ¶ 83.)

Service of process on Defendants through their retained counsel's verified email addresses is among the most reliable methods of service imaginable. Courts have authorized alternative service through counsel where a defendant's attorney has been identified and is in active communication with the plaintiff. *See Mayatextil, S.A. v. Liztex U.S.A., Inc.*, No. 92 CIV. 4528(SS), 1994 WL 198696, at *5 (S.D.N.Y. May 19, 1994) (authorizing delivery to defendant's attorney-agent under Rule 4(f)(3)'s predecessor); *see also In re Int'l Telemedia*, 245 B.R. at 720 (citing *Mayatextil*).

### 2. Electronic Service Is Reasonably Calculated to Provide Notice

The proposed service through verified email addresses satisfies due process

because the email addresses have been used in actual, confirmed communications between the parties. Del Gaudio personally responded to Magnet Forensics' counsel at mario@athdesk.me. (Ex. E.) Maier & Maier has been communicating at cjm@maierandmaier.com and svp@maierandmaier.com. (Compl. ¶ 84; Ex. H.) Baker & McKenzie has been communicating at silvia.saenzdeormijana@bakermckenzie.com. (Exs. D, F, G.) As held in *Boardriders*, service by email "is a highly reliable method of notifying Defendants…of the lawsuit and of serving Defendants with process because Defendants use these email addresses for corresponding" in the ordinary course of business. 2025 WL 4479292, at *2. Indeed, email service "is very likely to notify Defendants of this action and, as such, comports with Due Process." *Jagex*, 2026 WL 1830758, at *2; *see also In re Int'l Telemedia*, 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."). Here, Defendants have not merely "utilized and preferred" these email addresses in some abstract sense; they have used them to communicate with Magnet Forensics' counsel about the very claims at issue.

### 3.   *The Multi-Channel Approach Provides Further Assurance of Notice*

Magnet Forensics proposes not one but three complementary methods of service for each Defendant: (1) email to retained counsel; (2) email directly to the

Defendant; and (3) international overnight courier. This multi-channel approach provides a belt-and-suspenders assurance of actual notice that far exceeds the minimum required by due process. *See In re Int'l Telemedia*, 245 B.R. at 716 (approving service by three complementary methods: facsimile, electronic mail, and international airmail).

### E. The Emergency Circumstances Independently Warrant Alternative Service

Courts in this District have recognized that electronic service under Rule 4(f)(3) is "particularly appropriate" where "there is a need for speed that cannot be met by following the Hague Convention methods…because of the preliminary injunctive relief sought by Plaintiff." *Jagex*, 2026 WL 1830758, at *1; *accord Boardriders*, 2025 WL 4479292, at *1. Both *Jagex* and *Boardriders* specifically authorized electronic service in conjunction with pending TRO motions. The same emergency circumstances are present here.

Moreover, as both *Jagex* and *Boardriders* held, where the Hague Convention is "not feasible" due to "the time-sensitive nature of the relief sought in connection with Plaintiff's motion for ex parte TRO," a plaintiff "is not required to serve any Defendant pursuant to the Hague Convention." *Jagex*, 2026 WL 1830758, at *2; *Boardriders*, 2025 WL 4479292, at *2.

Magnet Forensics has filed an Emergency Motion for Temporary Restraining Order seeking to halt the ongoing public dissemination of its trade secrets. The

Publication has been live since June 18, 2026. Apple may patch the underlying vulnerability at any time, permanently destroying the value of the access capability and the Magnet Forensics products that depend on it. Requiring Magnet Forensics to wait three to six months, or possibly up to twelve months, for Hague Convention service before the Court can address the emergency would render the TRO remedy meaningless. Rule 4(f)(3) exists precisely to prevent this result. *See In re Int'l Telemedia*, 245 B.R. at 722 ("Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party.").

## V.    PROPOSED METHODS OF SERVICE

Magnet Forensics respectfully requests that the Court authorize service of the Summons, Complaint, Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and all supporting papers and exhibits on each Defendant as follows:

### A. Service on Defendant Del Gaudio

(1) By electronic mail to Del Gaudio's retained counsel, Christopher J. Maier and Sid V. Pandit of Maier & Maier PLLC, at the email addresses from which they have communicated with Magnet Forensics' counsel: cjm@maierandmaier.com and svp@maierandmaier.com;

(2) By electronic mail to Del Gaudio directly at the email address from which he personally communicated with Magnet Forensics' counsel:

mario@athdesk.me; and

(3) By international overnight courier (FedEx or DHL) to Del Gaudio's last known residential address: Via Osasco 75, Torino, Piemonte 10141, Italy.

**B. Service on Defendant Paradigm Shift**

(1) By electronic mail to Paradigm Shift's retained counsel, Silvia Saenz de Ormijana of Baker & McKenzie Barcelona, S.L.P., at the email address from which she has communicated with Magnet Forensics' counsel: silvia.saenzdeormijana@bakermckenzie.com;

(2) By electronic mail to any known Paradigm Shift corporate email address; and

(3) By international overnight courier (FedEx or DHL) to Baker & McKenzie Barcelona, S.L.P., Av. Diagonal, 652, Edif. D, 8th Floor, Barcelona, Spain 08034, for delivery to Paradigm Shift.

Date: July 7, 2026

Respectfully Submitted,

TROUTMAN PEPPER LOCKE LLP

By: *Moses M. Tincher*
Moses M. Tincher
GA Bar No. 578906
600 Peachtree Street NE
Suite 3000
Atlanta, Georgia 30308

(404) 885-2593
moses.tincher@troutman.com

Attorneys for Plaintiff
Magnet Forensics, LLC

(Application for admission *Pro Hac Vice* for Andrea Martin forthcoming)

## LOCAL RULE 5.1 CERTIFICATION

I hereby certify that the foregoing has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

This 7th day of July, 2026.

*/s/ Moses M. Tincher*
Moses M. Tincher
Georgia Bar No. 578906

## CERTIFICATE OF SERVICE

This is to certify that I have on this day caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record. I also hereby certify that on this day I sent the foregoing via overnight mail and electronic mail to the following counsel of record at the address listed below:

Counsel for Defendant Mario Del Gaudio:

Christopher J. Maier
Maier & Maier PLLC

-16-

345 South Patrick Street
Alexandria, VA 22314
cjm@maierandmaier.com


Counsel for Defendant Paradigm Shift Technology:

Silvia Saenz de Ormijana
Baker & McKenzie Barcelona, S.L.P.
Av. Diagonal, 652 Edif. D, 8th Floor
Barcelona, Spain 08034
silvia.saenzdeormijana@bakermckenzie.com


This 7th day of July, 2026.

/s/ Moses M. Tincher
Moses M. Tincher
Georgia Bar No. 578906