**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | |
|---|---|
| **Magnet Forensics, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Mario Del Gaudio and Paradigm Shift Technology, S.L.,**<br><br>**Defendants.** | **Case No. 1:26-cv-03781-VMC** |

**DEFENDANT MARIO DEL GAUDIO'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(2) AND 12(B)(6)**

# TABLE OF CONTENTS


I. INTRODUCTION ....................................................................1

II. APPLICABLE LAW ................................................................2

III. ARGUMENT........................................................................4

A. Del Gaudio has no minimum contacts with the state of Georgia and Plaintiff pleads none. ..........................................4

B. The Agreement is insufficient to establish personal jurisdiction over Del Gaudio. ..................................................6

1. The Plaintiff in this case is not a party to the Agreement and cannot avail itself of the forum selection clause.........................................................6

2. Even if Plaintiff can avail itself of the Agreement, with respect to personal jurisdiction, the Agreement is only relevant as to Count III. ...........................................11

a. Outside of Count III, no other claims against Del Gaudio arise under, or concern, the Agreement..................12

b. Pendent personal jurisdiction should not be applied. .........14

C. Plaintiff fails to state a claim as a matter of law as to its common law counts. .....................................................15

1. Plaintiff cannot sustain its DTSA claim...............................15

2. The GTSA preempts Plaintiff's common law claims. .........18

3. Plaintiff cannot maintain a claim for tortious interference. ..........................................................20

IV. CONCLUSION ....................................................................22

# TABLE OF AUTHORITIES

## Cases

*Argos Glob. Partner Servs., LLC v. Ciuchini*, 446 F. Supp. 3d 1073, 1086 (S.D. Fla. 2020) ....3

*Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340 (11th Cir. 2012) ....12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)....4

*Bracewell v. Nicholson Air Servs*., Inc., 680 F.2d 103, 104 (11th Cir. 1982)....10

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985) ....3

*Citro Fla., Inc. v. Citrovale, S.A*., 760 F.2d 1231, 1232 (11th Cir.1985)....14

*Cronin v. Washington Nat'l Ins. Co*., 980 F.2d 663, 671 (11th Cir. 1993) ....3

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1259 (11th Cir. 2010)....3

*Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1346 (N.D. Ga. 2007) ....20

*Ecochem Australia Pty Ltd. v. CST Sys. Inc.*, No. 1:22-CV-4908-TWT, 2023 WL 6276354, at *3, n.2 (N.D. Ga. Sept. 26, 2023) ....22

*Enterprise Fin. Corp. v. Ross White Enterp., Inc.,* 212 Ga. App. 318, 320, 441 S.E.2d 805 (1994) ....9

*FTI Consulting, Inc. v. Secretariat Advisors, LLC*, No. 1:24-CV-1356-TWT, 2025 WL 756024, at *9 (N.D. Ga. Mar. 7, 2025) ....15

*Georgia Power Co. v. ABB Inc.*, No. 4:17-CV-00125-HLM, 2019 WL 11505721, at *10 (N.D. Ga. Feb. 27, 2019), *aff'd,* 811 F. App'x 517 (11th Cir. 2020). ....8, 9

*Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) ....14

*Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006) ....4

*HLD Enters., Inc. v. Michelin N. Am., Inc.*, No. CIV.A.1:03 CV 2558 T, 2004 WL 2095739, at *4 (N.D. Ga. June 29, 2004) ........21

*Ins. Co. of Pennsylvania v. APAC-Se., Inc.*, 297 Ga. App. 553, 558, 677 S.E.2d 734, 739 (2009) ........9

*Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.,* 533 F.3d 1342, 1347 (11th Cir. 2008) ........13

*Lawson v. Life of the S. Ins. Co*., 648 F.3d 1166, 1167 (11th Cir. 2011) ........6

*Ledbetter v. Cloud 9 Online Smoke & Vape, LLC*, No. 1:24-CV-00538-SDG, 2026 WL 897015, at *9 (N.D. Ga. Mar. 31, 2026) ........14, 15

*Magicon, LLC v. Weatherford Int'l, Inc*., No. 4:08-CV-03636, 2009 WL 7868862, at *2 (S.D. Tex. Aug. 14, 2009) ........10

*Misson v. Robles*, No. 22-CV-01744-AGT, 2022 WL 17225938, at *2 (N.D. Cal. Nov. 25, 2022) ........17

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 487 (7th Cir. 2014) ........16

*Nat'l Convenience Distributors, LLC v. Mountain Candy & Cigar Co*., No. 25-CV-00259 (ER), 2026 WL 862105, at *6 (S.D.N.Y. Mar. 27, 2026) ........17

*Omnicom Group v. 880 W. Long Lake Assocs.*, 504 F. App'x 487, 491 (II) (A) (6th Cir. 2012) ........11

*OnAxis Franchising Grp., LLC v. Harod*, No. 1:23-CV-4835-MHC, 2023 WL 11959664, at *7 (N.D. Ga. Dec. 28, 2023) ........5, 6

*Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ........4

*Penalty Kick Mgmt. Ltd. v. Coca-Cola Co.*, 318 F.3d 1284, 1297-98 (11th Cir. 2003) ........18

*Powell Co. v. McGarey Grp., LLC*, 508 F. Supp. 2d 1202, 1213 (N.D. Ga. 2007) ..9

*RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 788 (11th Cir. 2014). ........15

*Salinas v. Atlanta Gas Light Co.*, 347 Ga. App. 480, 484, 819 S.E.2d 903, 907 (2018) ........10

*Sweet City Landfill, LLC v. Lyon*, 352 Ga. App. 824, 834, 835 S.E.2d 764, 774 (2019) ....................21

*Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1115 (11th Cir. 2001) ....................13

*Travelers Indem. Co. v. United States*, 543 F.2d 71, 76 (III) (9th Cir. 1976) .........10

*United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)......................5

*Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Ltd.*, No. 1:13-CV-2040-WSD, 2014 WL 4093669, at *3 (N.D. Ga. Aug. 18, 2014).....................2, 3

*WestRock, LLC v. Sealey*, No. 2:20-CV-00180-RWS, 2021 WL 2637391, at *4 (N.D. Ga. Mar. 23, 2021)....................19, 20

**Statutes**

18 U.S.C. § 1837(2). ....................16

Fed. R. Civ. P. 12(b)(2).................... *passim*

Fed. R. Civ. P. 12(b)(6).................... *passim*

O.C.G.A. § 9-10-91....................4

O.C.G.A. §10-1-767....................18

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant Mario Del Gaudio ("Defendant" or "Del Gaudio") moves this Court for an order dismissing Magnet Forensics, LLC's ("Plaintiff") claims against Defendant with prejudice.

## I. INTRODUCTION

Despite not being a party to the proprietary rights, intellectual property and restrictive covenants agreement entered into between Magnet Forensics Inc. and Defendant (the "Agreement"), Plaintiff sues Del Gaudio for breach of the same along with other claims relating to trade secret misappropriation. Plaintiff makes no allegations that Del Gaudio has any connection to the state of Georgia or that this Court has personal jurisdiction over Del Gaudio due to contact with the state of Georgia. Instead, Plaintiff alleges a few short sentences regarding a section of the Agreement relating to a forum selection clause.

This clause cannot bear the weight Plaintiff places on it. Plaintiff's complaint should be dismissed, as it is not a party to the very Agreement Plaintiff rests its personal jurisdiction position on. Even if Plaintiff is considered a party, the Agreement is only relevant with respect to Count III (for breach of the Agreement). Plaintiff's other claims should be dismissed, as Del Gaudio has no minimum contacts

with the state of Georgia and the forum selection clause in the Agreement cannot be expanded to the other claims in this case.

Further, the Complaint never alleges how Del Gaudio supposedly acquired the claimed trade secret. Plaintiff admits that its former employee, Del Gaudio, was "exposed" to the alleged trade secret by attending meetings, but "was specifically tasked with designing a separate, unrelated tool for testing another capability." Compl. at ¶¶ 33-35. Nowhere does the Complaint allege any facts that give rise to a plausible inference regarding misappropriation by Del Gaudio. Plaintiff's other claims also fail under Georgia law because they are premised on the same operative facts as Plaintiff's misappropriation claim or are otherwise inadequately pled.

## II. APPLICABLE LAW

Courts may exercise specific personal jurisdiction over a defendant only where the exercise of such jurisdiction (1) is permitted under the state's long-arm statute and (2) does not violate the Due Process Clause of the Fourteenth Amendment. *Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Ltd.*, No. 1:13-CV-2040-WSD, 2014 WL 4093669, at *3 (N.D. Ga. Aug. 18, 2014) (citation omitted). "In Georgia, the two inquiries are distinct because the Georgia long-arm statute imposes obligations that a plaintiff must establish that are independent of

procedural due process requirements." *Id.* (citing *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1259 (11th Cir. 2010)).

To satisfy the Georgia long-arm statute, a plaintiff must establish that jurisdiction is permitted under an express statutory provision, interpreted and applied literally. *Diamond Crystal*, 593 F.3d at 1259 & n.10. To satisfy the constitutional requirement, the defendant must have "fair warning" of potential litigation in Georgia by establishing "minimum contacts" with the state, *Websters Chalk*, 2014 WL 4093669, at *3 (internal citation omitted), and the exercise of jurisdiction must comport with "traditional conception[s] of fair play and substantial justice," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985) (internal citation omitted).

Critically, "[s]pecific jurisdiction is *claim-specific*, and a court may hold it has specific personal jurisdiction over a defendant as to one claim but not as to another in the same suit." *Argos Glob. Partner Servs., LLC v. Ciuchini*, 446 F. Supp. 3d 1073, 1086 (S.D. Fla. 2020) (citing *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993)) (emphasis added). Any claim for which the Court lacks personal jurisdiction over Del Gaudio must be dismissed pursuant to Rule 12(b)(2).[1]

---

[1] Additionally, whether the Court can properly exercise personal jurisdiction over a defendant must be answered in the affirmative for an injunction to be enforceable. *See Viral DRM*, 688 F. Supp. 3d at 1275 (N.D. Ga. 2023) ("[T]he most basic

When considering a motion to dismiss under Rule 12(b)(6), the Court assumes the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *See Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

## III. ARGUMENT

### A. Del Gaudio has no minimum contacts with the state of Georgia and Plaintiff pleads none.

Del Gaudio has no minimum contacts with the state of Georgia that satisfies either Georgia law or the 14th Amendment. To satisfy Georgia's long-arm statute, Plaintiff must establish that jurisdiction is permitted under an express statutory provision of O.C.G.A. § 9-10-91. Plaintiff does not do this and does not plead any facts regarding these requirements. Instead, Plaintiff relies entirely on the

prerequisite for a TRO is adequately establishing that the Court may exercise personal jurisdiction over the defendants.").

Agreement, merely alleging that "[t]his Court has personal jurisdiction over Del Gaudio because Del Gaudio expressly consented to the exclusive personal jurisdiction of this Court under the terms of the Agreement. Ex. A. § 12. Del Gaudio waived all possible objections to personal jurisdiction and venue of this Court. *Id.*" Compl. at ¶ 12.

Similarly, Plaintiff fails to plead any facts pertaining to minimum contacts required under the 14th Amendment. This is insufficient to plead personal jurisdiction outside of the Agreement. "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *OnAxis Franchising Grp., LLC v. Harod*, No. 1:23-CV-4835-MHC, 2023 WL 11959664, at *7 (N.D. Ga. Dec. 28, 2023) (internal quotation marks and citations omitted).

The fact is, Del Gaudio has no contact with the state of Georgia that would satisfy its long-arm statute or the minimum contacts analysis. He currently resides in Spain. Del Gaudio Decl. ¶ 3. He does not reside in the state of Georgia and has never resided in the state of Georgia. Del Gaudio Decl. ¶ 3. He does not work in the state of Georgia and has never worked in the state of Georgia. Del Gaudio Decl. ¶ 4. During the time he was engaged in work under the Agreement, he lived and worked in Turin, Italy. Del Gaudio Decl. ¶ 5. He did not work from, nor visit, the state of

Georgia. Del Gaudio Decl. ¶ 5. Further, he does not own property in the state of Georgia and has never owned property in the state of Georgia. Del Gaudio Decl. ¶ 6. Finally, he does not transacted business in the state of Georgia and has never transacted business in the state of Georgia. Del Gaudio Decl. ¶ 7.

Thus, not only has Plaintiff failed to plead facts that would carry its burden regarding personal jurisdiction, Del Gaudio has made a sufficient showing that in fact, setting aside the Agreement, the Court does not have personal jurisdiction over him. *See OnAxis*, 2023 WL 11959664, at *7 ("However, if a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, the plaintiff then bears the burden of producing evidence supporting jurisdiction.") (internal quotations and citations omitted).

Plaintiff is thus left with only its allegations under the Agreement, which are themselves insufficient.

### B. The Agreement is insufficient to establish personal jurisdiction over Del Gaudio.

#### 1. The Plaintiff in this case is not a party to the Agreement and cannot avail itself of the forum selection clause.

"A rule of contract law is that one who is not a party to an agreement cannot enforce its terms against one who is a party." *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1167 (11th Cir. 2011). Plaintiff bases its ability to enforce the Agreement

against Del Gaudio on its alleged affiliation with the actual party to the agreement, Magnet Forensics Inc. This position fails.

First, "Company," as defined in the Agreement, does not encompass affiliates. Plaintiff alleges that "[t]he Agreement at issue in this action was executed between Magnet Forensics Inc. 'and its affiliates' (defined therein as the 'Company') and Del Gaudio. The Agreement defines 'Company' to include Magnet Forensics Inc. and its affiliates. *Magnet Forensics, LLC, as an affiliate of Magnet Forensics Inc*., is a direct beneficiary of and entitled to enforce the Agreement." Compl. at ¶ 7 (emphasis added). But reading the Agreement points against this interpretation.

The preamble of the Agreement attempts to define Magnet Forensics Inc. and its "affliates" as the Company. Assuming "affliates" is meant to say "affiliates," this definition of the Company is contradicted by the rest of the Agreement. Section 3 concerning proprietary rights states that Del Gaudio shall obtain rights in any property of "the Company or its successors, affiliates or related companies ('Affiliates')." Agreement, Section 3.1. This defined "Affiliates" term is used throughout the Agreement in conjunction with the defined term "Company" (e.g., in Section 3.1 "related to the business of the Company or its successors, Affiliates or related companies"). This usage indicates that "Company," as used in the Agreement, is not meant to include affiliates - based on the definition of Affiliate

and its use throughout the Agreement. Thus, Plaintiff is not a party to the Agreement and the use of Company in Section 12 does not encompass affiliates and does not encompass Plaintiff.

Further, including affiliates in the definition of Company would lead to redundant usage throughout the Agreement amounting to Del Gaudio having obligations to Magnet Forensics Inc., its affiliates, and the defined term Affiliates. This situation should be avoided. A nearly identical situation was addressed by this Court in *Georgia Power Co. v. ABB Inc.*, No. 4:17-CV-00125-HLM, 2019 WL 11505721, at *10 (N.D. Ga. Feb. 27, 2019), *aff'd,* 811 F. App'x 517 (11th Cir. 2020). There, this Court found that the defined term "Company" did not include affiliates due to separate usage of terms "Company" and "Affiliates."

> Here, the Master Agreement and Amendment One frequently discuss "Company" and its "Affiliates" in the same sentence. To give only a few examples, the contract documents refer to: "tools, property, or equipment owned or leased by Company or Affiliates...." (Master Agreement at 39); "Company's and any applicable Affiliate's most current rules" (Id. at 44); "methods of doing business of Company, Affiliates or business partners/contractual parties" (Id. at 40); and "data or content ... provided to Contractor by Company or Affiliates, or a third party on behalf of Company or Affiliates" (Amendment One at 4). If the term "Company" already included Georgia Power, as ABB says, then it would have been redundant and unnecessary to use the additional term "Affiliate" in these paragraphs. Georgia law requires courts to presume, whenever possible, that contracting parties do not use duplicative names for the same thing. For this reason, the Court must reject ABB's reading of the word "Company," even if that term is

ambiguous.

*Id.* at *10.

Georgia courts typically hold that parties to a contract do not use two terms to refer to the same thing in the same provision. *See, e.g., Ins. Co. of Pennsylvania v. APAC-Se., Inc.*, 297 Ga. App. 553, 558, 677 S.E.2d 734, 739 (2009). Here the Agreement's use of Company and Affiliate indicate that the "Company" does not include affiliates. *See Georgia Power*, 2019 WL 11505721, at *10 ("Georgia's rules of contract construction require the same result. Georgia law strongly disfavors any reading of a contract that would render some of the terms redundant or meaningless. See O.C.G.A. § 13-2-2(4)").

Further, as Del Gaudio did not participate in drafting the Agreement (Del Gaudio Decl. ¶ 8) any ambiguity must be held against the drafter, Magnet Forensics Inc. (and the Plaintiff). *See Powell Co. v. McGarey Grp., LLC*, 508 F. Supp. 2d 1202, 1213 (N.D. Ga. 2007) (the "Court must construe this provision against the drafter") *citing Enterprise Fin. Corp. v. Ross White Enterp., Inc.,* 212 Ga. App. 318, 320, 441 S.E.2d 805 (1994) (court shall construe contract against the drafter). Further, Del Gaudio did not believe he was waiving any jurisdictional rights as to affiliates of Magnet Forensics Inc. Del Gaudio Decl. ¶ 9. It would thus be inequitable to allow

any entity who claims to be an affiliate of Magnet Forensics Inc. to haul Del Gaudio into a Georgia court based on the Agreement.

Second, it is Plaintiff's burden to plead that it is a party to, or can avail itself of, the Agreement. Plaintiff has not met this burden. A motion to dismiss should be granted if Plaintiff fails to allege "sufficient facts ... to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Bracewell v. Nicholson Air Servs*., Inc., 680 F.2d 103, 104 (11th Cir. 1982).

Here, neither Plaintiff nor the Agreement define what an affiliate is. *See Salinas v. Atlanta Gas Light Co.*, 347 Ga. App. 480, 484, 819 S.E.2d 903, 907 (2018) ("courts from other jurisdictions have found that common ownership is not alone sufficient to establish that two entities are affiliated."); *see also Travelers Indem. Co. v. United States*, 543 F.2d 71, 76 (III) (9th Cir. 1976) ("[A]ffiliated" envisions "an intimate business relationship in which significant aspects of financial and managerial control of [one party] and the affiliate ... are integrated. More is required than common ownership...."); *Magicon, LLC v. Weatherford Int'l, Inc*., No. 4:08-CV-03636, 2009 WL 7868862, at *2 (S.D. Tex. Aug. 14, 2009) (examining the derivation and several definitions of "affiliate," thereby showing a significant basis for concluding that corporate siblings are not affiliates where neither has control over the other); *Omnicom Group v. 880 W. Long Lake Assocs.*, 504 F. App'x 487,

491 (II) (A) (6th Cir. 2012) ("[T]here is no one definition of 'affiliates.' "). These varied definitions coupled with the lack of a definition of what an affiliate is in the Agreement points to an ambiguity that should not be held against Del Gaudio and a failure to plead on behalf of Plaintiff.

Here, all Plaintiff does is make conclusions that it is an affiliate of Magnet Forensics Inc. Compl. at ¶¶ 7, 27-29. No facts are alleged regarding this alleged affiliation as applicable under the Agreement and Plaintiff has not alleged it was an affiliate of Magnet Forensics Inc. *at the time the Agreement was entered into*.

The failure to plead affiliation is underscored by Plaintiff's inclusion of an assignment statement – "[t]o the extent necessary, Magnet Forensics Inc. has assigned to Magnet Forensics, LLC all rights under the Agreement, as expressly permitted by Section 14 of the Agreement." Compl. at 29. Again, it is unclear if this assignment has actually been made and undercuts Plaintiff's position that it can avail itself of the Agreement as an affiliate of Magnet Forensics Inc.

**2. Even if Plaintiff can avail itself of the Agreement, with respect to personal jurisdiction, the Agreement is only relevant as to Count III.**

As noted above, Plaintiff bases its entire personal jurisdiction allegations on Section 12 of the Agreement. But even if Plaintiff can avail itself of the Agreement, the language in Section 12 is limited and does not confer personal jurisdiction

outside of Count III. Further, Plaintiff cannot avail itself of pendent personal jurisdiction either, as this doctrine is tenuous in the Eleventh Circuit and the Court should exercise its discretion and not apply it to this case.

**a. Outside of Count III, no other claims against Del Gaudio arise under, or concern, the Agreement.**

"To determine if a claim falls within the scope of a clause, we look to the language of the clause." *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340 (11th Cir. 2012). Here, Section 12 states in relevant part that "Employee and the Company agree that the state courts of Fulton County, Georgia, and, if the jurisdictional prerequisites exist at the time, the federal courts in Fulton County, Georgia, shall have exclusive jurisdiction to hear and determine any dispute or controversy *arising under or concerning this Agreement*." Agreement at 8 (emphasis added). The only count that arguably arises under or concerns the Agreement is Count III, the breach of contract claim. The remaining claims against Del Gaudio are outside of the Agreement and could exist if the Agreement was never entered into by Del Gaudio and Magnet Forensics Inc.

The Eleventh Circuit has found that language broader than arising under or concerning,[2] such as "relates to" is still limited. *See Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.,* 533 F.3d 1342, 1347 (11th Cir. 2008). The *Underwriters* court found that "[plaintiff] could have breached its bond commitment and defrauded Triple I even if there had been no escrow agreement at all." *Id*. at 1349. Similarly, here, Plaintiff's allegations here outside of Count III could exist without the Agreement.

And in fact, Plaintiff does not allege that its claims arise under or concern the Agreement at all. The fact that Plaintiff brings all Counts (other than Counts III and V) against both Del Gaudio and Paradigm is evidence that these Counts in fact do not concern the Agreement. There is no agreement between Plaintiff and Paradigm nor has Plaintiff alleged Paradigm is a party to the Agreement, yet Plaintiff still sues Paradigm for essentially the same causes of action as Del Gaudio.

Finally, Section 12 should be construed against Plaintiff, as Magnet Forensics Inc. drafted the Agreement. Magnet Forensics Inc. chose to use the more limited

---

[2] In the context of arbitration, the Eleventh Circuit noted that "[t]he Court rejected arbitration of the ensuing tort claim on the ground that the 'complaint at bar is not the result of a difference or dispute arising out of the Charter.' *Id.* at 1154. However, in both *Texaco* and *Seaboard,* the arbitration clause had 'arising out of' or 'arising under' language, but did not include 'or related to' language." *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1115 (11th Cir. 2001).

language of "arising under or concerning" and Plaintiff should not be allowed to sweep all claims it has against Del Gaudio under this language. *See Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (citing *Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir.1985)) (finding that if no other contract principles point to a particular meaning, the court will prefer the reasonable interpretation that operates more strongly against the party who drafted the document).

**b. Pendent personal jurisdiction should not be applied.**

It is unclear if the doctrine of pendant personal jurisdiction is recognized in the Eleventh Circuit. *See Ledbetter v. Cloud 9 Online Smoke & Vape, LLC*, No. 1:24-CV-00538-SDG, 2026 WL 897015, at *9 (N.D. Ga. Mar. 31, 2026) ("It is unclear whether the Eleventh Circuit has even recognized the doctrine. *See Moore*, 488 F. Supp. 3d. at 1160 (noting that 'Eleventh Circuit law on [supplemental personal jurisdiction] is sparse' and citing two Eleventh Circuit cases which do not include the words 'supplemental' or 'pendent personal jurisdiction')"). Given the tenuous position of the doctrine, it should not be applied.

If the Court does exercise personal jurisdiction over Count III for breach of the Agreement, applying pendant personal jurisdiction to the remaining Counts is not warranted – as there was no "jurisdiction generating event." *See RMS Titanic,*

*Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 788 (11th Cir. 2014). As noted above, Del Gaudio has no contact with the state of Georgia and thus personal jurisdiction fails under both Georgia law and under the minimum contacts analysis. There is thus no event giving rise to jurisdiction to act as the hook for pendent personal jurisdiction.

Finally, as noted by the *Ledbetter* court, even where pendent personal jurisdiction is recognized, district courts have discretion to decline to exercise it. *Ledbetter*, No. 1:24-CV-00538-SDG, 2026 WL 897015, at *9. If the Court decides to recognize pendent personal jurisdiction, it should not be applied in this case. The Agreement should not act as a door to usher in a host of claims Plaintiff has against Defendant not related to the Agreement and brought by an entity that was not a party to the Agreement.

**C. Plaintiff fails to state a claim as a matter of law as to its common law counts.**

**1. Plaintiff cannot sustain its DTSA claim.**

Plaintiff cannot maintain its claim under both the DTSA and the Georgia Trade Secret Act (GTSA)[3] because it has not alleged that one or more defendant committed an act in furtherance of the offense in the United States.

[3] *See FTI Consulting, Inc. v. Secretariat Advisors, LLC*, No. 1:24-CV-1356-TWT, 2025 WL 756024, at *9 (N.D. Ga. Mar. 7, 2025) (noting that "the language of the

The DTSA only applies extraterritorially if "an act in furtherance of the offense was committed in the United States." 18 U.S.C. § 1837(2). Absent from the Complaint are any allegations of any act in furtherance of the alleged misappropriation occurring in the U.S. The Complaint is silent as to the "act" committed by Del Gaudio in the U.S. in furtherance of the alleged misappropriation. That "act" cannot be "exposure" to a trade secret, as alleged by Plaintiff. Rather, "it must manifest that the [offense] is at work and is not simply a project in the minds of the offenders…" *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 487 (7th Cir. 2014) (internal quotation marks omitted).

Nowhere in the Complaint does Plaintiff allege an act of misappropriation by Del Gaudio – that he copied or downloaded data, research material, source code, or meeting materials. Plaintiff only alleges that Del Gaudio "participated in weekly team meetings" at which he had "direct exposure" to Plaintiff's "MSG capability." Compl. at ¶ 33. The nature of that "exposure" is not explained in any detail by Plaintiff nor does Plaintiff offer any facts as to the time frame of those meetings.

Plaintiff further alleges that, in April 2024, Del Gaudio "participated" in meetings where the trade secret was discussed – again, offering no details as to the

---

DTSA is nearly identical to that of the GTSA…[and] [t]he Court will thus treat the two statutes as one.").

nature or extent of that 'participation.' *Id.* ¶ 34. Finally, Plaintiff alleges that "Del Gaudio was specifically tasked with designing a ***separate, unrelated tool for testing another capability***" for which he "made use" of the trade secret. *Id.* ¶ 35 (emphasis added). Plaintiff offers no facts as to the nature of that "use" and speculates that "it was likely dozens of times" with no further explanation. Del Gaudio left Magnet Forensics in November 2024. *Id.* ¶ 36. Exposure to a trade secret is not an "act" in furtherance of misappropriation. That single, conclusory allegation does not give rise to a plausible claim for trade secret misappropriation. *See Misson v. Robles*, No. 22-CV-01744-AGT, 2022 WL 17225938, at *2 (N.D. Cal. Nov. 25, 2022) (finding that an allegation "without any factual support" that defendants "misappropriated the Trade Secrets since they were acquired by improper means" was insufficient to state a claim for relief) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Nat'l Convenience Distributors, LLC v. Mountain Candy & Cigar Co.*, No. 25-CV-00259 (ER), 2026 WL 862105, at *6 (S.D.N.Y. Mar. 27, 2026) (finding that plaintiff "cannot state a claim based on [defendant's] acquisition of any trade secret by improper means because the complaint offers no non-conclusory allegations to support this theory" and no factual allegations to support the contention). Here, where the Complaint offers no facts as to ***how*** the trade secrets were misappropriated, and the time frame between the alleged theft and disclosure is two

years, the Court must look at the single conclusory allegation with a critical eye.

Taking all well-pleaded facts as true for purposes of this Motion, including the timing of the disclosure, Counts I and II must be dismissed. If the Court dismisses the trade secret misappropriation claim, then all of Plaintiff's remaining common law claims must be dismissed as well for the reason that each of them rises and falls on the operative allegations that form the trade secret misappropriation claim.

**2. The GTSA preempts Plaintiff's common law claims.**

If Plaintiff is able to maintain its trade secret misappropriation claims, its remaining tort claims are preempted by the GTSA and must be dismissed. The GTSA "shall supersede conflicting tort, restitutionary, and other laws…providing civil remedies for misappropriation of a trade secret," preserving only "contractual duties or remedies" and "other civil remedies … not based upon misappropriation." O.C.G.A. §10-1-767(a)-(b). The Eleventh Circuit applies the same test: common-law claims are superseded where "the full extent of each…is based upon a trade secret" and they "are no more than a restatement of the same operative facts which would plainly and exclusively spell out only trade secret misappropriation." *Penalty Kick Mgmt. Ltd. v. Coca-Cola Co.*, 318 F.3d 1284, 1297-98 (11th Cir. 2003). Here, Count IV (tortious interference with business relationships), Count VI (unjust enrichment), and Count VII (civil conspiracy) rest entirely on the same allegations

as the underlying trade secret misappropriation claim and must be dismissed.

The claim for tortious interference (Count IV) is an impermissible recasting of Plaintiff's trade secret misappropriation claim. The operative allegations of Count IV are centered on the "disclos[ure] of Magnet Forensics' confidential information and trade secrets" and that harm alleged in that Count is to Plaintiff's "competitive position." *See* Compl. at ¶¶ 123, 128, 148, and 149. Any reliance by Plaintiff on the other allegations in Count IV ignores that they are wholly conclusory and/or tantamount to legal conclusions. *See id.* at ¶¶ 145-46, 149-50; *see also WestRock, LLC v. Sealey*, No. 2:20-CV-00180-RWS, 2021 WL 2637391, at *4 (N.D. Ga. Mar. 23, 2021) (disregarding allegations that were legal conclusions when assessing preemption of a tort claim by the GTSA). Plaintiff itself recognizes the overlap between this claim and its claim under the GTSA. *See* Compl. at ¶ 151 ("To the extent that this claim is based on the same conduct as Magnet Forensics' trade secret claims, it is pleaded in the alternative."). The claim is futile under Georgia law and should be dismissed. *See Westrock*, 2021 WL 2637391, at *4 (dismissing a tortious interference claim that was based on the same factual allegations as the GTSA claim).

Plaintiff's claim for unjust enrichment "assert[ ] no independent conduct or injury besides that [defendant] was enriched by the value of [plaintiff's] proprietary

information." *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1346 (N.D. Ga. 2007). Plaintiff alleges that "Defendants have been unjustly enriched by their unauthorized use and disclosure of Magnet Forensics' trade secret information, including by using it to develop, market, and sell competing products and services." Compl. at ¶ 170. The entirety of the allegations in Count VI of the Complaint are tethered to Plaintiff's claim for trade secret misappropriation. *See id.* at ¶¶ 167-171. The claim is superseded by the GTSA.

Count VII for civil conspiracy suffers from the same defect. The operative allegations of Plaintiff's conspiracy claim is a restatement of Plaintiff's claim for trade secret misappropriation under the GTSA. Compl. at ¶¶ 96, 98. In fact, Plaintiff even acknowledges that "to the extent this claim is based on the same conduct as Magnet Forensics' trade secret claims, it is pleaded in the alternative." *Id.* at ¶ 178. The claim is not available in the alternative. It "seek[s] recovery for precisely the same conduct and resulting injury as [plaintiff] alleged was caused by the misappropriation of its trade secrets: the taking of supposedly proprietary information." *Diamond Power*, 540 F. Supp. 2d at 1346; *see also Westrock*, 2021 WL 2637391, at *5 (dismissing a civil conspiracy claim that was based on the same factual allegations as the GTSA claim).

**3. Plaintiff cannot maintain a claim for tortious interference.**

A claim for tortious interference, by definition, must allege that a defendant directed conduct at plaintiff's customers. *See Sweet City Landfill, LLC v. Lyon*, 352 Ga. App. 824, 834, 835 S.E.2d 764, 774 (2019) ("An essential element of a tortious interference with business relations claim is that the alleged tortfeasor induced a third party or parties not to enter into or continue a business relationship with the plaintiff.") (internal quotation marks omitted). Here, Plaintiff merely alleges, albeit in a conclusory manner, that "[b]y publishing the usbliter8 Exploit Blog Post and disclosing Magnet Forensics' proprietary access capability methodology, Defendants sought to induce Magnet Forensics' current and prospective customers to terminate or refrain from engaging in business with Magnet Forensics…" Compl. at ¶ 148.

The publishing of a blog post cannot constitute the inducement required by this claim because it is universally available and, as here, is not ***directed*** at any person or entity. *See HLD Enters., Inc. v. Michelin N. Am., Inc.*, No. CIV.A.1:03 CV 2558 T, 2004 WL 2095739, at *4 (N.D. Ga. June 29, 2004) (holding that a plaintiff must allege some form of "direct inducement to a third party" because "[a] claim for improper interference with business relations will not lie simply because part of a plaintiff's damage is that others did not want to do business with him"). Further, Plaintiff neither identifies any lost customers nor alleges that it lost any customers.

Absent one or the other, the claim must fail. *See Ecochem Australia Pty Ltd. v. CST Sys. Inc.*, No. 1:22-CV-4908-TWT, 2023 WL 6276354, at *3, n.2 (N.D. Ga. Sept. 26, 2023) (declining to dismiss a claim for tortious interference when the plaintiff did not name a lost customer but alleged that a customer stopped buying a product from it).

## IV. CONCLUSION

For these reasons, Del Gaudio respectfully requests that this Court dismiss the claims against Del Gaudio for lack of personal jurisdiction and dissolve the preliminary injunction for the same reason. Alternatively, Del Gaudio requests that this Court dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth above.

DATE: August 12, 2026

Respectfully Submitted,

/s/ *Luke Anderson*
Luke Anderson (GA Bar No. 018330)
**Advanced Technology Law**
(Luke Anderson P.C.)
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338-7702
Telephone: (404) 991-2241
Fax: (404) 935-0927
Email: Landerson@advtechlaw.com

Siddhesh V. Pandit, VA Bar No. 75,686 (*pro hac vice to be submitted*)
svp@maierandmaier.com
Christopher J. Maier, VA Bar No. 70,185 (*pro hac vice to be submitted*)
cjm@maierandmaier.com
Michael R. Casey, VA Bar No. 43,919 (*pro hac vice to be submitted*)
mrc@maierandmaier.com

**MAIER & MAIER PLLC**
345 South Patrick Street
Alexandria, VA 22314
(703) 740-8322 (phone)
(703) 991-7071 (fax)

Thomas J. Gohn, TX Bar No. 24097742
*(pro hac vice to be submitted)*
tjg@maierandmaier.com

**MAIER & MAIER PLLC**
8750 N. Central Expressway
Suite 1850
Dallas, Texas 75231
(703) 740-8322 (phone)
(703) 991-7071 (fax)

***Attorneys for Mario Del Gaudio***

## CERTIFICATE OF SERVICE

On August 12, 2026, the foregoing was electronically filed using the Court's CM/ECF system, which sent notification of such filing to all registered counsel of record for Plaintiff.

By: /s/ *Luke Anderson*
Luke Anderson

## CERTIFICATE OF PREPARATION

The undersigned certifies that the brief has been prepared with size 14 Times New Roman font in compliance with LR 5.1(B).

By: /s/ *Luke Anderson*
Luke Anderson