**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MAGNET FORENSICS, LLC,<br><br>Plaintiff,<br><br>*v.*<br><br>MARIO DEL GAUDIO and PARADIGM SHIFT TECHNOLOGY, S.L.,<br>Defendants. | Case No.: 1:26-cv-03781-VMC |

**DEFENDANT PARADIGM SHIFT TECHNOLOGY S.L.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM PURSUANT TO <u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)</u>**

Shattuck Ely
Georgia Bar No. 246944
FELLOWS LABRIOLA LLP
Suite 2400, Harris Tower
233 Peachtree St., NE
Atlanta, Georgia 30303
(404) 586-9200
tely@fellab.com

*Attorneys for Defendant Paradigm Shift Technology, S.L.*

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. RELEVANT FACTS ..... 2

III. THE COURT LACKS PERSONAL JURISDICTION OVER PARADIGM ..... 4

A. The Complaint Does Not Allege Facts Demonstrating that the Exercise of Personal Jurisdiction is Proper ..... 4

B. Plaintiff Misstates the Law as to the Basis for Jurisdiction ..... 4

C. No Facts Exist that Would Permit the Exercise of Jurisdiction Under the Georgia Long-Arm Statute ..... 6

1. Paradigm Does Not Regularly Do Business, Solicit Business, or Engage in a Persistent Course of Conduct in Georgia Under O.C.G.A. § 9-10-91(3) ..... 7

2. O.C.G.A. § 9-10-91(1) Does Not Apply Because Paradigm Has Not Transacted Any Business in Georgia ..... 9

3. Paradigm Has Committed No Tortious Act in Georgia ..... 11

D. The Exercise of Jurisdiction Over Paradigm Violates the Due Process Clause ..... 11

E. The Exercise of Personal Jurisdiction Under Fed. R. Civ. P. 4(k)(2) is Improper ..... 13

IV. PLAINTIFF FAILS TO STATE A CLAIM AS A MATTER OF LAW ..... 15

A. Plaintiff Cannot Sustain Its DTSA or GTSA Claims ..... 16

B. The GTSA Preempts Plaintiff's Common Law Claims ..... 21

C. Plaintiff Cannot Maintain a Claim for Tortious Interference ..... 24

V. CONCLUSION ........................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amendia, Inc. v. Omni Surgical, LLC*,
No. 1:12-CV-1168, 2012 U.S. Dist. LEXIS 203104 (N.D. Ga. Sept. 25, 2012) ....................22

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................18

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ....................16

*Butler v. Sukhoi Co.*,
579 F.3d 1307 (11th Cir. 2009)....................13

*Cpap Life, LLC v. Zopec Med. LLC*,
No. 1:21-CV-2103, 2021 U.S. Dist. LEXIS 252486 (N.D. Ga. Dec. 6, 2021) ....................10

*Cole v. Young*,
No. 1:24-CV-1897, 2025 U.S. Dist. LEXIS 110221 (N.D. Ga. May 2, 2025) ....................16

*Diamond Crystal Brands, Inc. v. Food Movers Int'l*,
593 F.3d 1249 (11th Cir. 2010)....................10

*Diamond Power Int'l, Inc. v. Davidson*,
540 F. Supp. 2d 1322 (N.D. Ga. 2007) ....................23

*Ecochem Australia Pty Ltd. v. CST Sys. Inc.*,
No. 1:22-CV-4908, 2023 U.S. Dist. LEXIS 171114 (N.D. Ga. Sept. 26, 2023) ....................25

*Flux Drive, Inc. v. Sparks*,
No. 24-cv-02784, 2025 U.S. Dist. LEXIS 158039 (D. Colo. May 28, 2025) ....................5

*FTI Consulting, Inc. v. Secretariat Advisors, LLC*,
No. 1:24-CV-1356, 2025 U.S. Dist. LEXIS 42283 (N.D. Ga. Mar. 7, 2025) ........ 16

*Fuld v. Palestine Liberation Org.*,
606 U.S. 1 (2025) ........ 13, 14, 15

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
218 F.3d 1247 (11th Cir. 2000) ........ 4

*Gust v. Flint*,
257 Ga. 129, 356 S.E.2d 513 (1987) ........ 11

*Hardy v. Regions Mortg., Inc.*,
449 F.3d 1357 (11th Cir. 2006) ........ 16

*HLD Enters. v. Michelin N. Am., Inc.*,
No. 1:03-CV-2558, 2004 U.S. Dist. LEXIS 18958 (N.D. Ga. June 29, 2004) ........ 25

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ........ 12

*Kyte Centrifuge, LLC v. Farr*,
No. 3:22-cv-00095, 2023 U.S. Dist. LEXIS 98505 (M.D. Ga. June 6, 2023) ........ 8

*LabMD, Inc. v. Tiversa, Inc.*,
509 F. App'x 842 (11th Cir. 2013) ........ 9

*Misson v. Robles*,
No. 22-cv-01744, 2022 U.S. Dist. LEXIS 213139 (N.D. Cal. Nov. 25, 2022) ........ 18

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*,
108 F.4th 458 (7th Cir. 2024) ........ 17

*Muller v. Zhaojie Tech. Int'l Co.*,
No. 23-cv-12662, 2026 U.S. Dist. LEXIS 89597 (D. Mass. Apr. 22, 2026) ........ 5

*Nat'l Convenience Distribs., LLC v. Mt. Candy & Cigar Co.*,
No. 25-cv-259, 2026 U.S. Dist. LEXIS 70777 (S.D.N.Y. Mar. 26, 2026) ........ 18, 20

*Omni Cap. Int'l v. Rudolf Wolff & Co.*,
484 U.S. 97, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) ........ 6

*Oxford Asset Mgmt., Ltd. v. Jaharis*,
297 F.3d 1182 (11th Cir. 2002) ........ 16

*Penalty Kick Mgmt. Ltd. v. Coca-Cola Co.*,
318 F.3d 1284 (11th Cir. 2003) ........ 21

*Perrigo Co. v. Merial Ltd.*,
215 F. Supp. 3d 1329 (N.D. Ga. 2016) ........ 10, 12

*Rodriguez v. Imperial Brands, PLC*,
No. 24-11487, 2026 U.S. App. LEXIS 21927 (11th Cir. July 23, 2026) ........ 5, 14

*SG Design & Mfg. Co. v. Vigor, Int'l Ltd.*,
No. 1:09-cv-750, 2010 U.S. Dist. LEXIS 166077 (N.D. Ga. May 18, 2010) ........ 6, 11

*Smietana v. Stephens*,
No. 22 C 708, 2023 U.S. Dist. LEXIS 94093 (N.D. Ill. May 30, 2023) ........ 5

*Sweet City Landfill, LLC v. Lyon*,
352 Ga. App. 824, 835 S.E.2d 764 (2019) ........ 24

*U.S. Sec. Assocs. v. Lumby*,
No. 1:18-CV-5331, 2019 U.S. Dist. LEXIS 229635 (N.D. Ga. Sept. 14, 2019) ........ 5, 9

*United Techs. Corp. v. Mazer*,
556 F.3d 1260 (11th Cir. 2009) ........ 4

*Viral DRM, LLC v. Unknown Counter Notificants*,
688 F. Supp. 3d 1271 (N.D. Ga. 2023) ........ 4, 6

*Walden v. Fiore*,
571 U.S. 277 (2014) ........ 12

*WAM U.S., Inc. v. Fierros*,
No. 1:22-cv-3131, 2022 U.S. Dist. LEXIS 245532 (N.D. Ga. Dec. 19, 2022) .......... 10, 11

*Westrock, LLC v. Sealey*,
No. 2:20-cv-00180, 2021 U.S. Dist. LEXIS 121769 (N.D. Ga. Mar. 23. 2021) .......... 21, 22, 24

**Statutes**

18 U.S.C. § 1839(6) .......... 17, 19

18 U.S.C. § 1837(2) .......... 17, 19

O.C.G.A. § 9-10-91 .......... *passim*

O.C.G.A. § 10-1-761 .......... 17, 19, 21

**Other Authorities**

Fed. R. Civ. P. 4(k) .......... 5, 13

Fed. R. Civ. P. 12(b)(6) .......... 1, 16, 25

1 *Milgrim on Trade Secrets* § 1.01(5)(b)(ii) (2025) .......... 20

Defendant Paradigm Shift Technology, S.L. ("Paradigm") respectfully moves the Court to dismiss Plaintiff Magnet Forensics, LLC's ("Plaintiff") Complaint against it for lack of personal jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). In support of its Motion, Paradigm states as follows:

## I. INTRODUCTION

On July 7, 2026, Plaintiff filed its Complaint alleging that Paradigm misappropriated what Plaintiff calls its proprietary "MSG" access capability. The Complaint never alleges how Paradigm supposedly acquired the claimed trade secret, or any fact suggesting Paradigm knew it derived from a breach of confidence. Plaintiff admits that its former employee, Defendant Mario Del Gaudio, was "exposed" to the alleged trade secret by attending meetings, but "was specifically tasked with designing a separate, unrelated tool for testing another capability." Compl. at ¶¶ 33-35. Nowhere does the Complaint allege any facts that give rise to a plausible inference that Paradigm knew of any misappropriation. Plaintiff's other claims also fail under Georgia law because they rest on the same operative facts as Plaintiff's misappropriation claim or are otherwise inadequately pleaded.

But even before the Court considers whether Plaintiff has, or can, adequately plead its claims, it must determine whether it may exercise personal jurisdiction over Paradigm. As a threshold matter, Plaintiff's jurisdictional theory rests on a

misstatement of law. Contrary to Plaintiff's claim, the Defend Trade Secrets Act ("DTSA") does not authorize nationwide service of process. Its civil-action provision confers original jurisdiction on federal district courts; it does not supply personal jurisdiction over a foreign defendant.

Plaintiff must establish personal jurisdiction is proper under Georgia's long-arm statute and federal due process.[1] Nevertheless, Plaintiff has pleaded no facts regarding Paradigm's contacts with Georgia. That is because no such facts exist. Paradigm is a Spanish *Sociedad Limitada* with its principal place of business in Spain. It is not registered to conduct business in Georgia, has no offices or employees in Georgia, conducts no business in Georgia, and has not purposefully availed itself of the privilege of conducting activities in Georgia or anywhere in the U.S.

Personal jurisdiction over Paradigm does not lie and would not be constitutionally permissible. The Complaint should be dismissed as to Paradigm.

## II. RELEVANT FACTS

Paradigm is organized as a *Sociedad Limitada* under the laws of Spain and is located at Calle Tanger 73, P. 6, 08018, Barcelona, Spain. Declaration of Leone Pontorieri ("Paradigm Decl.") at ¶ 3. Paradigm is not registered or licensed to do

[1] There can be no claim of general jurisdiction over Paradigm, nor does Plaintiff allege that general jurisdiction could lie over this foreign entity with no presence or operations in the United States.

business in Georgia, and it has no agents, employees, representatives, or members of management who reside in Georgia or anywhere in the U.S. *Id.* ¶¶ 4-5.

Paradigm does not conduct business in Georgia. *Id.* ¶¶ 6-8. It does not purchase, sell, promote, or provide any goods or services to or from customers or other persons in Georgia and does not target or direct any business activities at Georgia. *Id*. Paradigm does not lease or own real or personal property in the U.S., including in Georgia. *Id.* ¶ 11. Paradigm does not maintain a Georgia bank account or taxpayer identification number; does not pay taxes to the State of Georgia; and does not hold any Georgia licenses. *Id.* ¶¶ 12-13. Paradigm has not advertised in Georgia and has no customers in Georgia. *Id.* ¶¶ 9, 14. Paradigm derives no revenue from goods used or consumed, or services rendered, in the State of Georgia. *Id.* ¶ 15. Paradigm has never solicited business in Georgia and does not engage in any persistent course of conduct in the U.S., including in the state of Georgia. *Id.* ¶ 16. Importantly, the Complaint alleges no such contacts.

Plaintiff does not allege that Paradigm engaged in any conduct in Georgia relating to the activity that forms the basis for its claims, nor does Plaintiff point to any portion of the "usbliter8" publication that even suggests it is directed at Magnet Forensics or the State of Georgia. The "usbliter8" publication was authored and posted from Spain, does not reference or otherwise direct any action toward Georgia or the United States generally and is globally accessible. *Id.* ¶ 18.

## III. THE COURT LACKS PERSONAL JURISDICTION OVER PARADIGM

### A. The Complaint Does Not Allege *Prima Facie* Facts Demonstrating that the Exercise of Personal Jurisdiction is Proper

A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction. *Viral DRM, LLC v. Unknown Counter Notificants*, 688 F. Supp. 3d 1271, 1275 (N.D. Ga. 2023) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). And where, as here, the defendant refutes jurisdiction with competent evidence, the plaintiff must substantiate its jurisdictional allegations with evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000).

### B. Plaintiff Misstates the Law as to the Basis for Jurisdiction

The Complaint does not allege that Paradigm has persistent contacts in Georgia or is otherwise located in this State. Instead, Plaintiff bases its conclusory jurisdictional allegations on the DTSA, claiming that it "authorizes nationwide service of process and the exercise of personal jurisdiction consistent with the law of the state…or constitutional due process." Compl. at ¶ 13. Plaintiff then hinges personal jurisdiction on its allegation that the tortious acts alleged in the Complaint were "directed at and caused injury to Magnet Forensics" in Georgia. *Id.*

Plaintiff's reliance on the DTSA to establish personal jurisdiction misstates the law. Contrary to Plaintiff's allegation (*see* Compl. at ¶ 13), the ***DTSA does not***

***provide for nationwide service of process that would confer personal jurisdiction over all defendants***. *See U.S. Sec. Assocs. v. Lumby*, No. 1:18-CV-5331, 2019 U.S. Dist. LEXIS 229635, at *8-9 (N.D. Ga. Sept. 14, 2019) (examining whether personal jurisdiction existed under Georgia's long-arm statute and the Due Process Clause in a case alleging violations of DTSA); *see also Muller v. Zhaojie Tech. Int'l Co.*, No. 23-cv-12662, 2026 U.S. Dist. LEXIS 89597, at *24 (D. Mass. Apr. 22, 2026) ("The DTSA does not provide for nationwide service…"); *Smietana v. Stephens*, No. 22 C 708, 2023 U.S. Dist. LEXIS 94093, at *14 (N.D. Ill. May 30, 2023) ("Neither the DTSA nor Illinois state law authorize nationwide service…"); *Flux Drive, Inc. v. Sparks*, No. 24-cv-02784, 2025 U.S. Dist. LEXIS 158039, at *11 (D. Colo. May 28, 2025) (same). Fed. R. Civ. P. 4(k)(1)(C) is inapplicable absent express language in DTSA authorizing nationwide service. *Rodriguez v. Imperial Brands, PLC*, No. 24-11487, 2026 U.S. App. LEXIS 21927, at *21 (11th Cir. July 23, 2026) (holding that a statute cannot "impliedly" authorize personal jurisdiction over foreign defendants and citing Supreme Court precedent for the proposition that "Congress knows how to provide for such service explicitly when it wants to.") (quoting *Omni Cap. Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

When jurisdiction is based on a federal question arising under a statute that is silent as to service of process, the Court may exercise jurisdiction over Paradigm only if it determines that jurisdiction exists under Georgia's long-arm statute ***and*** the

Due Process Clause of the Fourteenth Amendment. *See SG Design & Mfg. Co. v. Vigor, Int'l Ltd.*, No. 1:09-cv-750, 2010 U.S. Dist. LEXIS 166077, at *3 (N.D. Ga. May 18, 2010). Plaintiff's contention that it need satisfy only one of these requirements is also incorrect. *See* Compl. at ¶ 13. DTSA does not authorize an either/or choice between jurisdiction under a state's long-arm statute or jurisdiction under the Due Process Clause; Plaintiff must satisfy both. No facts justify the exercise of personal jurisdiction over Paradigm and it should be dismissed.[2]

### C. No Facts Exist that Would Permit the Exercise of Jurisdiction Under the Georgia Long-Arm Statute

The Complaint does not identify which subsection of the long-arm statute applies. Nor does it plead conduct required to satisfy any subsection of O.C.G.A. § 9-10-91. Instead, Plaintiff (again) misstates the law, alleging that the Georgia long-arm statute confers personal jurisdiction "because [Paradigm] committed tortious acts…that were directed at and caused injury to Magnet Forensics in Georgia…" Compl. at ¶ 13. But no section of the Georgia long-arm statute permits the exercise of personal jurisdiction on those allegations alone or based purely on where the

---

[2] The Court must properly exercise personal jurisdiction over a defendant before an injunction can be enforceable. *See Viral DRM*, 688 F. Supp. 3d at 1275 (N.D. Ga. 2023) ("[T]he most basic prerequisite for a TRO is adequately establishing that the Court may exercise personal jurisdiction over the defendants."). The preliminary injunction should thus be dissolved. Defendant notes that it has removed the publication consistent with the Court's order and reserves all rights to further challenge the legal basis for the order.

alleged harm occurred. Rather, the jurisdictional touchstone is the *defendant's* actions and ties to the forum.

In its relevant subsections, the Georgia long-arm statute permits jurisdiction over a nonresident corporation only where, in person or through an agent, it: (1) transacts business within Georgia; (2) commits a tortious act or omission within Georgia; or (3) commits a tortious injury in Georgia caused by an act or omission outside Georgia if the tortfeasor regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Georgia. O.C.G.A. § 9-10-91(1)-(3). Plaintiff does not even attempt to allege any facts to satisfy any of these subsections.

#### 1. Paradigm Does Not Regularly Do Business, Solicit Business, or Engage in a Persistent Course of Conduct in Georgia Under O.C.G.A. § 9-10-91(3)

Because Paradigm is a foreign company with no operations in Georgia, the only relevant provision of the long-arm statute is subsection (3), which allows the Court to exercise personal jurisdiction over a defendant if the plaintiff can demonstrate that the defendant itself or through an agent "[c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." O.C.G.A. § 9-10-91(3).

Even if Plaintiff could properly allege that Paradigm has committed a tortious injury in Georgia caused by an act or omission outside of Georgia, it cannot satisfy the remaining prerequisite of O.C.G.A. § 9-10-91(3) that Paradigm "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." *Id.* Indeed, there are no allegations in the Complaint that address any of those three independent requirements necessary to confer personal jurisdiction under section (3) of the long-arm statute. Plaintiff must be able to demonstrate one of these facts before jurisdiction is properly asserted under the tortious act prong of the long-arm statute. *See Kyte Centrifuge, LLC v. Farr*, No. 3:22-cv-00095, 2023 U.S. Dist. LEXIS 98505, at *13 (M.D. Ga. June 6, 2023) ("Regardless of whether [p]laintiff has sufficiently alleged that Defendant committed a tortious injury in Georgia, Plaintiff has failed to allege that Defendant regularly does business or engages in any other persistent course of conduct in Georgia.") (emphasis in original). Paradigm has established that it has never engaged in business in Georgia (Paradigm Decl. at ¶¶ 4, 6-8, 15-16), has no employees or customers in Georgia (*Id.* at ¶¶ 5, 9), derives no revenue from business activities in Georgia (*Id.* at ¶ 15), owns no Georgia property (*Id.* at ¶ 11), pays no taxes in Georgia (*Id.* at ¶ 13), and has never solicited business in Georgia (*Id.* at ¶ 16).

The accessibility of Paradigm's blog post to Georgia residents has no bearing on personal jurisdiction. Paradigm does not offer products or services for purchase online, and Plaintiff does not allege that Paradigm targets Georgia residents because it does not. The Eleventh Circuit has long rejected the notion that jurisdiction lies under subsection 3 of the long-arm statute with respect to Internet-based activity absent persistent Georgia contacts:

> [Plaintiff] also argues that personal jurisdiction exists over [defendant] because [defendant] maintains a website that is accessible to Georgia residents. But [defendant's] website merely advertises [defendant's] services, does not offer products or services for purchase online, and does not target Georgia residents. Thus, [defendant's] website does not subject [defendant] to personal jurisdiction in Georgia's courts….[Plaintiff] failed to demonstrate personal jurisdiction under Georgia's long-arm statute. We need not decide anything else in this case.

*LabMD, Inc. v. Tiversa, Inc.*, 509 F. App'x 842, 845-46 (11th Cir. 2013). The facts here are analogous and compel the same conclusion. The blog does not offer services for purchase online nor does it target Georgia. Paradigm Decl. at ¶ 18.

### 2. O.C.G.A. § 9-10-91(1) Does Not Apply Because Paradigm Has Not Transacted Any Business in Georgia

Section 9-10-91(1) "provides jurisdiction where the cause of action arises out of the defendant's transaction of business in Georgia." *Lumby*, 2019 U.S. Dist. LEXIS 229635, at *10. "Transacting business" under the long-arm statute does not, as Plaintiff appears to suggest, contemplate where a plaintiff resides or may have suffered injury. *See* Compl. at ¶ 13. Rather, it "requires that the 'nonresident

defendant has purposefully done some act or consummated some transaction in [Georgia]…." *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1264 (11th Cir. 2010) (internal quotes omitted).

Georgia courts have squarely rejected the proposition that a blog post accessible worldwide constitutes a purposeful act or consummation of some transaction in Georgia. *Perrigo Co. v. Merial Ltd.*, 215 F. Supp. 3d 1329, 1342 (N.D. Ga. 2016). The blog post, standing alone, does not suffice to support a claim of personal jurisdiction on the basis that it constitutes transacting business. *See Cpap Life, LLC v. Zopec Med. LLC*, No. 1:21-CV-2103, 2021 U.S. Dist. LEXIS 252486, at *9-10 (N.D. Ga. Dec. 6, 2021) (rejecting the argument that offering infringing products for sale on a website that was merely accessible in Georgia is sufficient to establish personal jurisdiction). A blog post is even more attenuated as it does not offer any products or services nor does it facilitate a sale.

Nowhere in its Complaint does Plaintiff allege that its causes of action arise from Paradigm's provision of services or sale of products incorporating the purported trade secret to Georgia residents. *WAM U.S., Inc. v. Fierros*, No. 1:22-cv-3131, 2022 U.S. Dist. LEXIS 245532, at *14 (N.D. Ga. Dec. 19, 2022) (noting that subsection (1) of the long-arm statute requires that the causes of action arise from the non-resident's transaction of business within the state). Paradigm has not

engaged in any act, provided services, or consummated any transaction in Georgia. *See* Paradigm Decl. at ¶¶5-17.

### 3. Paradigm Has Committed No Tortious Act in Georgia

Plaintiff's allegations foreclose the application of § 9-10-91(2), which requires that a nonresident commit a tortious act within the state of Georgia. The Complaint pleads no act by Paradigm in Georgia; it alleges only that Paradigm published the blog and that Plaintiff felt the resulting injury in Georgia. Compl. ¶ 13. But the Georgia Supreme Court has expressly rejected Plaintiff's interpretation of subsection (2). *See Gust v. Flint*, 257 Ga. 129, 356 S.E.2d 513 (1987). *Gust* clarified that subsection (2) does not reach conduct outside Georgia merely because the resulting injury is felt in Georgia. *Id.*; *see also SG Design*, No. 1:09-cv-750, 2010 U.S. Dist. LEXIS 166077, at *9-10. Accordingly, O.C.G.A. § 9-10-91(2) does not confer personal jurisdiction over Paradigm and this Court need not consider it.

## D. The Exercise of Jurisdiction Over Paradigm Violates the Due Process Clause

Because no relevant prong of Georgia's long-arm statute is satisfied, the Court need not address whether the exercise of personal jurisdiction over Paradigm would violate due process. *WAM U.S., Inc.*, No. 1:22-cv-3131, 2022 U.S. Dist. LEXIS 245532, at *20-21 (N.D. Ga. Dec. 19, 2022) (collecting cases). Due process requires that a defendant has established "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and

substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff's alleged injury in Georgia – the core of its jurisdictional allegation – is not enough. Due process for jurisdictional purposes is established only if Paradigm's relationship to this forum "arise[s] out of contact that [Paradigm] itself creates with the forum state." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotations omitted). Even a cursory analysis confirms that jurisdiction would violate due process. The Complaint contains no factual allegations that even attempt to establish specific or general jurisdiction. Neither exists.

Courts in this district have found that the posting of a blog, which was authored, in part, by a Georgia resident, is not sufficient to satisfy even the most generous interpretation of the 'minimum contacts' test. *See Perrigo*, 215 F. Supp. 3d at 1342 (holding that a blog's "universal accessibility makes them particularly ill-suited as evidence either that a defendant transacted business in a given forum, or that it possessed the minimum contacts needed to satisfy due process."). Here, where Plaintiff cannot rebut the absence of any connection between Paradigm and Georgia, and the only alleged connection to Georgia is Plaintiff's purported harm, the exercise of personal jurisdiction violates the Due Process Clause.

Because Plaintiff has failed to make a *prima facie* showing of personal jurisdiction, jurisdictional discovery is improper. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter

of law to establish a *prima facie* case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue.").

### E. The Exercise of Personal Jurisdiction Under Fed. R. Civ. P. 4(k)(2) is Improper

In *Fuld v. Palestine Liberation Org.*, the U.S. Supreme Court recently clarified that Rule 4(k)(2) does not mechanically incorporate a "nationwide" minimum contacts analysis required by the Fourteenth Amendment into the Fifth Amendment. 606 U.S. 1, 23 (2025).[3] Instead, the Court suggested that the propriety of exercising personal jurisdiction under the Rule required a case- and statute-specific analysis. *Id.* at 24. That analysis also includes a determination of whether the statute at issue (in *Fuld* it was the Promoting Security and Justice for Victims of Terrorism Act (PSJVTA)) gives rise to "an exceedingly compelling interest" in providing American victims of terrorist acts with a forum to adjudicate those disputes. In interpreting the metes and bounds of Rule 4(k)(2) post-*Fuld*, the Eleventh Circuit has applied a "reasonableness" test weighing: (i) the plaintiff's interest in vindicating its rights under the statute; (ii) the interest of the United States; and (iii) the burden on the defendants. *Rodriguez*, 2026 U.S. App. LEXIS 21927, at

[3] Paradigm does not dispute that it "is not subject to the jurisdiction in any state's courts of general jurisdiction" and that the first prong of the Rule is met. Fed. R. Civ. P. 4(k)(2)(A). *See* Paradigm Decl. at ¶¶ 4-5, 9-14, 16.

*25-26.

Applying the Eleventh Circuit's analysis confirms that Plaintiff cannot satisfy the second and third elements of the reasonableness test. The nature of the statute at issue matters. In *Fuld*, the Court found that the U.S. "had 'a substantial interest in adjudicating' the dispute before it, in part, because of the 'close connection' between the PSJVTA's predicate conduct and this country." *Rodriguez*, 2026 U.S. App. LEXIS 21927, at *27 (quoting *Fuld,* 606 U.S. at 24). In so noting, the Court focused the inquiry as to the second factor on purpose of the statute and its targeted defendants:

> Far from haling just any run-of-the-mill private defendant into American courts, the PSJVTA represents but one targeted aspect of a multi-faceted foreign policy toward these two *sui generis* foreign entities, both of which…have decades of meaningful contacts, ties, and relations with the United States.

*Fuld,* 606 U.S. at 22. In contrast, the DTSA (like the Helms-Burton Act claim at issue in *Rodriguez*) ***does*** target "run of the mill" private defendants. As such, "the breadth of the [DTSA], which targets persons whose activity does not necessarily have a close connection to this country, suggests that the United States's interest here is more attenuated than it was in *Fuld*." *Rodriguez*, 2026 U.S. App. LEXIS 21927, at *27. This factor is not satisfied: there is no meaningful difference between the DTSA and the Helms-Burton Act, which addresses the trafficking of property expropriated by the Cuban government.

The exercise of jurisdiction is also unreasonably burdensome on Paradigm, which has no meaningful connection to the U.S. To assess this burden, the Eleventh Circuit conducted a three-prong inquiry and found defendants (i) had no clear statutory notice that they could be haled into a U.S. court; (ii) did not engage in predicate conduct bearing a meaningful connection to the U.S.; and (iii) lacked a strong presence in the U.S. *Id.* at *29, 33-34. The court's analysis of these factors applies equally to the DTSA:

> Far from the sort of by-name targeting exhibited in the PSJVTA, the Helms-Burton Act thus sweeps broadly. The fact that an entity engages in covered conduct doesn't necessarily mean that it has a meaningful relationship with the United States. Accordingly, the Helms-Burton Act does the very thing the *Fuld* Court seemed to condemn: It asserts liability over "run-of-the-mill private defendants" that may not have meaningful contacts, ties, [and] relations' with the United States. We therefore conclude that it can't fairly be said that the Act gave [defendant] clear notice that its alleged actions would expose it to suit in U.S. courts.

*Id.* at *29-30 (internal citations and quotations omitted). The analysis fares no differently here: the DTSA sweeps just as broadly, Paradigm has no contacts with the U.S., and it committed none of the alleged "predicate acts" in Georgia.

## IV. PLAINTIFF FAILS TO STATE A CLAIM AS A MATTER OF LAW

When considering a motion to dismiss under Rule 12(b)(6), the Court assumes the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *See Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). But a plaintiff must provide "more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Moreover, the Court "may not consider…affidavits or declarations when ruling on a Rule 12(b)(6) motion." *Cole v. Young*, No. 1:24-cv-1897, 2025 U.S. Dist. LEXIS 110221, at *7-8, n.3 (N.D. Ga. May 2, 2025).

### A. Plaintiff Cannot Sustain its DTSA or GTSA Claims

Plaintiff cannot maintain its claim under either the DTSA or the Georgia Trade Secret Act (GTSA)[4] because it has not alleged that: (1) one or more defendant committed an act in furtherance of the offense ***in the United States***; or (2) Paradigm acquired the alleged trade secret by improper means or had reason to know it was acquired by improper means.

Where the defendant is not organized under U.S. laws, the DTSA only applies extraterritorially if "an act in furtherance of the offense was committed in the United States." 18 U.S.C. § 1837(2). The Complaint alleges no act by Paradigm in the U.S. in furtherance of the alleged misappropriation. Even if this Court determines that the

---

[4] *See FTI Consulting, Inc. v. Secretariat Advisors, LLC*, No. 24-CV-1356, 2025 U.S. Dist. LEXIS 42283, at *30 (N.D. Ga. Mar. 7, 2025) (noting that "the language of DTSA is nearly identical to that of the GTSA…[and] [t]he Court will thus treat the two statutes as one.").

act need not be committed by Paradigm, the Complaint is silent as to the "act" committed by Del Gaudio in the U.S. in furtherance of the alleged misappropriation. That "act" cannot be "exposure" to a trade secret, as alleged by Plaintiff. Rather, "it must manifest that the [offense] is at work and is not simply a project in the minds of the offenders…" *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 487 (7th Cir. 2024) (citation omitted).

Nowhere in the Complaint does Plaintiff allege an act of misappropriation by Del Gaudio – that he copied or downloaded data, research material, source code, or meeting materials. Plaintiff only alleges that Del Gaudio "participated in weekly team meetings" at which he had "direct exposure" to Plaintiff's "MSG capability." Compl. at ¶ 33. Plaintiff never explains the nature of that "exposure" or offers any facts as to the time frame of those meetings. Plaintiff further alleges that, in April 2024, Del Gaudio "participated" in meetings where the trade secret was discussed – again, offering no details as to the nature or extent of that 'participation.' *Id.* ¶ 34. Finally, Plaintiff alleges that "Del Gaudio was specifically tasked with designing a ***separate, unrelated tool for testing another capability***" for which he "made use" of the trade secret. *Id.* ¶ 35 (emphasis added). Plaintiff offers no facts as to the nature of that "use" and speculates that "it was likely dozens of times" with no further explanation. Del Gaudio left Magnet Forensics in November 2024. *Id.* ¶ 36. Exposure to a trade secret is not an "act" in furtherance of misappropriation. Plaintiff

simply alleges "upon information and belief" that "Del Gaudio provided [Paradigm] with [Plaintiff's] confidential and trade secret information," *Id.* at ¶ 71. Plaintiff does not contend that this alleged disclosure—which Plaintiff contends happened ***after*** Del Gaudio left Plaintiff and "became affiliated with" Paradigm—occurred in the U.S. *Id.* at ¶ 70. Thus, the DTSA does not reach Paradigm, an extraterritorial Defendant.

Nearly two years later, in June 2026, Plaintiff alleges that Paradigm published a blog disclosing Plaintiff's trade secret. *Id.* ¶ 68. But the Complaint offers no factual allegations as to how Paradigm acquired the trade secret through improper means. Instead, it simply avers that, at some unknown date, Del Gaudio "became affiliated with Paradigm," and two years after Del Gaudio was "exposed" to the trade secret, Paradigm – a specialist in this industry (and therefore capable of conceiving of this innovation two years later) – introduced the concept in a blog post allegedly attributable to Del Gaudio. *See* Compl. at ¶¶ 67-68. The Complaint does not allege – as it must – a single fact to demonstrate the improper means used by Paradigm to acquire the trade secret. Plaintiff skips that essential element entirely and substitutes a conclusory allegation that Paradigm misappropriated the trade secret "by means that Defendants knew or had reason to know constituted improper means." *Id.* ¶ 94.

That single, conclusory allegation does not give rise to a plausible claim for trade secret misappropriation. *See Misson v. Robles*, No. 22-cv-01744, 2022 U.S.

Dist. LEXIS 213139, at *4 (N.D. Cal. Nov. 25, 2022) (finding that an allegation "without any factual support" that defendants "misappropriated the Trade Secrets since they were acquired by improper means" was insufficient to state a claim for relief) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Nat'l Convenience Distribs., LLC v. Mt. Candy & Cigar Co.*, No. 25-cv-259, 2026 U.S. Dist. LEXIS 70777, at *16 (S.D.N.Y. Mar. 26, 2026) (finding that plaintiff "cannot state a claim based on [defendant's] acquisition of any trade secret by improper means because the complaint offers no non-conclusory allegations to support this theory" and no factual allegations to support the contention). Here, the Complaint offers no facts as to ***how*** the trade secrets were misappropriated, and two years separate the alleged theft from the disclosure. That single conclusory allegation cannot state a plausible claim.

Similarly, Plaintiff offers no factual allegations that Paradigm used the trade secret without consent. To plausibly allege such a claim, Plaintiff must allege that, when Del Gaudio disclosed the trade secret, Paradigm knew or had reason to know that Del Gaudio had acquired it through improper means or by breaching his duty to maintain the trade secret. 18 U.S.C. § 1839(5)(B) and (6); O.C.G.A. § 10-1-761(2). This is particularly important when the claim against a defendant, like Paradigm, rests on its alleged acquisition of the trade secret from Plaintiff's ex-employee. "Because of the knowledge requirement, a trade secret claim against a defendant

who obtained the trade secret from one who wrongfully acquired the secret will need to include sufficient factual allegations to substantiate the defendant's knowledge of the misappropriation." 1 *Milgrim on Trade Secrets* § 1.01(5)(b)(ii) (2025).

Yet the Complaint is silent on this requirement. Instead, Plaintiff rests on the wholly conclusory allegation that: "Paradigm Shift knew or had reason to know that the information was not freely publishable and that it derived from an individual operating under a duty of confidentiality." Compl. at ¶ 96; *see also id.* ¶ 121. To support that allegation, Plaintiff speculates that "[a] company that holds itself out as an expert in zero-day exploit research cannot credibly claim ignorance of the fact that a detailed production-ready BootROM access capability was developed under conditions of confidentiality." *Id.* ¶ 97. But that is argument, not fact. And without any factual allegations as to how Del Gaudio allegedly stole the "detailed" trade secrets two years prior, it remains unsupported rhetoric. *See Nat'l Convenience Distribs.*, No. 25-cv-259, 2026 U.S. Dist. LEXIS 70777, at *17 (dismissing trade secret claim because allegation that "[defendant] both knew and had reason to know that it obtained [plaintiff's] Trade Secrets without authorization and by improper means" was conclusory and unsupported by additional facts.).

Taking all well-pleaded facts as true for purposes of this Motion, including the timing of the disclosure, Counts I and II must be dismissed. If the Court dismisses the trade secret misappropriation claim, then all of Plaintiff's remaining common

law claims must be dismissed as well, because each rises and falls on the same operative allegations.

### B. The GTSA Preempts Plaintiff's Common Law Claims

If Plaintiff is able to maintain its trade secret misappropriation claims, its remaining tort claims are preempted by the GTSA and must be dismissed. The GTSA "shall supersede conflicting tort, restitutionary, and other laws…providing civil remedies for misappropriation of a trade secret," preserving only "contractual duties or remedies" and "other civil remedies … not based upon misappropriation." O.C.G.A. §10-1-767(a)-(b). The Eleventh Circuit applies the same test: common-law claims are superseded where "the full extent of each…is based upon a trade secret" and they "are no more than a restatement of the same operative facts which would plainly and exclusively spell out only trade secret misappropriation." *Penalty Kick Mgmt. Ltd. v. Coca-Cola Co.*, 318 F.3d 1284, 1297-98 (11th Cir. 2003). Here, Count IV (tortious interference with business relationships), Count V (tortious interference with contract), Count VI (unjust enrichment), and Count VII (civil conspiracy) rest entirely on the same allegations as the underlying trade secret misappropriation claim and must be dismissed.

The claim for tortious interference (Count IV) is an impermissible recasting of Plaintiff's trade secret misappropriation claim. The operative allegations of Count IV are centered on the "disclos[ure] of Magnet Forensics' confidential information

and trade secrets" and that harm alleged in that Count is to Plaintiff's "competitive position." *See* Compl. at ¶¶ 123, 128, 148, and 149. The other allegations in Count IV are wholly conclusory or tantamount to legal conclusions. *See id.* at ¶¶ 145-46, 149-50; *see also Westrock, LLC v. Sealey*, No. 2:20-cv-00180, 2021 U.S. Dist. LEXIS 121769, at *13 (N.D. Ga. Mar. 23, 2021) (disregarding allegations that were legal conclusions when assessing preemption of a tort claim by the GTSA). Plaintiff itself recognizes the overlap between this claim and its claim under the GTSA. *See* Compl. at ¶ 151 ("To the extent that this claim is based on the same conduct as Magnet Forensics' trade secret claims, it is pleaded in the alternative."). The claim is futile under Georgia law and should be dismissed. *See Westrock*, No. 2:20-cv-00180, 2021 U.S. Dist. LEXIS 121769, at *13-14 (dismissing a tortious interference claim that was based on the same factual allegations as the GTSA claim).

Plaintiff's claim for tortious interference with contract fares no better. The claim depends on the same operative facts that form the basis of the GTSA claim: a written agreement with Del Gaudio not to disclose confidential information and trade secrets, Paradigm's employment of Del Gaudio, and Paradigm's facilitation of a breach of that Agreement by its acquisition and use of Plaintiff's trade secrets. Compl. at ¶¶ 115, 120-21. Courts decline to apply the preemption rule only where the tortious interference claim introduces new facts—such as solicitation of the plaintiff's customers—rather than reframing the trade secret theft. *See Amendia, Inc.*

*v. Omni Surgical, LLC*, No. 1:12-CV-1168, 2012 U.S. Dist. LEXIS 203104, at *11 (N.D. Ga. Sept. 25, 2012). Unlike the plaintiff in *Amendia*, Plaintiff's claim for tortious interference with contract rises and falls on the theft of trade secrets. And as with its other claims, Plaintiff's reliance on conclusory allegations confirms that the claim has no footing independent of the GTSA claim.

Plaintiff's claim for unjust enrichment "assert[ ] no independent conduct or injury besides that [defendant] was enriched by the value of [plaintiff's] proprietary information." *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1346 (N.D. Ga. 2007). Plaintiff alleges that "Defendants have been unjustly enriched by their unauthorized use and disclosure of Magnet Forensics' trade secret information, including by using it to develop, market, and sell competing products and services." Compl. at ¶ 170. The allegations in Count VI of the Complaint are tethered entirely to Plaintiff's claim for trade secret misappropriation. *See id.* at ¶¶ 167-171. The claim is superseded by the GTSA.

Count VII for civil conspiracy suffers from the same defect. The operative allegations of Plaintiff's conspiracy claim restate its claim under the GTSA. Compare Compl. at ¶ 175 with *id.* at ¶¶ 119-123. In fact, Plaintiff even acknowledges that "to the extent this claim is based on the same conduct as Magnet Forensics' trade secret claims, it is pleaded in the alternative." *Id.* at ¶ 178. The claim is not available in the alternative. It "seek[s] recovery for precisely the same conduct and

resulting injury as [plaintiff] alleged was caused by the misappropriation of its trade secrets: the taking of supposedly proprietary information." *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1346 (N.D. Ga. 2007); *see also Westrock*, No. 2:20-cv-00180, 2021 U.S. Dist. LEXIS 121769, at *14-15 (dismissing a civil conspiracy claim that was based on the same factual allegations as the GTSA claim).

### C. Plaintiff Cannot Maintain a Claim for Tortious Interference

A claim for tortious interference, by definition, must allege that a defendant directed conduct at plaintiff's customers. *See Sweet City Landfill, LLC v. Lyon*, 352 Ga. App. 824, 834, 835 S.E.2d 764, 774 (2019) (An essential element of a tortious interference with business relations claim is that the alleged tortfeasor "induced a third party or parties not to enter into or continue a business relationship with the plaintiff."). Here, Plaintiff alleges, in wholly conclusory fashion, that "[b]y publishing the usbliter8 Exploit Blog Post and disclosing Magnet Forensics' proprietary access capability methodology, Defendants sought to induce Magnet Forensics' current and prospective customers to terminate or refrain from engaging in business with Magnet Forensics…" Compl. at ¶ 148. But publishing a blog post cannot constitute the inducement required: it is universally available and, as here, ***directed*** at no person or entity. *See HLD Enters. v. Michelin N. Am., Inc.*, No. 1:03-CV-2558, 2004 U.S. Dist. LEXIS 18958, at *10 (N.D. Ga. June 29, 2004) (holding that a plaintiff must allege some form of "direct inducement to a third party" because

"[a] claim for improper interference with business relations will not lie simply because part of a plaintiff's damage is that others did not want to do business with him"). And Plaintiff neither identifies a lost customer nor alleges that it lost any. Absent one or the other, the claim fails. *Cf. Ecochem Australia Pty Ltd. v. CST Sys. Inc.*, No. 1:22-CV-4908, 2023 U.S. Dist. LEXIS 171114, at *9 n.2 (N.D. Ga. Sept. 26, 2023) (declining to dismiss a claim for tortious interference when the plaintiff did not name a lost customer but alleged that a customer stopped buying a product from it).

## V. CONCLUSION

For these reasons, Paradigm respectfully requests that the Court dismiss it for lack of personal jurisdiction and, for the same reason, dissolve the preliminary injunction. Alternatively, Paradigm requests that the Court dismiss the claims against it under Fed. R. Civ. P. 12(b)(6).

Dated: August 12, 2026

Respectfully submitted,

**FELLOWS LABRIOLA LLP**

*/s/ Shattuck Ely*
Shattuck Ely
Georgia Bar No. 246944
tely@fellab.com
Suite 2400, Harris Tower
233 Peachtree St., NE
Atlanta, Georgia 30303
(404) 586-9200

*Attorneys for Defendant Paradigm Shift Technology, S.L.*

## CERTIFICATE OF FONT AND POINT SELECTION

Undersigned counsel hereby certifies, under LR 7.1(D), NDGa, that the foregoing was prepared in Times New Roman, 14-point font, which is one of the font and point selections approved in LR 5.1, NDGa.

*/s/ Shattuck Ely*
Shattuck Ely

## CERTIFICATE OF SERVICE

I certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification to all attorneys of record.

Respectfully submitted, this 12th day of August, 2026.

*/s/ Shattuck Ely*
Shattuck Ely