**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**STATE OF GEORGIA**

| | |
|---|---|
| MAGNET FORENSICS, LLC,<br><br>Plaintiff,<br><br>*v.*<br><br>MARIO DEL GAUDIO and PARA-DIGM SHIFT TECHNOLOGY, S.L.,<br><br>Defendants. | Case No.: 1:26-cv-03781-VMC |

**DEFENDANT PARADIGM SHIFT TECHNOLOGY, S.L.'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Shattuck Ely
Georgia Bar No. 246944
FELLOWS LABRIOLA LLP
Suite 2400, Harris Tower
233 Peachtree St., NE
Atlanta, Georgia 30303
(404) 586-9200
tely@fellab.com

*Attorneys for Defendant Paradigm Shift Technology, S.L.*

## TABLE OF CONTENTS


I. No Basis Exists to Ignore the Federal Rules. ..... 1

II. Plaintiff Does Not Rebut the Absence of Any Jurisdictional Facts. ..... 3

III. Plaintiff is Limited to the Sole Jurisdictional Theory Pleaded in its Complaint. ..... 5

A. The "Reasonableness" Analysis Post-Fuld Focuses on Meaningful Contacts with the U.S. and no Such Contacts Exist Here. ..... 6

B. Plaintiff's Conspiracy Theory of Jurisdiction Fails as a Matter of Law. ..... 10

IV. Plaintiff Fails to Address the Factual or Legal Bases for its Failure to State its Remaining Claims. ..... 11

V. Neither Jurisdictional Discovery, a Rule 12(i) Hearing, Nor Leave to Amend is Warranted. ..... 14

VI. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

## Cases

*Angel Oak Mortg. Sols. LLC v. Mastronardi*,
593 F. Supp. 3d 1234 (N.D. Ga. 2022) ....................13

*Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*,
915 F. Supp. 2d 1365 (N.D. Ga. 2013) ....................14

*Bepex Int'l, LLC v. Hosokawa Micron BV*,
2023 U.S. Dist. LEXIS 66233 (D. Minn. Mar. 29, 2023) ....................11

*Butler v. Sukhoi Co.*,
579 F.3d 1307 (11th Cir. 2009) ....................15

*Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*,
48 F.4th 1222 (11th Cir. 2022) ....................15

*Clark v. Alloy Wheel Repair Specialists, LLC*,
2019 U.S. Dist. LEXIS 250492 (N.D. Ga. May 3, 2019) ....................3

*dmarcian, Inc. v. DMARC Advisor BV*,
182 F.4th 289 (4th Cir. 2026) ....................12

*EE Holding Group LLC v. 18 Threads Clothing Co.*,
2026 U.S. Dist. LEXIS 43720 (N.D. Ga. Jan. 14, 2026) (Calvert, J.) ....................2, 6

*Gust v. Flint*,
257 Ga. 129 (1987) ....................10

*Home Legend, LLC v. Mannington Mills, Inc.*,
2014 U.S. Dist. LEXIS 203459 (N.D. Ga. July 2, 2014) ....................14

*Metcalfe v. QTC Med. Grp., Inc.*,
2023 U.S. Dist. LEXIS 23625 (N.D. Ga. Sept. 22, 2023) ....................15

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*,
108 F.4th 458 (7th Cir. 2024) ....................12

*Murphy Bros. v. Michetti Pipe Stringing*,
526 U.S. 344 (1999) ..........................................................................................1

*Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameris*,
2004 U.S. Dist. LEXIS 19614 (S.D.N.Y. Sept. 29, 2004) ....................................2

*Pipkins v. City of Hoover, Ala.*,
134 F.4th 1163 (11th Cir. 2025).........................................................................14

*Posner v. Essex Ins. Co.*,
178 F.3d 1209 (11th Cir. 1999)...........................................................................3

*PowerTec Sols. Int'l LLC v. Hardin*,
2019 U.S. Dist. LEXIS 201216 (S.D. Fla. Nov. 20, 2019) ..................................5

*United Techs. Corp. v. Mazer*,
556 F.3d 1260 (11th Cir. 2009).................................................................4, 10, 14

*Walden v. Fiore*,
571 U.S. 277 (2014) ..................................................................................8, 9, 10

*Whaleco Inc. v. Shein Tech. LLC*,
2025 U.S. Dist. LEXIS 194494 (D.D.C. Sept. 30, 2025)...................................12

**Statutes**

18 U.S.C. § 1837(2) ...............................................................................................7
18 U.S.C. § 1839(5)(B) .........................................................................................13
28 U.S.C. § 1292(a)(1) ...........................................................................................3

**Rules**

Fed. R. Civ. P. 12(b), (h)(1) ...................................................................................1

Plaintiff's opposition ("Opp.") to Paradigm's Motion to Dismiss confirms that no factual or legal basis supports personal jurisdiction over Paradigm. Unable to offer a single fact connecting Paradigm to Georgia (or the U.S.), Plaintiff falls back on allegations that are legally irrelevant to the jurisdictional inquiry. Plaintiff also has no answer to the substantive defects in its claims.

## I. No Basis Exists to Ignore the Federal Rules.

Plaintiff's argument that personal jurisdiction has "already determined—implicitly but necessarily" by the entry of a preliminary injunction is wrong. Opp. at 4. Plaintiff cites no case for that proposition because none exists: a defendant's first Rule 12(b)(2) motion, filed within the time allowed after service, is timely as of right, and Plaintiff identifies no authority applying Rule 54(b) reconsideration standards to a defendant's first responsive motion. *See* Fed. R. Civ. P. 12(b), (h)(1). Paradigm's right to contest personal jurisdiction arose only upon service of process. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). As this Court noted in its July 7, 2026 Order, Plaintiff's service of the Complaint and motion for injunctive relief was "for the purpose of providing notice under Fed. R. Civ. P. 65(a)(1) only." (Dkt. 5). Paradigm was formally served on July 22, 2026. (Dkt. 13). Thus, the Court's July 21 Order cannot operate as a final adjudication of personal

jurisdiction before formal service nor can it strip Paradigm of its right to move to dismiss under Rule 12(b)(2).[1]

Similarly, Plaintiff presents no authority holding that a defendant served *after* the issuance of a preliminary injunction must appeal rather than move to dismiss under Rule 12(b)(2).[2] Indeed, if the Court lacks personal jurisdiction over a defendant, its injunction is void as a matter of law. *See Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameris*, No. 03-civ-1681, 2004 U.S. Dist. LEXIS 19614, at *61 (S.D.N.Y. Sept. 29, 2004) (vacating a preliminary injunction upon finding personal jurisdiction lacking). Notably, Plaintiff ***relies*** on a case that confirms it is appropriate for this Court to consider a 12(b)(2) motion after the entry of a preliminary injunction. *See EE Holding Group LLC v. 18 Threads Clothing Co.*, No. 1:25-cv-0743-VMC, 2026 U.S. Dist. LEXIS 43720, at *3-10 (N.D. Ga. Jan. 14, 2026) (Calvert, J.). Plaintiff concedes the point in substance: it "does not contend that Paradigm's compliance with the Preliminary Injunction constitutes formal waiver of its

[1] Paradigm notes that courts in this District are in the minority of courts that have held a preliminary injunction can be properly issued absent perfection of service, thereby creating this odd procedural posture. *See Diamond Crystal Brands, Inc. v. Wallace*, 531 F. Supp. 2d 1366, 1370-71 (N.D. Ga. 2008) (perfected service is not a prerequisite to entry of a preliminary injunction). Most other courts "have concluded that service of process is a prerequisite to the issuance of an enforceable preliminary injunction." *See 3M Co. v. Christian Invs. LLC*, 2011 U.S. Dist. LEXIS 93357, at *13 (E.D. Va. Aug. 19, 2011) (collecting cases).

[2] To be sure, had Paradigm appealed the Order, Plaintiff would likely argue that it waived personal jurisdiction by failing to move to dismiss under Rule 12(b)(2) (which can be waived if not timely asserted).

personal jurisdiction defense." (Resp. at 4.) And an interlocutory appeal under 28 U.S.C. § 1292(a)(1) is permissive and declining one forfeits nothing.

Paradigm timely moved under Rule 12(b)(2) after service of the Complaint. And as Plaintiff acknowledges, this Court never expressly found personal jurisdiction over Paradigm.

II. **Plaintiff Does Not Rebut the Absence of Any Jurisdictional Facts**.

Leone Pontorieri's declaration establishes undisputed facts that the Court must consider. Courts routinely rely on such declarations when assessing personal jurisdiction. In *Clark v. Alloy Wheel Repair Specialists, LLC*, 2019 U.S. Dist. LEXIS 250492, at *13-14 (N.D. Ga. May 3, 2019), the court found "personal jurisdiction is lacking" on a declaration materially identical to Mr. Pontorieri's—establishing no Georgia operations, facilities, or property; no business transacted, goods sold, or advertising or solicitation; and no Georgia office, agent, or employee.

Nor does Plaintiff have a basis to claim the Pontorieri Declaration is conclusory. Plaintiff's reliance on *Posner v. Essex Ins. Co.*, 178 F.3d 1209 (11th Cir. 1999), is misplaced. The declaration there merely recited the long-arm statute essentially verbatim; the Pontorieri Declaration, by contrast, addresses Paradigm's activities (and absence) in Georgia and the U.S. fact by fact. *Id.* at 1215. The *Posner* declaration bears no resemblance to Paradigm's, which attests to specific, concrete facts: the absence of any Georgia or U.S. offices, employees, customers, revenue, or bank

accounts; no U.S.-targeted advertising; and the authorship and posting of the blog from Spain on Spanish-hosted servers. These are precisely the "specific factual declarations within the affiant's personal knowledge" that trigger the burden shift. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1277 (11th Cir. 2009).

Plaintiff concedes it cannot rebut these facts.[3] Instead, it points to the Patel Declaration—which alleges no facts about Paradigm's activities in Georgia.

The global accessibility of a blog that offers no services and is not targeted to Georgia and the allegation that the blog information could be applied to phones in the U.S. are insufficient. *See* Mem. (Dkt. 18-1) at 8-10. Del Gaudio's access to the alleged trade secrets while employed by Plaintiff and the acts of third-party publications do not establish personal jurisdiction over Paradigm. *Id.* at 11-12. And a speculative, vague, and hearsay allegation of a "coordinated disclosure" with Apple (at an undisclosed location and about which Patel knows nothing) does not satisfy any prong of the long-arm statute.

Noticeably absent from Plaintiff's Opposition is any legal authority to support an argument that jurisdiction exists under the Georgia Long-Arm statute (which forms the basis of the jurisdictional allegations in its verified Complaint). Instead,

---

[3] The Verified Complaint fares no better. It is not based on personal knowledge, but "to the best of [the declarant's] knowledge," based in part on "conversations with" employees (Dkt. 1 at 60-61), and every jurisdictional allegation about Paradigm's conduct is pleaded "[u]pon information and belief." (Dkt. 1 at ¶¶ 71, 73, 74).

Plaintiff pivots to the so-called "evidence" in the Patel Declaration. (Resp. (Dkt. 21) at 7-8.) But not one of Mr. Patel's allegations supports jurisdiction under the ***Georgia*** Long-Arm statute nor does Plaintiff even attempt to argue that the exercise of long-arm jurisdiction comports with the Fourteenth Amendment, as Rule 4(k)(1) requires. Plaintiff's retreat from the long-arm statute also disposes of its state-law claims: Rule 4(k)(2) applies only to claims arising under federal law, and Plaintiff offers no other jurisdictional basis for its GTSA and common-law counts.[4] Section B(1) of Plaintiff's Opposition carries no legal weight, and the Court should disregard it.

## III. Plaintiff is Limited to the Sole Jurisdictional Theory Pleaded in its Complaint.

Plaintiff cannot now, in response to a motion to dismiss, seek to amend its jurisdictional allegations. *See PowerTec Sols. Int'l LLC v. Hardin*, No. 19-61373, CIV, 2019 U.S. Dist. LEXIS 201216, at *6-7 (S.D. Fla. Nov. 20, 2019) (ruling that a plaintiff "cannot…raise new bases for personal jurisdiction for the first time in response to a motion to dismiss that plainly fall outside the scope of the Complaint's jurisdictional statement"). The sole bases for personal jurisdiction alleged in the Complaint were the Georgia Long-Arm Statute and "due process." *See* Dkt. 1 at ¶

[4] Plaintiff's argument that this Court has already found subsection 3 of the Georgia Long-Arm statute applicable evinces the infirmities of its claims. There is no basis to apply *Echospan, Inc. v. Medallia, Inc.* to the jurisdictional analysis in this case, nor does this Court's July 21, 2026 Order so suggest. 2024 U.S. Dist. LEXIS 131569, at *6-7. The court in *Echospan* found that under a choice of law analysis, the GTSA applied to the court's analysis. Nothing more. This Court recognized the same.

13. The Court should disregard Plaintiff's hodgepodge of new jurisdictional hooks—including Rule 4(k) and a conspiracy theory of jurisdiction—none of which appears in the Complaint.[5]

Even if Plaintiff could amend through its opposition, none of its new theories is anchored in the law. *First*, Plaintiff ignores the Eleventh Circuit's opinion in *Rodriguez v. Imperial Brands, PLC,* almost entirely, because the Eleventh Circuit's application of Rule 4(k)(2) post-*Fuld* forecloses jurisdiction on these facts. 182 F.4th 1333 (11th Cir. 2026). *Second*, even if this Court engages in a traditional minimum contacts analysis, the facts here significantly diverge from those in *EE Holding Group LLC v. 18 Threads Clothing Co.*, No. 25-cv-0743, 2026 U.S. Dist. LEXIS 43720 (N.D. Ga. Jan. 14, 2026).

### A. The "Reasonableness" Analysis Post-Fuld Focuses on Meaningful Contacts with the U.S. and no Such Contacts Exist Here.

The post-*Fuld* reasonableness analysis centers on whether the defendant has "meaningful connections" with the U.S. *Rodriguez*, 182 F.4th at 1347-48 ("[The defendant] didn't itself engage in predicate conduct bearing a meaningful connection

[5] Paradigm acknowledges that it argued jurisdiction under Rule 4(k) is not proper here. It did so out of an abundance of caution given the Complaint's invocation of "due process" and nationwide service of process. (Dkt. 1 at ¶ 13.) Nowhere does the Complaint allege that jurisdiction is proper under Rule 4(k)(2).

to the United States, and…lacked a strong presence in this country.”).[6] Here, this Court identified no act by Paradigm in the U.S.; it reasoned instead that the DTSA “does not require the *defendant* to have committed” an act in furtherance of the offense in the U.S. Dkt. 12 at 15. Put another way, as was true with the Helms-Burton Act in *Rodriguez*, Paradigm need not have any connection with the U.S. to fall within the “act in furtherance” contemplated by the DTSA. 18 U.S.C. § 1837(2).

Therefore, under the Eleventh Circuit’s analysis in *Rodriguez*, as applied here, the DTSA “does the very thing the *Fuld* Court seemed to condemn: It asserts liability over ‘run of the mill private defendants’ that may not have ‘meaningful contacts, ties, and relations with the U.S.’” *Id.* at 1347-48. Where Plaintiff has not alleged a single act by Paradigm in furtherance of the misappropriation and it is undisputed that Paradigm has no significant presence in this country, the case specific analysis must yield to a finding of unreasonableness under the Fifth Amendment. *Id.* at 1350.

Application of the traditional minimum contacts analysis does not resuscitate the question of jurisdiction. In *EE Holding*, this Court found minimum contacts with the U.S. where “sixty percent of [the defendant’s] sales [of infringing products were] going to North America,” together with U.S. consumer product reviews, U.S. sizes and USD pricing, and touting of U.S. merchant partners. 2026 U.S. Dist. LEXIS

[6] The question is not, as Plaintiff wishes, whether a plaintiff has an interest in vindicating its rights or whether the statute is designed to protect U.S. interests. The Eleventh Circuit acknowledged that is almost always true. *Id*.

43720, at *8-9. Here, no such facts exist and none of the so-called "five substantial contacts" to which Plaintiff repeatedly points support personal jurisdiction.

- "***Contact" 1:*** Plaintiff's Atlanta location has no bearing on whether personal jurisdiction exists over Paradigm. Jurisdiction turns on "contacts that the 'defendant himself' creates with the forum State," not on where a plaintiff resides, developed its information, or felt its injury. *Walden v. Fiore*, 571 U.S. 277, 284-85, 290 (2014).

- ***"Contact" 2:*** That Del Gaudio allegedly acquired the trade secret while physically in the U.S. *before his employment with Paradigm* says nothing about Paradigm's contacts with the U.S.—indeed, he was working for Plaintiff itself at the time. Plaintiff pleads no agency or conspiracy relationship existing in March 2024 by which Del Gaudio's attendance at his then-employer's own meeting could be attributed to Paradigm.

- ***"Contact" 3:*** Plaintiff's hearsay allegation that "Paradigm coordinated disclosure with Apple Product Security" is meaningless absent any context, and Plaintiff provides none. Nor does Plaintiff allege to whom at "Apple Product Security" it was directed, where they were located, or where the disclosure was received. And Plaintiff's purported takeaway from that alleged action that it "confirms Para-

digm understood the information was sensitive and proprietary" is speculation. Coordinating disclosure with a device manufacturer is the hallmark of responsible vulnerability research—not solicitation of business in, or targeting of, Georgia.

- ***"Contact" 4:*** This only highlights the undisputed fact that the "Publication" was not targeted to the U.S. It also ignores the well-established precedent cited in Paradigm's Motion that general U.S. accessibility cannot confer personal jurisdiction. Mem. (Dkt. 18-1) at 9-10. Nowhere does Plaintiff allege that the blog was interactive or contained any statement directed at U.S. consumers.

- ***"Contact" 5:*** Third-party reporting of the Publication does not show purposeful availment of U.S. laws. A third party's acts cannot be imputed to a defendant for purposes of personal jurisdiction. *Walden*, 571 U.S. at 284 (courts "consistently reject[] attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State").

The *Calder* effects test does not provide a lifeline to Plaintiff's arguments. In *EE Holdings*, this Court found that the effects test was satisfied because the defendant targeted the U.S. No comparable targeting exists here. All Plaintiff can allege here is that it was harmed in Georgia. But a plaintiff's injury in the forum, standing alone, is an insufficient basis on which to exercise personal jurisdiction. *Walden*,

571 U.S. at 290. *Calder* does not excuse a plaintiff from demonstrating that the defendant itself created a meaningful connection with the forum. *Id.* at 286-87.

### B. Plaintiff's Conspiracy Theory of Jurisdiction Fails as a Matter of Law.

The Court should likewise disregard Plaintiff's eleventh-hour attempt to create a conspiracy theory of jurisdiction out of whole cloth. First, this "theory" is unpleaded. Second, it is not legally cognizable. Plaintiff's authorities construed *Florida's* long-arm statute, which Florida courts read to reach co-conspirators. *See Mazer*, 556 F.3d at 1281-82. Georgia's long-arm statute contains no comparable doctrine and is construed literally. *Gust v. Flint*, 257 Ga. 129, 130 (1987). Even in *Mazer*, the Eleventh Circuit rejected conspiracy jurisdiction because an unrebutted affidavit negated the alleged forum conduct. 556 F.3d at 1281-82. Third, the theory fails on its own terms: Del Gaudio's contractual consent to jurisdiction is not an act *in Georgia* in furtherance of any conspiracy, and Plaintiff identifies no such act by anyone. Finally, Plaintiff's conspiracy count is itself preempted because it rests on the same operative facts as its trade secret claims. (Mem. at 23-24.)

## IV. Plaintiff Fails to Address the Factual or Legal Bases for its Failure to State its Remaining Claims.

Plaintiff never addresses the fatal defect in its trade secret misappropriation claim.[7] Plaintiff acknowledges that the "act" in furtherance of the alleged misappropriation in the U.S. must "manifest that the [offense] is at work and is not simply a project in the minds of the offenders." Resp. at 19. Yet Plaintiff cannot point to a single paragraph of its Complaint alleging any such "act." Instead, Plaintiff points to Del Gaudio's participation in meetings and exposure to the alleged trade secrets ***while employed by Plaintiff***. *Id.* (citing Dkt. 1 at ¶¶ 33-35).

Courts are clear that such "exposure" is not an "act" under the DTSA. When a trade secret is provided under a contract or employment agreement, its receipt reflects no intent or scheme to misappropriate the trade secret at the time of acquisition. *See Bepex Int'l, LLC v. Hosokawa Micron BV*, 2023 U.S. Dist. LEXIS 66233, at *18-19 (D. Minn. Mar. 29, 2023) (rejecting plaintiff's argument that a U.S. "act" was a "plan" to use trade secrets acquired through a license agreement as speculative). Here, Plaintiff concedes it alleges no such acts. Instead, the alleged misappropriation occurred outside the U.S. *See Whaleco Inc. v. Shein Tech. LLC*, 2025 U.S.

[7] The Court must disregard Plaintiff's attempt to rely on the Patel declaration to support its arguments against dismissal under Rule 12(b)(6). It is well-established that "the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and the attachments thereto." *Hays v Page Perry LLC*, 26 F. Supp. 3d 1311, 1316 (N.D. Ga. 2014). No exception to that rule is implicated here.

Dist. LEXIS 194494, at *50-51 (D.D.C. Sept. 30, 2025) (dismissing a DTSA claim when no "act" in furtherance of the misappropriation occurred in the U.S.).

Plaintiff's argument that the trade secrets were "used" in the U.S. finds no support in its Complaint and is wrong as a matter of law. The allegation that Plaintiff relies on (Dkt. 1 at ¶ 98) does not even allege use of the trade secret. It also ignores that the Publication was generated and published outside the U.S. Again, accessibility of a web-based publication does not constitute "use" of the trade secret in the U.S. *See, e.g.*, *dmarcian, Inc. v. DMARC Advisor BV*, 182 F.4th 289, 302-303 (4th Cir. 2026) (web accessibility alone cannot ground extraterritorial application of U.S. law); *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 470 (7th Cir. 2024) (noting sales in the U.S. and attendance at U.S. trade shows to market and demonstrate the product as "use" under the extraterritorial provision of the DTSA). Plaintiff does not—and cannot—allege that Paradigm has offered or sold services using the alleged trade secrets in the U.S. More attenuated still is the claim that third-party publications constitute "use" by Paradigm.

Plaintiff's five "bases" for Paradigm's knowledge (Resp. at 21-22) fare no better—they are inference stacked on inference, not fact. Hiring a competitor's former engineer is lawful. Expertise in vulnerability research does not show knowledge that particular information was subject to a duty of confidence. A statutorily required immunity notice in Del Gaudio's agreement with *Plaintiff* says nothing about what

*Paradigm* knew. Declining to capitulate to cease-and-desist letters received weeks *after* publication evinces a dispute, not pre-publication knowledge. And coordinating disclosure with the device manufacturer is conduct consistent with responsible security research, not knowing use of stolen information. None of this plausibly alleges that Paradigm knew or should have known that the information was acquired by improper means. 18 U.S.C. § 1839(5)(B); Mem. at 18-20.

Plaintiff misconstrues the law and its own allegations in an attempt to prop up its tortious interference claim. Paragraph 157 of the Complaint ties the claim solely to the theft of trade secrets. *See* Dkt. 1 at ¶ 157 ("Paradigm Shift wrongfully…induced Del Gaudio to breach his contractual obligations to Magnet Forensics by encouraging, incentivizing, or facilitating Del Gaudio's disclosure of Magnet Forensics' trade secret and confidential information to Paradigm Shift."); *see also id.* at ¶¶ 160-61. Plaintiff does not allege interference with its contract in any other way. The recitation that Paradigm was not a party to Plaintiff's agreement with Del Gaudio is not the gravamen of the claim. As Plaintiff's own authority makes clear, the GTSA's preemption clause supersedes "lesser and alternate claims based on the same facts" as a party's trade secret claims. *Angel Oak Mortg. Sols. LLC v. Mastronardi*, 593 F. Supp. 3d 1234, 1239 (N.D. Ga. 2022). Nor has Plaintiff identified what non-trade-secret information Paradigm allegedly "encouraged" Del Gaudio to disclose. There is none.

Plaintiff has no answer to Paradigm's showing that its remaining claims merely recast its trade secret claims. Its reliance on *Pipkins v. City of Hoover, Ala.*, 134 F.4th 1163 (11th Cir. 2025) is misplaced. The court in *Pipkins* cited Rule 8(d) in the context of alternative pleading for inconsistent claims. It did not face the GTSA preemption language at issue here. Nor does Plaintiff respond at all to Paradigm's independent showing that Count IV fails on its elements: Plaintiff identifies no third party that Paradigm induced to do anything and no customer it lost. (Mem. at 24-25.) That claim is abandoned.

## V. Neither Jurisdictional Discovery, a Rule 12(i) Hearing, Nor Leave to Amend is Warranted.

Jurisdictional discovery is not a fishing expedition designed for plaintiffs that wish to find a basis for jurisdiction *after* filing a complaint. *See Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) (jurisdictional discovery "is not a vehicle for a fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction."). Courts routinely deny jurisdictional discovery when, as here, a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants. *See Home Legend, LLC v. Mannington Mills, Inc.*, 2014 U.S. Dist. LEXIS 203459, at *44 (N.D. Ga. July 2, 2014); *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009) (affirming denial of jurisdictional discovery sought as an alternative in an opposition brief). Because

Plaintiff's jurisdictional case fails as a matter of law, discovery would be an abuse of discretion, *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009), and a Rule 12(i) hearing is unnecessary—the dispositive facts stand unrebutted. Further, the enumerated list of topics on which Plaintiff seeks discovery has no bearing on the extraterritorial application of the DTSA or contacts with Georgia. Otherwise, they are settled by the Pontorieri Declaration.

Plaintiff's throwaway request for leave to amend is likewise improper. "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 48 F.4th 1222, 1236 (11th Cir. 2022); *Metcalfe v. QTC Med. Grp., Inc.*, 2023 U.S. Dist. LEXIS 23625, at *6 (N.D. Ga. Sept. 22, 2023) (denying a request to amend made as part of a response to a motion to dismiss).

## VI. CONCLUSION

For the foregoing reasons and those stated in its opening memorandum, Paradigm respectfully requests that the Court dismiss the Complaint against it for lack of personal jurisdiction and dissolve the preliminary injunction or, in the alternative, dismiss Plaintiff's claims under Rule 12(b)(6). Plaintiff's alternative requests for jurisdictional discovery, an evidentiary hearing, and leave to amend should be denied.

Dated: September 9, 2026

Respectfully submitted,

*/s/ Shattuck Ely*

Shattuck (Tucker) Ely
Fellows LaBriola LLP
Suite 2400, Harris Tower
233 Peachtree St., NE
Atlanta, Georgia 30303
(404) 586-9200
tely@fellab.com

*Attorneys for Defendant Paradigm Shift Technology, S.L.*

**CERTIFICATE OF FONT AND POINT SELECTION**

Undersigned counsel hereby certifies, under LR 7.1(D), NDGa, that the foregoing was prepared in Times New Roman, 14-point font, which is one of the font and point selections approved in LR 5.1, NDGa.

*/s/ Shattuck Ely*
Shattuck Ely

**CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all attorneys of record.

Respectfully submitted, this 9th day of September, 2026.

*/s/ Shattuck Ely*
Shattuck Ely