**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | |
|---|---|
| **Magnet Forensics, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Mario Del Gaudio and Paradigm Shift Technology, S.L.,**<br><br>**Defendants**. | **Case No. 1:26-cv-03781-VMC** |

**DEFENDANT MARIO DEL GAUDIO'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(2) AND 12(B)(6)**

## I. INTRODUCTION

Plaintiff's Opposition confirms the defect at the heart of this case: it identifies no contact between Del Gaudio and Georgia, and it pleads none. In place of the minimum contacts it cannot allege, Plaintiff offers four substitutes: the Court's preliminary injunction, a forum selection clause in an agreement Plaintiff did not sign, pendent personal jurisdiction, and, for the first time, Rule 4(k)(2). None supplies jurisdiction over a defendant who resides in Spain, worked in Italy, and has never set foot in Georgia. Del Gaudio Decl. ¶¶ 3-7.

## II. ARGUMENT

### A. The Preliminary Injunction Order did not establish personal jurisdiction and does not bar this Motion.

Plaintiff's lead argument, that the Court "has already exercised personal jurisdiction" by entering the preliminary injunction, misunderstands what a preliminary injunction decides. Opp. at 3. A preliminary injunction is provisional relief whose purpose "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834, 68 L. Ed. 2d 175 (1981). Because it issues "on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits," the Supreme Court has held that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the

merits." *Id*. The Eleventh Circuit applies that rule directly: "the trial judge's conclusions of law as well as his findings of fact at the preliminary injunction stage are not binding" on the court's later determination, *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 n.21 (11th Cir. 1983), and preliminary-injunction rulings "are generally not considered final or conclusive," *David Vincent, Inc. v. Broward Cnty., Fla.*, 200 F.3d 1325, 1331 (11th Cir. 2000) a proposition the Eleventh Circuit has confirmed reflects "the general view." *Id*. at n.8. Treating a preliminary "likelihood of success" as an actual adjudication "improperly equates 'likelihood of success' with 'success'" and ignores the "significant procedural differences between preliminary and permanent injunctions." *Univ. of Texas*, 451 U.S. at 395 (1981).

Entry of the Preliminary Injunction did not shift or discharge Plaintiff's burden. Once a defendant contests personal jurisdiction, the plaintiff "bears the burden of establishing it at each stage of the litigation." *Gilead Scis., Inc. v. Meritain Health, Inc.*, No. 25-1828, 2026 WL 2357415 at *6 (4th Cir. Aug. 18, 2026). That burden persists even after entry of an order against a non-appearing defendant: "the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Jordan Outdoor Enters., Ltd. v. That 70's Store, LLC*, 819 F. Supp. 2d 1338, 1340 (M.D. Ga. 2011). And an order entered without personal jurisdiction "is

void and unenforceable." *Baragona v. Kuwait & Gulf Link Transport Co.*, 691 F. Supp. 2d 1351, 1360 (N.D. Ga.).

Finally, "failure to appeal as of right from an order concerning a preliminary injunction does not constitute a waiver of issues," so declining a permissive interlocutory appeal does not change Del Gaudio's position as to his Motion. *F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 428 (6th Cir. 1987). Plaintiff itself concedes that Del Gaudio's compliance with the Order does not "constitute[ ] formal waiver of his personal jurisdiction defense." Opp. at 3. Plaintiff's fallback, that the Motion is "in substance a motion for reconsideration" subject to the "extraordinary" Rule 54(b) standard, fails for the same reason. A motion filed after preliminary-injunction proceedings is not automatically treated as a motion for reconsideration and is not held to that heightened standard where it does not ask the court to revisit a matter it already decided. *Computer & Commc'ns Indus. Ass'n v. Uthmeier*, 826 F. Supp. 3d 1358, 1369 (N.D. Fla. 2025). Del Gaudio's Motion does not ask the Court to reconsider the injunction. It asks the Court, for the first time and on the standard that governs a Rule 12(b)(2) motion, whether it may exercise personal jurisdiction over him at all.

### B. The forum selection clause does not confer personal jurisdiction over Del Gaudio.

#### 1. Magnet Forensics, LLC is not a party to the Agreement and cannot invoke the forum selection clause.

Plaintiff insists it is covered by the Agreement because the preamble defines "Company" as "Magnet Forensics Inc. and its affliates." Opposition 6. The Agreement, however, separately defines "Affiliates" in Section 3.1 and then uses "Company" and "Affiliates" side by side throughout, so the defined term "Company" does not include affiliates. Memo. at 12. As the opening brief showed, this Court reached exactly that conclusion in a materially identical case, holding that where an agreement separately defines "Affiliates," the term "Company" does not encompass them, a result Georgia's rules of construction independently require, because reading "Company" to include affiliates would render the parties' repeated, separate use of "Affiliates" redundant. Memo. at 12-13.

Plaintiff's attempt to distinguish that authority, on the theory that its preamble "expressly includes" affiliates, reads the preamble in isolation. Opp. at 7. Georgia law disfavors any construction that renders contract terms redundant and presumes that parties do not use two different terms to mean the same thing. Because the Agreement pairs "Company" with the separately defined "Affiliates" throughout,

"Company" cannot absorb the very affiliates the Agreement takes pains to define separately.

Sections 17 and 14 do not change the result. Opp. at 6-7. Regarding assignment, Plaintiff pleads only that Magnet Forensics Inc. assigned its rights "[t]o the extent necessary," a conditional, conclusory allegation that neither establishes an assignment occurred nor cures Plaintiff's status as a non-signatory. Memo. at 15.

Plaintiff's reliance on the Agreement's acknowledgment and integration provisions (Sections 10.2, 10.4, and 16) to foreclose Del Gaudio's declaration misses the point. Opp. at 8. Del Gaudio declaration establishes that he was presented a standard employer-of-record form and did not negotiate it. He also did not understand himself to be consenting to jurisdiction in Georgia for claims of unnamed affiliates. Del Gaudio Decl. ¶¶ 8-9.

Plaintiff's duty-to-read authorities do not help it. *Pirelli Tire* and *Hambric Steel & Fabrication* hold only that a party who could read is bound by the terms of the instrument he signed. Neither holds that a non-signatory affiliate may enforce a clause, nor that the defined term "Company" includes affiliates. Del Gaudio does not contend he is unbound by what he signed. He demonstrates that the entity invoking Section 12, Magnet Forensics, LLC, is not the "Company" with which he entered an agreement.

### 2. Even if Plaintiff could invoke the Agreement, Section 12 reaches only Count III.

Even assuming Plaintiff could enforce Section 12, its language, consent to jurisdiction over disputes "arising under or concerning this Agreement," does not reach Plaintiff's tort and statutory claims. Memo. at 16. Plaintiff argues that "arising under or concerning" is as broad as "arising out of or relating to." Opp. at 9. But the Eleventh Circuit construes even the broader "relating to" language narrowly: a claim "relates to" a contract only when "the dispute occurs as a fairly direct result of the performance of contractual duties," and "the fact that a dispute could not have arisen but for an agreement does not mean that the dispute necessarily 'relates to' that agreement." *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1341 (11th Cir. 2012). A but-for connection is not enough, and "related to" "marks a boundary by indicating some direct relationship," lest the clause "have no limiting purpose." *Id.* (internal quotation marks omitted). Even a clause reaching disputes "related in any way to" a contract did not cover claims that lacked "a direct relationship" to the contract's performance. *Id*. This clause should be construed against Plaintiff, not expanded to sweep in every claim Plaintiff can conceive. Memo. at 17.

Plaintiff's contrary authorities do not support a broader reading. *Gregory* is an arbitration case. Its expansive construction rests expressly on the federal policy favoring arbitration and the command that "[a]ny doubts concerning the scope of

arbitrable issues should be resolved in favor of arbitration," a presumption that does not apply here. *Gregory v. Electro-Mech. Corp.*, 83 F.3d 382 (11th Cir. 1996). *Am. Spirit & Cheer Essentials* and *Spinnaker* were Section 1404(a) transfer decisions that either applied broader "relating to"/"hereunder" language or bound the signer as to his own claims. *Spinnaker* in fact confirms the operative distinction, recognizing that "arising under" does not include "matters merely relating to." *Spinnaker Int'l L.L.C. v. Greenfence, LLC*, No. 1:17-CV-2749-TWT, 2017 WL 5952270 at *2 n.26 (N.D. Ga. Dec. 1, 2017). The Eleventh Circuit draws the same line: "arising under" language is narrower than "relating to," and even a "relates to" clause reaches a dispute only where it "'occurs as a fairly direct result of the performance of contractual duties.'" *Crespo v. Smart Health Diagnastics Co.*, No. 5:23-CV-01421-HNJ, 2024 WL 2064071 at *19 n.15 (N.D. Ala. May 7, 2024) (quoting *Bahama Sales* and collecting Eleventh Circuit authority).

### C. Pendent personal jurisdiction does not extend to the remaining claims.

Plaintiff contends that *Cronin* and *Thomas* "adopted pendent-claim personal jurisdiction" and that all of its claims share "the same jurisdiction-generating event." Opp. at 12-13. That misreads both cases. In *Cronin*, jurisdiction over the anchor claim rested on the Florida long-arm statute and constitutional minimum contacts, the defendant's purposeful availment by offering to procure insurance for a Florida

resident. *Cronin v. Washington Nat. Ins. Co.*, 980 F.2d 663 (11th Cir. 1993). The "jurisdiction generating event" language describes the reach of a state long-arm statute over "all legal theories of relief growing out of" a qualifying, contact-based event. It is not a rule that contractual consent to one claim manufactures jurisdiction over unrelated claims. *Thomas* is similar: the doctrine, assuming there is one, is rooted "the forum's long-arm statute," and it affirmed dismissal because the defendants lacked minimum contacts with the forum. *Thomas v. Brown*, 504 F. App'x 845 (11th Cir. 2013).

The doctrine's footing is uncertain and even if the doctrine could be applied, the Court should decline to exercise it. Courts retain discretion to decline pendent personal jurisdiction and should do so where extending jurisdiction over claims that independently fail the minimum-contacts test would "eliminate the distinction between specific personal jurisdiction and general personal jurisdiction" and raise due-process concerns. *Moore v. Cecil*, 488 F. Supp. 3d 1144, 1160 (N.D. Ala. 2020). The Agreement should not serve as a door through which Plaintiff ushers in a host of unrelated claims against a defendant with no Georgia contacts. Memo. at 19.

**D. Rule 4(k)(2) does not supply personal jurisdiction over Del Gaudio.**

Plaintiff raises Rule 4(k)(2) for the first time in its Opposition, as an "independent" basis for the DTSA claim. Opp. at 14. It fails and cannot in any event

reach the state-law claims. By its text, Rule 4(k)(2) applies only to "a claim that arises under federal law," and permits jurisdiction only if the defendant "is not subject to jurisdiction in any state's courts of general jurisdiction" and the exercise of jurisdiction "is consistent with the United States Constitution and laws." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1216 (11th Cir. 2009). It therefore reaches, at most, the federal DTSA claim, not Plaintiff's GTSA, tortious-interference, unjust-enrichment, or conspiracy claims. And the burden of establishing every element rests on Plaintiff. *Id.*[1]

Further, the constitutional prong is not met here. When a court applies Rule 4(k)(2), the minimum-contacts forum is the United States as a whole, and the exercise of jurisdiction must still satisfy the fairness inquiry, which in cases involving international defendants gives special weight to "the unique burdens placed upon one who must defend oneself in a foreign legal system." *Oldfield*, 558 F.3d at 1221. Plaintiff's reliance on the recent Fifth Amendment decisions it cites does not carry its burden. Opp. at 15. As a court addressing that standard as applied to a foreign individual recently explained, even where a federal claim is asserted and

[1] Plaintiff's invocation of Rule 4(k)(2) is procedurally improper, as it has alleged that Del Gaudio is subject to personal jurisdiction in Georgia. Plaintiff's position that Del Gaudio is subject to jurisdiction in Georgia has conceded amenability there, and a defendant subject to general jurisdiction in an identifiable state "do[es] not fall within the ambit of Rule 4(k)(2)'s second prong." *Doe*, 2026 WL 2089224 at *9.

the defendant is subject to general jurisdiction in no state, jurisdiction still fails the constitutional prong where the defendant's conduct did not involve the United States and was not expressly aimed at the forum. *Doe*, 2026 WL 2089224 at *10-11.

As noted in the Memorandum, Plaintiff does not even allege a domestic act by Del Gaudio. The five-day trip to Denver in March 2024 is an allegation drawn from a declaration, not from the Complaint's jurisdictional allegations. Memo. at 16. On a Rule 12(b)(2) motion, however, jurisdiction is measured by the "complaint and affidavits," and Plaintiff bears "the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Doe*, 2026 WL 2089224 at *3. Plaintiff pled no such facts. It pled consent under the Agreement, and only that. And even crediting the Denver trip, attendance at meetings unrelated to any act of misappropriation does not make jurisdiction reasonable over a defendant who resides in Spain and worked in Italy. Del Gaudio Decl. ¶¶ 3, 5.

Plaintiff's own Fifth Amendment authorities confirm as much. In *Rodriguez*, the Eleventh Circuit applied the reasonableness standard of *Fuld* and held that the exercise of Rule 4(k)(2) jurisdiction over the foreign defendants "would not be reasonable" because their conduct bore no meaningful relationship to the United States. The decisions Plaintiff cites all found jurisdiction only where the foreign defendant purposefully directed claim-generating conduct at the United States. *See*

*EE Holding Grp.*; *Cent. Am. Bank for Econ. Integration*, and *A.A. v. Omnicom Grp*. Opp. at 14-15.

Post-*Fuld*, jurisdiction still requires contacts that are "the defendant's own choice and not random, isolated, or fortuitous" and claims that "arise out of or relate to" those contacts. *A.A.*, 2026 WL 504904 at *7. Plaintiff argues that Del Gaudio's visit to Denver subjects him to jurisdiction (Opp. at 15-16), but this trip was presumably ordered by Magnet Forensics Inc. as part of his employment. Indeed, in an even closer case, a court found no specific jurisdiction from a defendant's mere attendance at, and opening of, a forum conference, because that participation did not manifest a purposeful, claim-related association with the forum. *Cent. Am. Bank for Econ. Integration v. Mossi*, No. 24-CV-2544 (CRC), 2025 WL 2732731 at *8 (D.D.C. Sept. 25, 2025). The *Cent. Am. Bank* looked to other contacts in order to find Rule 4(k)(2) could grant jurisdiction. *Id*. at *9. Del Gaudio's single five-day trip to attend internal meetings as part of his work, unrelated to any alleged act of misappropriation, is the isolated, non-claim-related contact that is insufficient.

### E. Plaintiff fails to state a claim as a matter of law.

#### 1. The preliminary-injunction findings do not control the Rule 12(b)(6) analysis.

A preliminary-injunction finding, made on an uncontested record and provisional by nature, does not bind the Court's Rule 12(b)(6) analysis. *Univ. of*

*Texas*, 451 U.S. 390 (1981). Whatever weight the Court gave Plaintiff's allegations for provisional relief, the Complaint must still contain "sufficient factual matter … to state a claim to relief that is plausible on its face." *Angel Oak Mortg. Sols. LLC v. Mastronardi*, 593 F. Supp. 3d 1234, 1238 (N.D. Ga. 2022).

**2. The Complaint alleges no domestic act of misappropriation under the DTSA.**

The DTSA reaches extraterritorial conduct only if "an act in furtherance of the offense was committed in the United States." 18 U.S.C.A. § 1837. A domestic "act" of misappropriation means acquisition by improper means, disclosure, or "use." *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458 (7th Cir. 2024). The Complaint alleges nothing of the kind against Del Gaudio. It alleges that he attended meetings and was "exposed" to the MSG capability, and that Paradigm, not Del Gaudio, published a blog post two years after he left. Memo. at 20.

Exposure and access are not misappropriation. Acquiring information one is authorized to see, without an improper act, does not state a claim, and conclusory allegations that a defendant "acquired and disclosed" or "presumably used" trade secrets are disregarded as speculative and conclusory. *Angel Oak*, 593 F. Supp. 3d at 1244; *ProV Int'l Inc. v. Lucca*, No. 8:19-CV-978-T-23AAS, 2019 WL 5578880 at *3 (M.D. Fla. Oct. 29, 2019). Plaintiff's theory that Del Gaudio's domestic "acquisition" of knowledge is itself misappropriation ignores that the Complaint

alleges no improper means of acquisition, only that he learned the capability in the ordinary course of his assigned work. Memo. at 20.

### 3. The GTSA supersedes Counts IV, VI, and VII, and alternative pleading does not save them.

The GTSA "supersede[s] conflicting tort, restitutionary, and other laws … providing civil remedies for misappropriation of a trade secret," preserving only contractual remedies and "civil remedies … not based upon misappropriation." Ga. Code Ann. § 10-1-767. The GTSA "preempts claims [that] rely on the same allegations as those underlying the plaintiff's claim for misappropriation of a trade secret." *Robbins v. Supermarket Equip. Sales, LLC*, 290 Ga. 462, 466, 722 S.E.2d 55 (2012) (internal quotation marks omitted). Plaintiff's response, that preemption is "premature" because the claims are pleaded "in the alternative" under Rule 8(d)(2), is foreclosed by Georgia law. Opp. at 23.

Courts in this District routinely resolve GTSA supersession on the pleadings, even while the trade-secret status of the information "remains disputed and unresolved," precisely because a plaintiff "cannot plead an alternative theory of recovery should the information ultimately not qualify as trade secrets." *Opteum Fin. Servs., LLC v. Spain*, 406 F. Supp. 2d 1378, 1380 (N.D. Ga. 2005). Claims pleaded "in the alternative," including unjust enrichment and tortious interference, are superseded where they rest on the same factual allegations as the GTSA claim, and

"waiting to address the preemption issue" until trade-secret status is resolved "is futile." *Meyn Am., LLC v. Tarheel Distributors, Inc.*, 36 F. Supp. 3d 1395, 1409 (M.D. Ga. 2014).

#### 4. Plaintiff fails to state a claim for tortious interference.

Independent of supersession, Count IV fails on its own terms. Under Georgia law, "[a]n essential element of a tortious interference with business relations claim is that the alleged tortfeasor induced a third party or parties not to enter into or continue a business relationship with the plaintiff." *Sweet City Landfill, LLC v. Lyon*, 352 Ga. App. 824, 834, 835 S.E.2d 764 (2019). The Complaint alleges only that, by publishing a blog post, Defendants "sought to induce" unspecified "current and prospective customers" to stop doing business with Magnet Forensics. It names no induced third party and identifies no lost customer. Mem. at 24-25.

### F. Plaintiff's requests for an evidentiary hearing, jurisdictional discovery, and leave to amend should be denied.

Plaintiff's alternative requests do not salvage its claims. Opp. at 25. No Rule 12(i) evidentiary hearing is warranted. Plaintiff's own authority, *N. Am. Sugar*, required a hearing only because the plaintiff there came forward with specific record evidence (twenty-two emails and documents) that conflicted with the defendants' declarations. Here, Del Gaudio's jurisdictional facts (his residence in Spain, his work in Italy, and his complete absence of Georgia contacts) are unrebutted and drawn

from his sworn declaration, without a counter from Plaintiff. Del Gaudio Decl. ¶¶ 3-7.

Jurisdictional discovery is likewise unwarranted. The qualified right to jurisdictional discovery arises only where the jurisdictional question is "genuinely in dispute" and the plaintiff has offered "some evidence" of forum contacts. *Rothschild & Co. Continuation Holdings A.G. v. Sklarov*, 440 F. Supp. 3d 1385, 1395 (N.D. Ga. 2020). It does not attach to a purely legal contract-construction theory or to a complaint that pleads no contacts at all, and no discovery could supply the Georgia contacts Plaintiff has never alleged.

And leave to amend should be denied as futile: the deficiencies are legal, not factual, and denial is proper where no proposed allegation "would have been sufficient to confer jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209 (11th Cir. 1999).

DATE: September 9, 2026

Respectfully Submitted,

/s/Luke Anderson
Luke Anderson (GA Bar No. 018330)
**Advanced Technology Law**
(Luke Anderson P.C.)
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338-7702
Telephone: (404) 991-2241
Fax: (404) 935-0927
Email: Landerson@advtechlaw.com

Siddhesh V. Pandit, VA Bar No. 75,686 (*pro hac vice to be submitted*)
svp@maierandmaier.com
Christopher J. Maier, VA Bar No. 70,185 (*pro hac vice to be submitted*)
cjm@maierandmaier.com
Michael R. Casey, VA Bar No. 43,919 (*pro hac vice to be submitted*)
mrc@maierandmaier.com

**MAIER & MAIER PLLC**
345 South Patrick Street
Alexandria, VA 22314
(703) 740-8322 (phone)
(703) 991-7071 (fax)

Thomas J. Gohn, TX Bar No. 24097742
*(pro hac vice to be submitted)*
tjg@maierandmaier.com

**MAIER & MAIER PLLC**
8750 N. Central Expressway
Suite 1850
Dallas, Texas 75231

(703) 740-8322 (phone)
(703) 991-7071 (fax)

***Attorneys for Mario Del Gaudio***

**CERTIFICATE OF SERVICE**

On September 9, 2026, the foregoing was electronically filed using the Court's CM/ECF system, which sent notification of such filing to all registered counsel of record for Plaintiff.

By: /s/ Luke Anderson

**CERTIFICATE OF PREPARATION**

The undersigned certifies that the brief has been prepared with size 14 Times New Roman font in compliance with LR 5.1(B).

By: /s/ Luke Anderson