**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MAGNET FORENSICS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>MARIO DEL GAUDIO and PARADIGM SHIFT TECHNOLOGY, S.L.,<br><br>*Defendants.* | Case No. 1:26-cv-03781-VMC |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Local Rule 16.2, Plaintiff Magnet Forensics, LLC ("Plaintiff" or "Magnet Forensics") and Defendants Mario Del Gaudio ("Del Gaudio") and Paradigm Shift Technology, S.L. ("Paradigm Shift") (collectively, "Defendants") hereby file their Joint Preliminary Report and Discovery Plan, stating as follows:

1. **Description of Case:**

(a) Describe briefly the nature of this action.

**Plaintiff Magnet Forensics, LLC is a developer of digital investigation solutions that enable law enforcement agencies, intelligence agencies, and government entities worldwide to lawfully access, recover, and analyze digital evidence. Plaintiff seeks preliminary and permanent injunctive relief, compensatory damages, exemplary damages, disgorgement, punitive damages,**

**and attorneys' fees against Defendants for the following claims: (1) misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(B)(1), et seq., against all Defendants; (2) misappropriation of trade secrets in violation of the Georgia Trade Secrets Act ("GTSA"), O.C.G.A. §§ 10-1-760, et seq., against all Defendants; (3) breach of contract, against Del Gaudio; (4) tortious interference with business relationships, against all Defendants; (5) tortious interference with contract, against Paradigm Shift; (6) unjust enrichment, against all Defendants; and (7) civil conspiracy, against all Defendants.**

**On July 21, 2026, the Court entered an Opinion, Order, and Preliminary Injunction (Dkt. 12), enjoining Defendants from, among other things, any promotion, marketing, advertising, commercial exploitation, and monetization of any product, service, tool, or capability derived from or incorporating the A12/A13 SecureROM access capability, and ordering Defendants to remove the blog post titled "Introducing usbliter8: An A12/A13 SecureROM Exploit" and all associated materials. That Preliminary Injunction remains in effect.**

**On August 12, 2026, both Defendants filed Motions to Dismiss (Dkt. 17; Dkt. 18). Plaintiff filed its Responses in Opposition on August 26, 2026 (Dkt. 20; Dkt. 21) and both Defendants filed replies in support of their respective Motions**

**to Dismiss (Dkt. 22 and Dkt. 23). Those Motions remain pending before the Court.**

**Defendant Del Gaudio denies all liability to Plaintiff and specifically denies that he misappropriated any trade secret or confidential information belonging to Magnet Forensics. Mr. Del Gaudio further contests this Court's personal jurisdiction over him and contends that Plaintiff is not a party to the Agreement on which Plaintiff bases certain of its claims. Mr. Del Gaudio reserves all rights and defenses.**

**Defendant Paradigm Shift denies all liability to Plaintiff and specifically denies that it knew or had reason to know that the information underlying its "usbliter8" publication was acquired by improper means or derived from any breach of confidence. Paradigm Shift further contests this Court's personal jurisdiction over it and contends that Plaintiff has failed to state a claim upon which relief can be granted. Paradigm Shift reserves all rights and defenses.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's Summary:**

**Magnet Forensics is a developer of digital investigation solutions used by more than 6,000 public and private sector entities in over 100 countries. Among Magnet Forensics' most sophisticated proprietary capabilities is the**

**development of "access capabilities"—specialized tools and technical methodologies developed to gain access to digital devices through zero-day vulnerabilities.**

**Defendant Del Gaudio worked as an Exploit Engineer placed with Magnet Forensics through a professional employer organization arrangement from November 2023 through November 2024. As a condition of his placement, Mr. Del Gaudio executed a Proprietary Rights, Intellectual Property, and Restrictive Covenants Agreement (the "Agreement") imposing binding obligations of confidentiality, non-disclosure, intellectual property assignment, and return of company property, all of which expressly survive the termination of his placement.**

**During his tenure, Del Gaudio participated in weekly team meetings discussing Magnet Forensics' most sensitive proprietary capability—a zero-day access capability internally designated as "MSG" targeting the A12/A13 SecureROM vulnerability in certain Apple devices. Del Gaudio was tasked with work requiring hands-on execution of the MSG capability likely dozens of times. In March 2024, Del Gaudio traveled to Denver, Colorado for a team-wide offsite meeting where he attended restricted sessions discussing the technical details of the MSG capability.**

**After his placement ended in November 2024, Del Gaudio became affiliated with Defendant Paradigm Shift, a Spain-based entity specializing in uncovering and exploiting zero-day vulnerabilities. On June 18, 2026, Paradigm Shift published a detailed technical blog post titled "Introducing usbliter8: An A12/A13 SecureROM Exploit," disclosing extensive technical details regarding a proprietary access capability that is, in substance, the same capability Del Gaudio worked on at Magnet Forensics.**

**Magnet Forensics has identified evidence linking Del Gaudio to the Publication, including a preserved screenshot connecting his name and photograph to the @NotHdesk account associated with the Publication, and a confirmed link between that account and Del Gaudio's known personal email address. Paradigm Shift coordinated disclosure with Apple Product Security prior to publication.**

**Despite receiving cease-and-desist demands, Defendants refused to remove the Publication or provide the assurances demanded. The Publication was reported or republished by numerous prominent media outlets, including Mashable, The Hacker News, TechCrunch, SecurityWeek, Infosecurity Magazine, Security Affairs, TechRadar, TechRepublic, and Cyber Insider, among others, compounding the harm to Magnet Forensics. Defendants' unauthorized disclosure has alerted Apple to the vulnerability, threatening to**

**render the access capability and the products that rely on it permanently inoperative. Magnet Forensics has suffered and continues to suffer irreparable harm to its business, competitive position, and goodwill.**

**Defendant Del Gaudio's Summary:**

**Defendant Del Gaudio denies all liability to Plaintiff and specifically denies that Plaintiff has trade secret rights in the "MSG" vulnerability, or that he misappropriated any trade secret or confidential information belonging to Magnet Forensics. Mr. Del Gaudio further contests this Court's personal jurisdiction over him and contests if Plaintiff has stated a claim for relief (having filed a Motion to Dismiss at Dkt. 17) and contends that Plaintiff is not a party to the Agreement on which Plaintiff bases certain of its claims. Mr. Del Gaudio reserves all rights and defenses.**

**Defendant Paradigm Shift's Summary:**

**Defendant Paradigm Shift Technologies, S.L. contests that it is subject to personal jurisdiction in this Court. *See* Paradigm Shift Technology, S.L.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) at Dkt. 18. Defendant Paradigm Shift further denies all liability to Plaintiff and contends that Plaintiff has failed to state a claim against it. *Id.* Defendant Paradigm Shift reserves all rights and defenses.**

(c) The issues to be tried are as follows:

**Plaintiff's Summary:**

1. **Whether the A12/A13 SecureROM access capability, including its underlying methodology, architecture, technical implementation, and operational deployment information, constitutes a trade secret under the DTSA and the GTSA.**
2. **Whether Defendants misappropriated Magnet Forensics' trade secrets in violation of the DTSA, 18 U.S.C. § 1836.**
3. **Whether the DTSA applies to Defendants' extraterritorial conduct, including whether an act in furtherance of the offense was committed in the United States pursuant to 18 U.S.C. § 1837(2).**
4. **Whether Defendants misappropriated Magnet Forensics' trade secrets in violation of the GTSA, O.C.G.A. § 10-1-760, et seq.**
5. **Whether Del Gaudio breached the Agreement, including the non-disclosure provisions (Section 5.1), proprietary rights provisions (Sections 3.1 and 3.2), intellectual property assignment provisions (Sections 4.2 and 4.4), and the notification provision (Section 5.3).**
6. **Whether Defendants tortiously interfered with Magnet Forensics' business relationships with its customers, including law enforcement agencies, intelligence agencies, and government entities.**

7. **Whether Paradigm Shift tortiously interfered with the Agreement between Magnet Forensics and Del Gaudio by inducing Del Gaudio to breach his contractual obligations.**
8. **Whether Defendants have been unjustly enriched through their unauthorized use and disclosure of Magnet Forensics' trade secret information.**
9. **Whether Defendants entered into a civil conspiracy to misappropriate and publicly disclose Magnet Forensics' trade secrets and confidential information.**
10. **Whether Defendants' misappropriation was willful and malicious, entitling Magnet Forensics to exemplary damages under 18 U.S.C. § 1836(b)(3)(C) and attorneys' fees under 18 U.S.C. § 1836(b)(3)(D).**
11. **Whether Defendants' misappropriation was willful, intentional, and/or malicious, entitling Magnet Forensics to attorneys' fees under O.C.G.A. § 10-1-764.**
12. **Whether Defendants acted in bad faith, were stubbornly litigious, or caused Magnet Forensics unnecessary trouble and expense, entitling Magnet Forensics to attorneys' fees under O.C.G.A. § 13-6-11.**
13. **Whether Defendants' conduct warrants punitive damages.**

**14. What compensatory, consequential, and incidental damages Magnet Forensics has suffered as a proximate result of Defendants' conduct.**

**15. Whether Magnet Forensics is entitled to disgorgement of Defendants' profits derived from the misappropriated trade secret information.**

**16. Whether Magnet Forensics is entitled to permanent injunctive relief.**

**Defendants' Summary:**

**Defendant Del Gaudio denies all liability to Plaintiff and specifically denies that Plaintiff has trade secret rights in the "MSG" vulnerability, or that he misappropriated any trade secret or confidential information belonging to Magnet Forensics. Mr. Del Gaudio further contests this Court's personal jurisdiction over him and contests if Plaintiff has stated a claim for relief (having filed a Motion to Dismiss at Dkt. 17) and contends that Plaintiff is not a party to the Agreement on which Plaintiff bases certain of its claims. Mr. Del Gaudio reserves all rights and defenses.**

**Defendant Paradigm Shift Technologies, S.L. contests that it is subject to personal jurisdiction in this Court. *See* Paradigm Shift Technology, S.L.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) at Dkt. 18. Defendant Paradigm Shift Technologies, S.L. further denies all liability to Plaintiff and contends that Plaintiff has failed to state a claim against it. *Id.***

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: **None**.

(2) Previously Adjudicated Related Cases: **None**.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

**THIS CASE IS COMPLEX.**

___ (1) Unusually large number of parties

[X] (2) Unusually large number of claims or defenses

[X] (3) Factual issues are exceptionally complex

[X] (4) Greater than normal volume of evidence

[X] (5) Extended discovery period is needed

___ (6) Problems locating or preserving evidence

___ (7) Pending parallel investigations or action by the government

[X] (8) Multiple use of experts

[X] (9) Need for discovery outside United States boundaries

[X] (10) Existence of highly technical issues and proof

[X] (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

**Andrea Martin (*pro hac vice admitted*)**
**Moses M. Tincher**
**Georgia Bar No. 578906**
**Troutman Pepper Locke LLP**
**600 Peachtree Street NE, Suite 3000**
**Atlanta, Georgia 30308**
**(404) 885-2593**
**andrea.martin@troutman.com**
**moses.tincher@troutman.com**

**Defendant Del Gaudio:**

**Luke Anderson**
**Georgia Bar No. 018330**
**Advanced Technology Law (Luke Anderson P.C.)**
**1050 Crown Pointe Parkway, Suite 500**
**Atlanta, GA 30338-7702**
**(404) 991-2241**
**Landerson@advtechlaw.com**

**Siddhesh V. Pandit, VA Bar No. 75,686 (*pro hac vice to be submitted*)**
**svp@maierandmaier.com**
**Christopher J. Maier, VA Bar No. 70,185 (*pro hac vice to be submitted*)**
**cjm@maierandmaier.com**
**Michael R. Casey, VA Bar No. 43,919 (*pro hac vice to be submitted*)**
**mrc@maierandmaier.com**
**Thomas J. Gohn, TX Bar No. 24097742 (*pro hac vice to be submitted*)**
**tjg@maierandmaier.com**

**Defendant Paradigm Shift:**

**Shattuck (Tucker) Ely**

**Georgia Bar No. 246944**
**Fellows Labriola LLP**
**Suite 2400, Harris Tower**
**233 Peachtree St., NE**
**Atlanta, Georgia 30303**
**(404) 586-9200**
**tely@fellab.com**

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

X Yes ___No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**Both Defendants have filed Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(2), contesting personal jurisdiction.**

**Defendant Del Gaudio's position:**

**Despite not being a party to the proprietary rights, intellectual property and restrictive covenants agreement entered into between Magnet Forensics Inc. and Defendant (the "Agreement"), Plaintiff sues Del Gaudio for breach of the same along with other claims relating to trade secret misappropriation. Plaintiff makes no allegations that Del Gaudio has any connection to the state of Georgia or that this Court has personal jurisdiction over Del Gaudio due to contact with the state of Georgia. Instead, Plaintiff alleges a few short sentences regarding a section of the Agreement relating to a forum selection clause.**

**Plaintiff's complaint should be dismissed, as it is not a party to the very Agreement Plaintiff rests its personal jurisdiction position on. Even if Plaintiff is considered a party, the Agreement is only relevant with respect to Count III (for breach of the Agreement). Plaintiff's other claims should be dismissed, as Del Gaudio has no minimum contacts with the state of Georgia and the forum selection clause in the Agreement cannot be expanded to the other claims in this case.**

**Further, the Complaint never alleges how Del Gaudio supposedly acquired the claimed trade secret. Plaintiff admits that its former employee, Del Gaudio, was "exposed" to the alleged trade secret by attending meetings, but "was specifically tasked with designing a separate, unrelated tool for testing another capability." Compl. at ¶¶ 33-35. Nowhere does the Complaint allege any facts that give rise to a plausible inference regarding misappropriation by Del Gaudio. Plaintiff's other claims also fail under Georgia law because they are premised on the same operative facts as Plaintiff's misappropriation claim or are otherwise inadequately pled. *See* Dkt. 17 and 23.**

**<u>Defendant Paradigm Shift Technology, S.L.'s position</u>:**

**For the reasons stated in Paradigm Shift Technology, S.L.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and supporting**

**Memorandum and Declaration, the Court lacks personal jurisdiction over Paradigm Shift. Paradigm Shift is a Spanish company with its principal place of business in Barcelona, Spain. It transacts no business in Georgia; has no offices, employees, agents, customers, property, or revenue in Georgia; and has directed no conduct at Georgia or its residents.**

**<u>Plaintiff's position</u>:**

**Plaintiff contends that jurisdiction is proper through multiple independent bases, including the forum selection clause, Federal Rule of Civil Procedure 4(k)(2), the *Calder* effects test, conspiracy jurisdiction, and the Georgia long-arm statute. Plaintiff further notes that the Court necessarily determined it had personal jurisdiction over both Defendants when it entered the Preliminary Injunction Order (Dkt. 12).**

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined: **None.**

(b) The following persons are improperly joined as parties: **None**.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

**At this time, the Parties do not anticipate any additional amendments to the pleadings, but the Parties reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and any applicable law.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.

(b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**The Parties do not object to exchanging Initial Disclosures. If not already filed, the Parties anticipate that Initial Disclosures will be served within 14 days after resolution of the pending Motions to Dismiss.**

**9. Request for Scheduling Conference:**

Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The Parties do not request a scheduling conference at this time but reserve the right to do so.**

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four-month discovery period, and (c) eight-month discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular

case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiff's Response:**

**Plaintiff intends to conduct discovery on all allegations outlined in the Verified Complaint and other issues that may arise as discovery proceeds, including but not limited to:**

**a) The development, scope, and value of the A12/A13 SecureROM access capability (MSG);**

**b) Del Gaudio's access to and acquisition of Magnet Forensics' trade secret and confidential information during his placement, including during the March 2024 Denver offsite;**

**c) Communications between Del Gaudio and Paradigm Shift, including the timing and circumstances of Del Gaudio's affiliation with Paradigm Shift;**

**d) The development and publication of the "usbliter8" exploit, including all persons who contributed to or had access to the underlying technical information;**

**e) Paradigm Shift's coordination with Apple Product Security prior to publication;**

**f) Paradigm Shift's commercial activities related to the usbliter8 capability, including revenue, customers, marketing, and business development;**

**g) The identity of all persons and entities to whom Defendants disclosed, communicated, or made available any of Magnet Forensics' confidential or trade secret information;**

**h) Defendants' knowledge that the information underlying the Publication derived from Magnet Forensics' proprietary research;**

**i) Magnet Forensics' damages, including lost profits, mitigation expenses, loss of competitive advantage, and harm to customer relationships;**

**j) Defendants' profits and unjust enrichment derived from the misappropriated information; and**

**k) Jurisdictional facts, including Del Gaudio's contacts with the United States and Paradigm Shift's U.S.-directed activities.**

**Plaintiff anticipates serving written interrogatories, requests for production and requests for admissions, non-party subpoenas (including to Apple, Inc. and to media outlets that reported on the Publication), as well as taking depositions pursuant to Rule 30(b)(1) and 30(b)(6).**

**Defendant Del Gaudio's Response:**

**Defendant Del Gaudio denies all liability to Plaintiff and specifically denies that Plaintiff has trade secret rights in the "MSG" vulnerability, or that he misappropriated any trade secret or confidential information belonging to Magnet Forensics. Mr. Del Gaudio further contests this Court's personal jurisdiction over him and contests if Plaintiff has stated a claim for relief (having filed a Motion to Dismiss at Dkt. 17) and contends that Plaintiff is not a party to the Agreement on which Plaintiff bases certain of its claims. Mr. Del Gaudio reserves all rights and defenses.**

**Defendant Paradigm Shift Technology, S.L.'s Response:**

**Defendant Paradigm Shift Technologies, S.L. contests that it is subject to personal jurisdiction in this Court. *See* Paradigm Shift Technology, S.L.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) at Dkt. 18. As a result, Paradigm Shift contends that no discovery is proper and objects to any discovery against it. Under LR 26.2(A) NDGa, discovery has not commenced.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Due to the international nature of this dispute—with Defendant Del Gaudio residing in Spain (formerly Italy), Defendant Paradigm Shift based in Barcelona, Spain, and key evidence and witnesses located abroad—the Parties anticipate that discovery will require service of international letters rogatory or Hague Convention requests, as well as coordination with foreign counsel. Also, this case involves highly technical subject matter requiring expert analysis, and discovery of electronically stored information may be complex given the international locations of Defendants' systems and data.**

**Plaintiff proposes an eight-month fact discovery period, followed by a ninety-day period for expert disclosures and depositions. For a total of an eleven-month discovery period. The ninety-day period will include production of expert reports or opinions, including rebuttal reports or opinions, expert depositions, and written discovery directly related to expert information. The Parties will meet and confer to determine a detailed schedule for expert discovery.**

**Defendant Del Gaudio agrees with the above statement from Plaintiff.**

**<u>Defendant Paradigm Shift Technology, S.L.'s Response</u>:**

**Defendant Paradigm Shift Technologies, S.L. contests that it is subject to personal jurisdiction in this Court. *See* Paradigm Shift Technology, S.L.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a**

**Claim Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) at Dkt. 18. As a result, Paradigm Shift contends that no discovery is proper and objects to any discovery against it. Under LR 26.2(A) NDGa, discovery has not commenced. Paradigm Shift reserves the right to supplement its position after the Court's ruling on the pending Motions to Dismiss.**

11. **Discovery Limitations and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties consent to service by electronic means with respect to discovery requests and responses, in which event such service is complete upon transmission. Plaintiff suggests no additional limitations at this time.**

(b) Is any party seeking discovery of electronically stored information?

__X__ Yes ____ No

If "yes,"

(1) The parties have discussed the sources and scope of production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, or key witnesses) as follows:

**The Parties will meet and confer on an ESI Protocol that will govern the scope, limitations, and format of their document productions, and, if necessary,**

**will jointly submit a stipulated agreement for the Court to consider for entry as an Order, such submission containing the Parties' positions on any issue on which they cannot agree. The Parties will also meet and confer on a Protective Order that will govern the protection of confidential, trade secret, proprietary, or private information, pursuant to federal and/or state law, contained in the parties' discovery responses to each other, as well as that of non-parties, and will jointly submit a stipulated agreement for the Court to consider for entry as an Order, such submission containing the Parties' positions on any issue on which they cannot agree.**

**Given the highly sensitive nature of the trade secret information at issue—including zero-day access capabilities relied upon by law enforcement and intelligence agencies—Plaintiff anticipates that a Protective Order with a "Highly Confidential—Attorneys' Eyes Only" designation tier will be necessary, and potentially an additional tier for "Highly Confidential—Source Code / Technical Implementation" materials.**

(2) The Parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native, method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The Parties will meet and confer on an ESI Protocol that will govern the format of their document productions, and, if necessary, will jointly submit a**

**stipulated agreement for the Court to consider for entry as an Order, such submission containing the Parties' positions on any issue on which they cannot agree. The Parties consent to the service of anything required to be served, including electronically stored information, via electronic means to their email address of record pursuant to Fed. R. Civ. P. 5(b)(2)(E). Any electronically stored information which cannot be sent via email should be on disk or an agreed-upon secure internet method.**

**The Parties agree to accept service of written discovery and other case documents via email.**

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The Parties anticipate the need for a Protective Order to govern the production of confidential, trade secret, and highly sensitive documents and information. Given the nature of the trade secrets at issue—zero-day access capabilities used by law enforcement and intelligence agencies—Plaintiff submits that the Protective Order should include provisions for in camera review and may require restrictions beyond a standard protective order, including limitations on the storage and handling of materials designated as containing technical implementation details of access capabilities.**

**Plaintiff also anticipates that the Parties may need to address issues related to international discovery, including discovery directed to non-parties located outside the United States.**

**13. Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

____Yes            __X__No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

**14. Settlement Potential:**

(a) Lead Counsel for the parties certify by their signatures below that they conducted a telephonic Rule 26(f) conference that was held on September 1, 2026 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff**: Lead counsel (signature): ***/s/ Moses M. Tincher***
**Moses M. Tincher**

**For Defendant Del Gaudio**: Lead counsel (signature): ***/s/ Sid V. Pandit***

Sid V. Pandit

Other participants: Thomas J. Gohn

**For Defendant Paradigm Shift**: Lead counsel (signature): ***/s/ Shattuck Ely***

Shattuck (Tucker) Ely

Other participants:

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

[___] A possibility of settlement before discovery.
[_x_] A possibility of settlement after discovery.
[___] A possibility of settlement, but a conference with the judge is needed.
[___] No possibility of settlement.

(c) Counsel [_x__] do or [___] do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case:

**None at this time.**

**15. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties [____] do consent to having this case tried before a magistrate judge of this Court.

(b) The parties [_X_] do not consent to having this case tried before a magistrate judge of this Court.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MAGNET FORENSICS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>MARIO DEL GAUDIO and PARADIGM SHIFT TECHNOLOGY, S.L.,<br><br>*Defendants.* | Case No. 1:26-cv-03781-VMC |

**<u>SCHEDULING ORDER</u>**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

______________________________________________________________________

______________________________________________________________________

IT IS SO ORDERED, this ________ day of ____________, 2026.

____________________________________
THE HONORABLE VICTORIA MARIE CALVERT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MAGNET FORENSICS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>MARIO DEL GAUDIO and PARADIGM SHIFT TECHNOLOGY, S.L.,<br><br>*Defendants.* | Case No. 1:26-cv-03781-VMC |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, I electronically filed the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Moses M. Tincher*
Moses M. Tincher
Georgia Bar No. 578906
*Attorney for Plaintiff*